# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

————————————

№ 08 Civ. 9985 (RJS)

————————————

GAUTAM PATEL, *et al.*, on behalf of themselves individually and all others similarly situated,

Plaintiffs,

VERSUS

BALUCHI'S INDIAN RESTAURANT, *et al.*,

Defendants.

————————————

MEMORANDUM AND ORDER
July 30, 2009

————————————

RICHARD J. SULLIVAN, District Judge:

In this putative class action, eighteen individual Plaintiffs bring claims under federal and state law, on behalf of themselves individually and all others similarly situated. Plaintiffs allege that Defendants, *inter alia*, failed to pay the federal and state mandated minimum wage, unlawfully appropriated a portion of Plaintiffs' tips, took unlawful deductions from Plaintiffs' wages, and failed to pay the proper amount of overtime, in violation of the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law, § 190 *et seq.* and § 650 *et seq.*  Plaintiffs also bring additional claims under New York law for breach of contract and unjust enrichment.

Before the Court are two motions. Defendants have moved pursuant to Rules 12(b)(1) and 12(c) of the Federal Rules of Civil Procedure for partial dismissal due to

lack of subject matter jurisdiction and partial judgment on the pleadings. Plaintiffs have moved pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to amend their First Amended Complaint (the "AC"). For the reasons that follow, Defendants' motion is granted in part and denied in part, and Plaintiffs' motion is granted.

## I. BACKGROUND

### A. Facts

Plaintiffs are eighteen current and former employees of Defendant Baluchi's Indian Restaurant ("Baluchi's"), which at all relevant times has been owned and operated by Defendant Rakesh Aggarwal ("Aggarwal"). (AC ¶ 1.) Baluchi's is a restaurant with multiple locations throughout New York City. (*Id.* ¶ 28.)[1] Plaintiffs allege that "[e]ach Baluchi's restaurant is operated in the same, uniform manner." (*Id.*) The other Defendants named in the AC — Kraj Foods, Inc., Paramount Foods, Inc., and Gateway Foods, Inc. — are all allegedly "private compan[ies] owned by Defendant Aggarwal and [are] engaged in the restaurant business." (*Id.* ¶¶ 29-31.)[2]

Each individually named Plaintiff has worked at one or more of the Baluchi's restaurant locations in New York City over various periods of time since 2002. (*Id.* ¶¶ 1, 35.) The AC divides Plaintiffs into two groups: the "Front of the House Plaintiffs," who traditionally receive tips, and work as waiters and delivery persons, and the "Back of the House Plaintiffs," who traditionally do not receive tips, and work as cooks and dishwashers. (*Id.* ¶¶ 26-27.)[3] Plaintiffs bring federal and state claims on behalf of all Plaintiffs, or in some cases, certain subsets of Plaintiffs, alleging, *inter alia*, that Defendants "have failed to pay Plaintiffs overtime, unlawfully appropriated a portion of Plaintiffs' tips, taken unlawful deductions from Plaintiffs' wages and failed to pay certain Plaintiffs the minimum wage." (*Id.* ¶ 2; *see also id.* ¶¶ 39-41, 45.) Plaintiffs also bring an individual claim for breach of contract on behalf of Plaintiff Gautam Patel ("Patel"). (*Id.* ¶¶ 108-13.)

### B. Procedural History

Plaintiffs commenced this action by filing their initial complaint on November 18, 2008. (Doc. No. 1.) Plaintiffs thereafter filed the AC on December 23, 2008. (Doc. No. 24.) Defendants filed their answer on January 23, 2009 (Doc. No. 32), and filed their amended answer on April 16, 2009 (Doc. No. 49). On April 27, 2009, the Court issued a Case Management Plan and Scheduling Order, which required that all discovery be concluded by November 30, 2009. (Doc. No. 51.) On April 28, 2009, the Court granted Plaintiffs leave to circulate a Notice of Pendency and Consent to Join the collective

---

[1] Specifically, Plaintiffs allege that the Baluchi's website lists twelve individual New York City locations. (AC ¶ 28.)

[2] Plaintiffs also name Defendants "DOES 1 through 10," which are allegedly "other private corporate entities . . . which are unknown at this time." (AC ¶ 32.)

[3] The Front of the House Plaintiffs consist of individually named Plaintiffs Gautam Patel, Conrad Dsouza, Victor Monteiro, Simon Maldonado, and Neville Pereira, and the Back of the House Plaintiffs consist of individually named Plaintiffs Jalal Bhuiyan, Mohammed Farid Uddin, Faysal Abedin, Abdul Ali, Javier Soberan Perez, Mohammed Taher, Rajinder Singh, Harjinder Singh, Jesus Maldonado, Santiago Reyes, Anwar Hussan Malik, Mohammed Jahangir Alam, and Alfredo Maldonado. (*See* AC ¶¶ 8-27.)

action pursuant to the FLSA, 29 U.S.C. § 216 (b). (Doc. No. 52.)

In a stipulation endorsed by this Court on May 15, 2009, Plaintiffs voluntarily dismissed the eleventh, twelfth, and thirteenth causes of action in the AC. (Doc. No. 56.)[4] Plaintiffs thereafter filed their motion to amend the AC on May 19, 2009, along with a memorandum of law in support of this motion ("Pls.' SAC Mem.") and a proposed Second Amended Complaint (the "SAC"). (Doc. Nos. 57, 58.) The SAC is identical to the AC in all material respects, except that it does not include the three voluntarily dismissed claims, and adds one claim for retaliation under the New York Labor Law, § 215.1. (Doc. No. 58.) Defendants filed their opposition to Plaintiffs' motion on June 4, 2009 ("Defs.' SAC Opp'n"), and Plaintiffs filed their reply on June 9, 2009 ("Pls.' SAC Reply"). (Doc Nos. 63, 65.)

Defendants filed their motion for partial judgment on the pleadings and for partial dismissal due to lack of subject matter jurisdiction on May 28, 2009 ("Defs.' Dismissal Mem."). (Doc. No. 59.) Plaintiffs filed their opposition on June 9, 2009 ("Pls.' Dismissal Opp'n"), and Defendants filed their reply on June 18, 2009 ("Defs.' Dismissal Reply"). (Doc. Nos. 64, 66.)

---

[4] The three voluntarily dismissed claims consist of (1) a claim for retaliation under the FLSA, 29 U.S.C. § 215 (a)(3); (2) a claim for a violation of the New York State Human Rights Law, N.Y. Exec. L. § 290 *et seq.*; and (3) a claim for a violation of the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.* (Doc. No. 56.)

## II. LEGAL STANDARDS

### A. Subject Matter Jurisdiction

On a motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure, Plaintiffs bear the burden of showing that subject matter jurisdiction exists. *See Robinson v. Overseas Military Sales Corp.*, 21 F.3d 502, 507 (2d Cir. 1994). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

### B. Judgment on the Pleadings

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is analyzed under the same standard applicable to a motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See In re Ades & Berg Group Investors*, 550 F.3d 240, 243 n.4 (2d Cir. 2008). Accordingly, judgment on the pleadings is appropriate only where, after drawing all reasonable inferences in favor of the non-moving party, it is apparent from the pleadings that no material issues of fact need to be resolved and that the moving party is entitled to judgment as a matter of law. *See Price v. N.Y. State Bd. of Elections*, 540 F.3d 101, 107 (2d Cir. 2008).

On a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must draw all reasonable inferences in Plaintiffs' favor. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007); *Grandon v. Merrill Lynch & Co.*, 147 F.3d 184, 188 (2d Cir.

1998). Nonetheless, "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). Therefore, this standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949.

Ultimately, Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. On the other hand, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Applying this standard, if Plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570.

C. Motion to Amend

Rule 15(a) of the Federal Rules of Civil Procedure permits a party to amend its pleadings by leave of the court, and further directs that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P.15(a). "In the absence of any apparent or declared reason — such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. — the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *accord McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-02 (2d Cir. 2007). "An amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to [Rule] 12(b)(6)." *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002) (citing *Dougherty v. N. Hempstead Bd. of Zoning Appeals*, 282 F.3d 83, 88 (2d Cir. 2002)); *see also Chill v. Gen. Elec. Co.*, 101 F.3d 263, 272 (2d Cir. 1996) (noting that "futility is a 'good reason' to deny leave to amend"); *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991) ("When the plaintiff has submitted a proposed amended complaint, the district judge may review that pleading for adequacy and need not allow its filing if it does not state a claim upon which relief can be granted.").

III. DISCUSSION

Defendants move pursuant to Rules 12(c) and 12(b)(1) of the Federal Rules of Civil Procedure for partial judgment on the pleadings and partial dismissal due to lack of subject matter jurisdiction. Plaintiffs move pursuant to Rule 15(a) of the Federal Rules of Civil Procedure for leave to amend the AC. For the reasons stated below, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied, Defendants' motion for judgment on the pleadings is denied in part and granted in part, and Plaintiffs' motion to amend is granted.

4

### A. Defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction

Defendants move pursuant to Rule 12(b)(1) to dismiss Plaintiffs' breach of contract claim and Plaintiffs' various state statutory claims.[5]  Specifically, Defendants argue that this Court should not exercise its supplemental jurisdiction to hear these claims, positing that Plaintiffs' state law claims are not sufficiently related to Plaintiffs' FLSA claims.  For the reasons stated below, Defendants' motion to dismiss pursuant to Rule 12(b)(1) is denied.

### 1. Applicable Law

Under 28 U.S.C. § 1367(a), federal courts possess supplemental jurisdiction to hear state law claims only if they are so related to federal claims that they "form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a); *see also, e.g.*, *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 308 (2d Cir. 2004).[6]  The Second Circuit has held that "disputes are part of the 'same case or controversy' within § 1367 when they 'derive from a common nucleus of operative fact.'"  *Achtman v. Kirby, McInerney & Squire, LLP*, 464 F.3d 328, 335 (2d Cir. 2006) (quoting

*Promisel v. First Am. Artificial Flowers Inc.*, 943 F.2d 251, 254 (2d Cir. 1991)).

"Satisfying the constitutional 'case' standard of subsection 1367(a), however, does not end [a district court's] inquiry.  A trial court must consider whether any of the four grounds set out in subsection 1367(c) are present to an extent that would warrant the exercise of discretion to decline assertion of supplemental jurisdiction."  *Jones v. Ford Motor Credit Co.*, 358 F.3d 205, 214 (2d Cir. 2004) (alterations omitted).  Subsection 1367(c) states that "district courts may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367(a)] if":

(1) the claim raises a novel or complex issue of State law,

(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,

(3) the district court has dismissed all claims over which it has original jurisdiction, or

(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).  "[W]here at least one of the subsection 1367(c) factors is applicable, a district court should not decline to exercise supplemental jurisdiction unless it also determines that doing so would not promote the values articulated in [*United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966)]: economy, convenience, fairness, and comity."  *Jones*, 358 F.3d at 214.

---

[5]  The Court will discuss Defendants' motion to dismiss Plaintiffs' common-law unjust enrichment claim *infra*, Part III.B.2.  Insofar as Defendants argue that this claim should also be dismissed for lack of subject matter jurisdiction, the Court finds no merit in this argument.

[6]  28 U.S.C. § 1367 provides that, "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."

### 2.  State Statutory Claims

Defendants first argue that the Court should decline to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(c)(2) over Plaintiffs' various state statutory claims. (*See* Defs.' Dismissal Mem. at 15-17.)

As noted, subsection 1367(c)(2) provides that a district court "*may* decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the claim substantially predominates over the claim or claims over which the district court has original jurisdiction."  28 U.S.C. § 1367(c)(2) (emphasis added); *see also Briarpatch*, 373 F.3d at 308 ("[The] decision [to exercise supplemental jurisdiction] is left to the exercise of the district court's discretion"); *Kirschner v. Klemons*, 225 F.3d 227, 239 (2d Cir. 2000) ("It lies within the district court's discretion whether to exercise pendent jurisdiction . . . .").  State claims predominate over federal claims if, after "'looking to the nature of the claims as set forth in the pleading[,] . . . the state law claims are more complex or require more judicial resources to adjudicate or are more salient in the case as a whole than the federal law claims.'"  *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab.*, 613 F. Supp. 2d 437, 442-43 (S.D.N.Y. 2009) (quoting *Diven v. Amalgamated Transit Union Int'l & Local 689*, 38 F.3d 598, 602 (D.C. Cir. 1994)).  In other words, a state claim substantially predominates if the "'state claim constitutes the real body of a case, to which the federal claim is only an appendage' and 'litigation of all claims in the district court can accurately be described as allowing a federal tail to wag what is in substance a state dog.'"  *Id.* at 443 (quoting *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3rd Cir. 2003)).

Here, Plaintiffs' state statutory claims consist of claims for minimum wage violations, overtime violations, deprivations of tips, failure to pay wages, "spread of hours" violations, and "unlawful deductions." (AC ¶¶ 62-86.)  Plaintiffs' corresponding FLSA claims consist of claims for minimum wage violations, overtime violations, and a deprivations of tips.  (*Id.* ¶¶ 49-61.)  To evaluate Plaintiffs' state and federal claims, the Court will need to ascertain (1) the numbers of hours that the various Plaintiffs worked, (2) the amount of money that Defendants were obligated to pay these Plaintiffs, (3) the amount of money that Defendants actually paid Plaintiffs, and (4) the percentage of Plaintiffs' tips that Defendants claimed.  Undoubtedly, some of the state law claims may require additional discovery beyond that which would be required if Plaintiffs had brought only federal claims.  However, based on Plaintiffs' allegations alone, the Court cannot conclude that Plaintiffs' various state statutory claims "substantially predominate" over Plaintiffs' federal claims.  The Court further finds that the *Gibbs* factors of economy, convenience, fairness, and comity dictate that this Court hear Plaintiffs' federal and state statutory claims in one action, rather than forcing Plaintiffs to bring parallel claims in federal and state courts.

Defendants also argue that Plaintiffs' state law claims  "*could* expand considerably if an opt-out class action was allowed for all former and current employees of Defendants over a potentially six-year period."  (Defs.' Dismissal Mem. at 15 (emphasis added).)  Plaintiffs' state claims, however, are not yet certified as class action claims.  The Court will not consider Defendants' argument on this issue until Plaintiffs' class action status is determined.  *See Jones*, 358 F.3d at 215

("Whether [the defendant's] counterclaims 'predominate' over the [p]laintiffs' claims and whether there are 'exceptional circumstances' for declining jurisdiction cannot properly be determined until a decision has been made on the [p]laintiffs' motion for class certification.").

Accordingly, Defendants' motion to dismiss Plaintiffs' state statutory claims pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is denied.

### 3.   Breach of Contract

Defendants argue that Plaintiffs' breach of contract claim brought on behalf of Plaintiff Patel individually should be dismissed because it falls outside the Court's proper exercise of supplement jurisdiction pursuant to 28 U.S.C. § 1367(a). Defendants also argue the Court should not exercise its supplemental jurisdiction under 28 U.S.C. § 1367(c)(2).

In regard to Defendants' first argument, as noted, "[f]ederal and state claims form 'one case or controversy,' and thus satisfy section 1367(a), if they "derive from a common nucleus of operative facts or when both claims would normally be expected to be tried in a single judicial proceeding." *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab.*, 613 F. Supp. 2d at 440-41 (quoting *Achtman*, 464 F.3d at 335). Supplemental jurisdiction has thus been exercised "'where the facts underlying the federal and state claims substantially overlap or where presentation of the federal claim necessarily brings the facts underlying the state claim before the court.'" *McConnell v. Costigan*, No. 00 Civ. 4598 (SAS), 2000 WL 1716273, at *4 (S.D.N.Y. Nov. 16, 2000) (alterations omitted) (quoting *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 704 (2d Cir. 2000)). "Conversely, supplemental jurisdiction is lacking where the federal and state claims rest on essentially unrelated facts." *Id.*

The Court finds that under this standard, supplemental jurisdiction under 28 U.S.C. § 1367(a) exists. Plaintiffs allege, *inter alia* that, "[i]n 2004, Defendant Aggarwal provided Plaintiff Patel with a letter of employment promising him a managerial position at Baluchi's with a salary of $44,000, based on a 40 hour work week, 52 weeks per year." (AC ¶ 110.) Plaintiffs further allege that, in breach of this contract, Plaintiff Patel worked seventy-two hours per week at a "flat rate of $450 per week until 2006, and a flat rate of $600 per week from 2006 to 2008," and that "in reality, Plaintiff Patel had no managerial authority." (*Id.* ¶¶ 111-12.) Accordingly, in order to evaluate Patel's FLSA claims, the parties will necessarily partake in discovery determining Patel's job title, hours, and wages. This evidence is similarly at the heart of Patel's breach of contract claim, which alleges that Patel worked more hours for less money than provided for by the terms of his contract with Defendants. In short, Plaintiffs' federal claims "necessarily bring[] the facts underlying the state claim before the court." *McConnell*, 2000 WL 1716273, at *4 (quoting *Lyndonville Sav. Bank & Trust Co.*, 211 F.3d at 704); *cf. Rivera v. Ndola Pharm. Corp.*, 497 F. Supp. 2d 381, 393 (E.D.N.Y. 2007) ("Typically, supplemental jurisdiction is appropriate for claims during the employment relationship because those claims arise from the same underlying factual basis.").

For essentially the same reasons, the Court will exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(2). Given

Plaintiffs' allegations, Patel's individual breach of contract claim clearly does not "substantially predominate" over Plaintiffs' federal claims. Defendants' motion to dismiss Plaintiffs' breach of contract claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure is therefore denied in its entirety.

### B.  Defendants' Motion for Judgment on the Pleadings

Defendants also move pursuant to Rule 12(c) for judgment on the pleadings with respect to Plaintiff Patel's breach of contract claim, as well as Plaintiffs' unjust enrichment claims and state statutory claims. The Court will discuss Defendants' motion as it pertains to each of these claims in turn.

### 1.  Breach of Contract Claim

Defendants move to dismiss Plaintiff Patel's breach of contract claim for failure to state a claim upon which relief may be granted. The Court, after considering Defendants' various arguments on this point, finds them to be without merit except for one. Specifically, the Court agrees with Defendants that Plaintiffs have failed to allege adequately a condition precedent to the performance of the contract that allegedly existed between Plaintiff Patel and Defendants.

There are four elements to a claim for breach of contract under New York law: (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) damages. *See Nat'l Util. Serv., Inc. v. Tiffany & Co.*, No. 07 Civ. 3345 (RJS), 2009 WL 755292, at *6 (S.D.N.Y. Mar. 20, 2009). A condition precedent is "an act or event, other than a lapse of time, which, unless . . . excused, must occur before a duty to perform a promise in the agreement arises." *Oppenheimer & Co. v. Oppenheim, Appel, Dixon & Co.*, 86 N.Y.2d 685, 690 (N.Y. 1995). "Most conditions precedent describe acts or events which must occur before a party is obliged to perform a promise made pursuant to an existing contract." *Id.*; *see also Gucci Am., Inc. v. Gucci*, No. 07 Civ. 6820 (RMB) (JCF), 2009 WL 440463, at *4 (S.D.N.Y. Feb. 20, 2009) ("'[W]here the parties to a proposed contract have agreed that the contract is not to be effective or binding until certain conditions are performed or occur, no binding contract will arise until the conditions specified have occurred or been performed.'" (quoting 13 *Williston on Contracts* § 38:7 (4th ed.))).

In this case, Plaintiffs have alleged the existence of an oral contract, the terms of which were subsequently memorialized in two so-called "letter[s] of employment." (AC ¶ 110.) Plaintiffs have attached copies of these letters to the AC, one of which was written on the letterhead of "Gateway Foods, Inc. d/b/a Baluchi's," and the other of which was written on the letterhead of "Baluchi's Indian Food." (*See id.* Ex. A.) The letters are signed by Defendant Aggarwal and are addressed to a non-party to this action, the "Immigration and Naturalization Service." (*See* AC ¶ 110; *id.* Ex. A.) The letters provide that, "[w]*hen granted lawful permanent resident status*, Mr. Patel will be employed as a Restaurant Manager," and later states that "Mr. Patel will work forty (40) hours per week for fifty-two weeks in a year. He will receive a salary of $44,000 per year." (*Id.* Ex. A (emphasis added).) As noted above, Plaintiffs' breach of contract claim is premised on allegations that Defendants "failed to pay Plaintiff Patel the promised

salary," and that, "in reality, Plaintiff Patel had no managerial authority." (AC ¶¶ 111-12.)

Although Plaintiffs have adequately pleaded a claim for breach of contract, the Court finds that Plaintiffs have failed to allege the satisfaction of the stated condition precedent that "must occur before [Defendants'] duty to perform . . . arises." *Oppenheimer & Co.*, 86 N.Y.2d at 690. "Under [Rule 9(c) of the Federal Rules of Civil Procedure], a plaintiff is required to 'allege generally that all conditions precedent have occurred or been performed.'" *Baraliu v. Vinya Capital, L.P.*, No. 07 Civ. 4626 (MHD), 2009 WL 959578, at *5 (S.D.N.Y. Mar. 31, 2009) (quoting Fed. R. Civ. P. 9(c)). Specifically, Plaintiffs here have failed to allege that Patel was ever "granted lawful permanent resident status" or even to allege generally that "all conditions precedent have been satisfied." Fed. R. Civ. P. 9(c); *cf. CVC Claims Litig. LLC v. Citicorp Venture Capital Ltd.*, No. 03 Civ. 7936 (DAB), 2006 WL 1379596, at *4 (S.D.N.Y. May 18, 2006) ("In its Complaint, [the p]laintiff has failed to allege, even generally, that the conditions precedent were performed or had occurred."); *Udell v. Berkshire Life Ins. Co. of Am.*, No. 03 Civ. 2721 (SJF), 2005 WL 1243497, at *5 (E.D.N.Y. May 25, 2005) (finding that "although a general averment of performance of a condition precedent is sufficient to withstand a motion to dismiss, plaintiff does not even generally allege performance of his . . . obligations under the [contract]," and dismissing the plaintiff's breach of contract claim for failure to state a claim (internal citation omitted)); *Internet Law Library, Inc. v. Southridge Capital Mgmt., LLC*, 223 F. Supp. 2d 474, 490 (S.D.N.Y. 2002) ("Rule 9(c) . . . requires no more than a general statement by a plaintiff that all conditions

precedent have been satisfied to successfully make out a claim."). Accordingly, the Court dismisses Plaintiffs' breach of contract claim brought on behalf of Patel. However, given the potentially technical nature of this deficiency, Plaintiffs are granted leave to amend the AC and plead a proper claim for breach of contract on behalf of Plaintiff Patel.

## 2. Unjust Enrichment

Under New York law, a claim for unjust enrichment requires that: (1) Defendants were enriched; (2) the enrichment was at the Plaintiffs' expense; and (3) Defendants' retention of the benefit would be unjust. *See Brody v. Brody*, No. 07 Civ. 7981 (RJS), 2009 WL 436404, at *5 (S.D.N.Y. Feb. 17, 2009) (citing *Gidatex, S.r.L. v. Campaniello Imps., Ltd.*, 49 F. Supp. 2d 298, 301 (S.D.N.Y. 1999)). Defendants argue that Plaintiffs' claim for unjust enrichment "fails to state a claim upon which relief may be granted because it is preempted by the" FLSA. (Defs.' Dismissal Mem. at 10.)

The Court disagrees. Defendants concede that there is no Second Circuit authority holding that the FLSA preempts state common law claims in general, or unjust enrichment claims in particular. (*See id.*) Defendants instead cite one district court decision from within this Circuit, which held that "such claims are preempted where they are essentially duplicative of FLSA claims." *Lopez v. Flight Servs. & Sys., Inc.*, No. 07 Civ. 6186 (CJS), 2008 WL 203028, at *5 (W.D.N.Y. Jan. 23, 2008). Assuming, *arguendo*, that the Court finds this authority persuasive, Plaintiffs' common law claim for unjust enrichment is not "duplicative" of their FLSA claims. Plaintiffs' FLSA claim is brought on behalf of the "Front of the House Plaintiffs," and seeks to recover for unlawful

deprivation of tips. (*See* AC ¶ 60 ("Defendants demanded and received from the Front of the House Plaintiffs fifteen percent of all credit card tips received by them in violation of [the FLSA], which provides that all tips be provided to employees with positions that 'customarily and regularly' receive tips.").) By contrast, Plaintiffs' unjust enrichment claim is brought on behalf of both the "Front of the House Plaintiffs," who customarily received tips, and the "Back of the House Plaintiffs," who did not, and alleges that Defendants unlawfully enriched themselves at Plaintiffs' expense by forcing Plaintiffs to shoulder Defendants' tax burden. (*See id.* ¶¶ 88-89 (alleging that Defendants "requir[ed] [Plaintiffs] to pay taxes on tip income not received," and that by "so doing, . . . also falsely reduced and offset Defendants' own tax burden.").) These claims are clearly not "duplicative" of one another, and accordingly, the Court finds that preemption is not appropriate. Given that "[a]t the pleading stage . . . parties are entitled to plead [unjust enrichment claims and FLSA claims] to vindicate the same right unless the federal law preempts the state claim," *Davis v. Lenox Hill Hosp.*, No. 03 Civ. 3746 (DLC), 2004 WL 1926087, at *7 (S.D.N.Y. Aug. 31, 2004), the Court denies Defendants' motion for judgment on the pleadings as to Plaintiffs' unjust enrichment claim.

### 3. State Statutory Claims

Defendants next move to dismiss all of Plaintiffs' state statutory claims. The Court finds that Defendants' arguments here largely suffer from an identical defect. Namely, insofar as they have any merit, these arguments are more properly made in opposition to Plaintiffs' motion to certify the proposed class pursuant to Rule 23 of the Federal Rules of Civil Procedure, if Plaintiffs ever file such a motion, and not as a motion for judgment on the pleadings as to a complaint brought by an uncertified class.

For example, Defendants first argue that "Plaintiffs' state law class action claims are barred in their entirety by § 901(b) of the New York Civil Practice Law and Rules ("CPLR") because they seek liquidated damages . . . in violation of the well-established principle that such a penalty bars class action claims as a matter of law." (Defs.' Dismissal Mem. at 12.) The Court finds that it is unnecessary to address this argument prior to certification of Plaintiffs as a class. Further, dismissal on this ground is inappropriate. Assuming that Plaintiffs' proposed class is subsequently certified, Plaintiffs will have the opportunity to waive any claim to liquidated damages and collect only class action relief, provided that the class members are able to opt-out of the class to pursue their own individual claims for liquidated damages. *See Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373-74 (S.D.N.Y. 2007) (finding that New York law "allows [the] plaintiffs to waive their liquidated damages claim . . . as long as putative class members are given the opportunity to opt out of the class in order to pursue their own liquidated damages claims" (internal quotations omitted)); *Brzychnalski v. Unesco, Inc.*, 35 F. Supp. 2d 351, 353 (S.D.N.Y. 1999) ("[E]ven if [the] plaintiffs cannot seek liquidated damages on a class basis, they may waive that right and still proceed on a class basis with respect to their remaining claims, as long as prospective class members have the right to opt-out of the class action to preserve their claims for liquidated damages."); *see also De la Cruz v. Gill Corn Farms, Inc.*, No. 03 Civ. 1133 (TJM), 2005 WL 5419056, at *2 (N.D.N.Y. Jan. 25, 2005) (finding that, prior to claiming class action relief under the New York Labor Law, "the

named [p]laintiffs will have to agree to waive any claim for liquidated damages as a condition precedent to achieving class status"). In short, there is simply no need at this stage of the proceedings for the Court to speculate as to whether Plaintiffs will move to be certified under Rule 23, whether such a motion will be granted, and whether, if such a motion is granted, Plaintiffs will waive their claims for liquidated damages.

Second, Defendants argue that the FLSA's "opt-in" requirement is "incompatible" with Rule 23's "opt-out" requirement. (*See* Defs.' Dismissal Mem. at 13-15.) The term "opt-in" requirement stems from the fact that, under the FLSA, "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). Conversely, under Rule 23 of the Federal Rules of Civil Procedures, potential Plaintiffs are automatically included in a certified class unless they "opt-out" of the class action. Defendants argue that this disparity violates the legislative intent of the FLSA because "[t]his attempted use of the 'opt-out' class action vehicle to override the express choice made not to return the 'opt-in' notice contravenes the federal policy of ensuring that absent individuals do not have their FLSA rights litigated without their knowledge and consent." (Defs.' Dismissal Mem. at 14.) As with Defendants' previous argument, this argument is also prematurely made: since Plaintiffs have not moved to be certified as a class, no "incompatibility" yet exists. In any event, "courts in the Second Circuit routinely certify class action in FLSA matters so that New York State and federal wage and hour claims are considered together." *Duchene v. Michael L. Cetta, Inc.*, 244 F.R.D. 202, 204

(S.D.N.Y. 2007) (citing cases). Furthermore, "there is no legal doctrine that permits the Court to dismiss a cause of action solely on the grounds that it is 'inherently incompatible' with another action before it . . . . In fact, there is a reasoned line of authority in this circuit supporting the conclusion that separate FLSA and state law classes can be simultaneously certified." *Krichman v. J.P. Morgan Chase & Co.*, No. 06 Civ. 15305 (GBD), 2008 WL 5148769, at *3 (S.D.N.Y. Dec. 8, 2008) (internal quotation marks and alterations omitted). This argument is thus both prematurely made, and, under the relevant case law, substantively defective.

Third, Defendants argue that "Plaintiffs' opt-out class allegations also fail to satisfy Fed. R. Civ. P. 23 on the face of the Complaint." (Defs.' Dismissal Mem. at 17.) The Court will address Defendants' arguments opposing Plaintiffs' class allegations at the proper time — that is, if and when Plaintiffs actually move to be certified as a class pursuant to Rule 23.

Accordingly, for all of the reasons just stated, Defendants' motion for judgment on the pleadings as to Plaintiffs' various state statutory claims is denied.

## C. Plaintiffs' Motion to Amend

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, Plaintiffs seek leave to amend the AC by adding a claim for retaliation under New York Labor Law § 215.1, on behalf of Plaintiff Taher and all others similarly situated. (*See* Pls.' SAC Mem. at 2-3.) For the reasons stated below, this motion is granted.

New York Labor Law § 215.1 provides that "[n]o employer . . . shall discharge,

11

penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer . . . that the employer has violated any provision of this chapter . . . ." N.Y. Lab. Law § 215.1. "In order to state a claim under New York Labor Law Section 215, a plaintiff must adequately plead that while employed by the defendant, he or she made a complaint about the employer's violation of New York Labor Law and was terminated or otherwise penalized, discriminated against, or subjected to an adverse employment action as a result." *Ting Yao Lin v. Hayashi Ya II, Inc.*, No. 08 Civ. 6071 (SAS), 2009 WL 289653, at *7 (S.D.N.Y. Jan. 30, 2009) (internal citations omitted). "An informal complaint to an employer that the employer is violating a provision of the Labor Law suffices." *Id.* "Termination, of course, [also] constitutes an 'adverse employment action' under § 215." *Id.*

Defendants oppose Plaintiffs' motion to amend primarily on the ground that Plaintiffs' proposed amendment would be futile.[7] As previously noted, "[a]n amendment to a pleading is futile if the proposed claim could not withstand a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6)." *Lucente*, 310 F.3d at 258. Defendants argue that Plaintiffs' proposed amendment would be futile for four reasons. The Court, in denying in part Defendants' motion for judgment on the pleadings, has already rejected two of these reasons: (1) that Plaintiffs' claim should be dismissed pursuant to § 901(b) of the CPLR because it improperly seeks liquidated damages as part of a class action (*see* Defs.'

SAC Opp'n at 4-5); and (2) that Plaintiff cannot satisfy the elements of Rule 23 of the Federal Rules of Civil Procedure in regard to class certification (*see id.* at 8-10). For the reasons already stated, the Court finds these arguments to be without merit at this stage of the litigation.

Defendants next argue that Plaintiffs' amendment would be futile because the claim for retaliation under § 215.1 falls outside the Court's supplement jurisdiction pursuant to 28 U.S.C. § 1367(a). As noted above, "'[f]ederal and state claims form 'one case or controversy,'' and thus satisfy section 1367(a), if they 'derive from a common nucleus of operative facts or when both claims would normally be expected to be tried in a single judicial proceeding.'" *In re Methyl Tertiary Butyl Ether (MTBE) Prods. Liab.*, 613 F. Supp. 2d at 440-41 (quoting *Achtman*, 464 F.3d at 335). Supplemental jurisdiction has thus been exercised "'where the facts underlying the federal and state claims substantially overlap or where presentation of the federal claim necessarily brings the facts underlying the state claim before the court.'" *McConnell*, 2000 WL 1716273, at *4 (alterations omitted) (quoting *Lussier*, 211 F.3d at 704). "Conversely, supplemental jurisdiction is lacking where the federal and state claims rest on essentially unrelated facts." *Id.* Here, the Court finds that the exercise of supplemental jurisdiction is appropriate. Plaintiffs' federal claims involve, *inter alia*, the alleged failure of Defendants to pay Plaintiffs proper wages. Plaintiff Taher's retaliation claim brought pursuant to § 215.1 involves an allegation that Taher was fired for complaining about, *inter alia*, the alleged failure of Defendants to pay Plaintiffs proper wages. While Plaintiffs' federal claims do not completely overlap with Plaintiffs' claim for retaliation, the Court does

---

[7] Defendants also argue that the proposed amendments would be "unduly prejudicial" and "would not serve the interests of justice." (*See* Defs.' SAC Opp'n at 11-13.) The Court finds no merit in these arguments.

not agree with Defendants that these two claims rest on "essentially unrelated facts." Rather, the Court finds that "'presentation of the federal claim necessarily brings the facts underlying the state claim before the court.'" *McConnell*, 2000 WL 1716273, at *4 (alterations omitted) (quoting *Lussier*, 211 F.3d at 704).

Finally, Defendants posit that Plaintiffs' proposed amendment is facially deficient, arguing that Plaintiff has failed to allege adequately the "causal" element of a retaliation claim. (*See* Defs.' SAC Opp'n at 10-11.) The SAC alleges that Plaintiff Taher "complained to Defendant Aggarwal on behalf of the workers at Baluchi's concerning the substandard and unsafe working conditions, low wages, and lack of benefits." (SAC ¶ 97.) Plaintiffs further allege that, "[s]hortly thereafter, Defendant Aggarwal fired Plaintiff Taher in violation of N.Y. Lab. Law § 215.1." (*Id.*) The Court finds that the allegation that Taher was discharged "shortly thereafter" the complaint was made, although vague, is sufficient at this stage of the proceedings because it states "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *cf. Galimore v. City Univ. of N.Y. Bronx Cmty. Coll.*, No. 04 Civ. 8236 (RJS), 2009 WL 1904543, at *13 (S.D.N.Y. July 2, 2009) ("[I]t is well settled that when 'mere temporal proximity' is offered to demonstrate causation, the protected activity and the adverse action must occur 'very close' together." (internal citations omitted)). There is no requirement that Plaintiffs plead their § 215.1 claim with particularity. Accordingly, the Court finds that Plaintiffs have adequately stated a claim for unlawful retaliation under § 215.1.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss for lack of subject matter jurisdiction is denied, Defendants' motion for judgment on the pleadings is denied in part and granted in part, and Plaintiffs' motion for leave to amend is granted. Specifically, the Court grants Defendants' motion for judgment on the pleadings only as it pertains to Plaintiffs' claim for breach of contract. Plaintiffs shall file the SAC no later than Friday, August 7, 2009. The SAC may include a properly-pleaded claim for breach of contract, as well as the claim for retaliation under § 215.1 of the New York Labor Law. Defendants shall thereafter file their answer to the SAC within the time permitted by the Federal Rules of Civil Procedure.

The Parties are reminded that pursuant to the Case Management Plan and Scheduling Order, signed by this Court on April 27, 2009, all discovery is to be completed no later than November 30, 2009, and a post-discovery status conference is currently scheduled for December 16, 2009 at 9:00 a.m. in Courtroom 21C, United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York. If either Party wishes to make any pre-trial motions, including but not limited to motions for class certification or summary judgment, pre-motion letters are due by December 1, 2009, and responses are due by December 4, 2009. Parties should abide by this Court's Individual Practices, Rule 2.A, regarding the submission of pre-motion letters.

The Clerk of the Court is instructed to terminate the motions located at docket numbers 57 and 59.

SO ORDERED.

RICHARD J. SULLIVAN
United States District Judge

Dated:  July 30, 2009
       New York, New York

* * *

Plaintiffs are represented by Catherine Elizabeth Anderson and Darnley Dickinson Stewart, Giskan Solotaroff & Anderson, LLP, 11 Broadway, Suite 2150, New York, New York 10004.  Defendants are represented by Scott Browning Gilly and Cindy Uh, Thompson Wigdor and Gilly, 85 Fifth Avenue, New York, New York 10003 and by Gregg H. Salka, Proskauer Rose LLP, 1585 Broadway, New York, New York 10036.

14