UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

GAUTAM PATEL, JALAL BHUIYAN,                          :
CONRAD DSOUZA, VICTOR MONTEIRO,                       :
SIMON MALDONADO, MOHAMMED FARID UDDIN,               :
FAYSAL ABEDIN, ABDUL ALI, JAVIER                     :
SOBERAN PEREZ, MOHAMMED TAHER,                       :
RAJINDER SINGH,  HARJINDER SINGH,                    :
JESUS MALDONADO, SANTIAGO REYES,                     :
ANWAR HUSSAN MALIK, MOHAMMED JAHANGIR                :
ALAM, NEVILLE PEREIRA, and ALFREDO                   :
("PABLO JUNIOR") MALDONADO, on behalf               :
of themselves individually and all others similarly situated, :     Civ. Action No.:
                                                     :              08 CIV 9985 (RJS)(THK)
                  Plaintiffs,                        :
          v.                                         :
                                                     :
                                                     :
BALUCHI'S INDIAN RESTAURANT,                         :
KRAJ FOODS, INC., d/b/a/                             :
BALUCHI'S, PARAMOUNT FOODS, INC., d/b/a/             :
BALUCHI'S, GATEWAY FOODS, INC, d/b/a/                :
BALUCHI'S, DOES 1-10, d/b/a/ BALUCHI'S and           :
RAKESH AGGARWAL                                      :
                                                     :
                  Defendants.                        :
-----------------------------------------------------------------------x

## PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES, APPROVING CLASS NOTICE AND SCHEDULING A FAIRNESS HEARING

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the reasons set forth in

Plaintiffs' Memorandum of Law in Support of Preliminary Approval of Settlement and the

Declaration of Catherine E. Anderson dated July 15, 2010, in support thereof, Plaintiffs respectfully

move this Court to enter the proposed Order Preliminarily Approving Settlement, Certifying the

Class for Settlement Purposes, Approving Class Notice, and Scheduling a Fairness Hearing (the

"Preliminary Approval Order"), attached hereto as Exhibit 1.

WHEREFORE, Plaintiff and defendants have entered into a Settlement Agreement, attached

hereto as Exhibit 2.

Plaintiffs respectfully request that the Court preliminarily approve the proposed Settlement and enter an Order in the form attached hereto:

1.      Granting preliminary approval of the Settlement;

2.      Conditionally certifying for settlement purposes the Class defined as "All persons employed by a Baluchi's Indian Restaurant during the period November 18, 2002, through the present in the position of waiter, delivery, dishwasher and/or cook."

3.      Approving the forms of Notice and Claim Form and Release to Class members (attached as Exhibit A to the Settlement Agreement), the General Release of the Subclass members (attached as Exhibit B to the Settlement Agreement), and authorizing dissemination and publication of the Notice;

4.      Appointing Plaintiffs Gautam Patel (former Baluchi's waiter), Jalal Bhuiyan (former Baluchi's cook), Conrad Dsouza (former Baluchi's waiter), Victor Monteiro (current Baluchi's waiter), Simon Maldonado (current Baluchi's delivery), Mohammed Farid Uddin (former Baluchi's cook), Faysal Abedin (former Baluchi's cook), Abdul Ali (former Baluchi's cook), Javier Soberan Perez (current Baluchi's cook), Mohammed Taher (former Baluchi's cook), Rajinder Singh (current Baluchi's cook), Harjinder Singh (former Baluchi's cook), Jesus Maldonado (current Baluchi's dishwasher), and Santiago Reyes (former Baluchi's dishwasher) as Class Representatives, and appointing Plaintiffs' counsel as Class Counsel for the purposes of the Settlement. Class Counsel's resume is attached hereto as Exhibit 3.

5.      Scheduling a date for a hearing to consider final approval of the Settlement.

2

Dated:      July 15, 2010          Respectfully Submitted,
            New York, New York

                                   _____
                                   Catherine E. Anderson (CA 5129)
                                   Darnley D. Stewart (DS 0835)
                                   Giskan Solotaroff Anderson
                                        & Stewart LLP
                                   11 Broadway, Suite 2150
                                   New York, New York 10004
                                   (212) 847-8315

                                   *Counsel for Plaintiffs*

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------x

GAUTAM PATEL, JALAL BHUIYAN,                          :
CONRAD DSOUZA, VICTOR MONTEIRO,                       :
SIMON MALDONADO, MOHAMMED FARID UDDIN,  :
FAYSAL ABEDIN, ABDUL ALI, JAVIER                     :
SOBERAN PEREZ, MOHAMMED TAHER,                        :
RAJINDER SINGH,  HARJINDER SINGH,                    :
JESUS MALDONADO, SANTIAGO REYES,                     :
ANWAR HUSSAN MALIK, MOHAMMED JAHANGIR  :
ALAM, NEVILLE PEREIRA, and ALFREDO                   :
("PABLO JUNIOR") MALDONADO, on behalf                :
of themselves individually and all others similarly situated, :    Civ. Action No.:
                                                     :            08 CIV 9985 (RJS)(THK)
                    Plaintiffs,                      :
            v.                                       :
                                                     :
                                                     :
BALUCHI'S INDIAN RESTAURANT,                          :
KRAJ FOODS, INC., d/b/a/                              :
BALUCHI'S, PARAMOUNT FOODS, INC., d/b/a/             :
BALUCHI'S, GATEWAY FOODS, INC, d/b/a/                :
BALUCHI'S, DOES 1-10, d/b/a/ BALUCHI'S and          :
RAKESH AGGARWAL                                      :
                                                     :
                    Defendants.                      :
------------------------------------------------------------------x

## [PROPOSED] ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPOINTING CLASS COUNSEL, DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING

**SULLIVAN, District Judge:**

WHEREAS, on November 18, 2008, Plaintiffs Gautam Patel, Jalal Bhuiyan, Conrad Dsouza,

Victor Monteiro, Simon Maldonado, Mohammed Farid Uddin, Faysal Abedin, Abdul Ali Javier

Soberan Perez, Mohammed Taher, Rajinder Singh, Harjinder Singh, Jesus Maldonado and Santiago

Reyes filed this putative class action against Defendants Baluchi's Indian Restaurant, Kraj Foods,

Inc., d/b/a Baluchi's, Paramount Foods, Inc., d/b/a Baluchi's, Gateway Foods, Inc, d/b/a Baluchi's,

Does 1-10, d/b/a/ Baluchi's ("Baluchi's") and Rakesh Aggarwal, on behalf of all current and former

waiters, delivery persons, dishwashers and cooks employed by Baluchi's, for violation of the wage and hour provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York state labor laws;

WHEREAS, Defendants vigorously deny any wrongdoing or liability; and

WHEREAS, following lengthy and extensive arm's-length negotiations between counsel for the parties, which involved a neutral third party mediator as well as the supervision and guidance of Magistrate Judge Theodore H. Katz, the Settlement Agreement, dated July 15, 2010, was reached, pursuant to which the parties have agreed upon a settlement of this matter, subject to the approval and determination of the Court as to the fairness, reasonableness and adequacy of the settlement, which, if approved, will result in final certification of the Class for settlement purposes only, and dismissal of the action with prejudice.

NOW THEREFORE, upon reviewing the Settlement Agreement, Plaintiffs' Motion for Preliminary Approval of the Settlement, including the exhibits attached thereto, the Plaintiffs' Memorandum of Law In Support of Preliminary Approval of the Settlement, and the declaration of Catherine E. Anderson dated July 15, 2010, in support thereof, and all prior proceedings held herein, and the mater having come before the Court, based on the foregoing, and the Court's proceedings,

**It is hereby ORDERED, ADJUDGED AND DECREED as follows:**

1.    **Jurisdiction**.  This Court has personal jurisdiction over all members of the proposed Class (defined below) and has subject matter jurisdiction over this action, including jurisdiction to preliminarily approve the proposed settlement and preliminarily certify the Class for settlement purposes only.

2.    **Findings Regarding Proposed Settlement**.  The Court finds that (a) the

proposed Settlement resulted from extensive arm's length negotiations over seen by both a neutral third party mediator and Magistrate Judge Katz, the proposed Settlement and exhibits thereto is sufficient to warrant preliminary certification of the Class for settlement purposes, the mailing and publication of the Notice to the members of the Class, and full hearing on the Settlement.

3.   **Conditional Class Certification For Settlement Purposes.**  For purposes of the settlement of this action, and only for such purposes and without an adjudication on the merits of class certification, the Court hereby certifies the following class for settlement purposes:

> All persons employed by a Baluchi's Indian Restaurant during the period November 18, 2002, through the present in the position of waiter, delivery, dishwasher and/or cook.

This certification is conditional and for the purposes of consideration and implementation of the proposed settlement only.

4.   **Class Representative and Class Counsel.**  Plaintiffs are designated Class Representatives for settlement purposes only.  The law firm of Giskan Solotaroff Anderson & Stewart LLP is designated Class Counsel, as defined below.

5.   **Final Approval Hearing.**  A hearing ("Final Approval Hearing") will be held at _____ o'clock __. m. on _____, 2010, in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, in Courtroom 21C to determine (a) whether this action should be finally certified as a class action for settlement purposes; (b) whether the settlement of the class action should be approved as fair, reasonable and adequate; (c) whether the class action should be dismissed with prejudice under the terms of the Settlement; (d) whether members of the Class should be bound by the Release

3

set forth in the Settlement; and (e) whether the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses should be approved. The parties' submissions in support of the settlement shall be filed with the Court at least five (5) days prior to the Final Approval Hearing. Any member of the Class who does not exclude him or herself from the Settlement may appear and be heard at the Final Approval Hearing.

6. **Notice to the Class.** The Notice to the Class shall be distributed by mail and via publication within _____ days of the entry of this Order. Defendants shall pay for the costs of mailing and publication of the Notice.

7. **Findings Concerning Notice.** The Notice to be given in the form and manner provided in Paragraph 6 of this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the members of the Class (a) of the pendency of this action; (b) of their right to exclude themselves from the proposed Settlement; (c) that any judgment, whether favorable or not, will include all members of the Class who do not request exclusion; and (d) that any member of the Class who does not request exclusion may object to the Settlement and, if he or she desires, enter an appearance either personally or through counsel. The Court notes that the Notice is written in simple English, and will be translated into Spanish and Bengali, and finds such notice to be reasonable, and to constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that it meets the requirements of the United States Constitution, the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of New York.

8. **Exclusion from the Class.** Any member of the Class who wishes to be excluded from the Class must mail a written request, postmarked no later than [_____DATE], to:

4

Catherine E. Anderson, Esq.
Giskan, Solotaroff Anderson & Stewart, LLP
11 Broadway, Suite 2150
New York, NY 10004
*Attorneys for the Class*

The request for exclusion must include the following information: (1) the Class member's name, address and telephone number; (2) a statement that the Class member wishes to be excluded from the Class; (3) the Class member's signature; and (4) the following case name and number: *Patel, et al., v. Baluchi's Indian Restaurant, et al.*, Case No. 08 Civ. 9985 (RJS)(THK). Any member of the Class who does not file a timely written request for exclusion shall not be excluded from the Class and shall be bound by all subsequent proceedings, order and judgments in this action.

9.      **Objections.**  Any member of the Class who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of the proposed Settlement, must file a statement of objection no later than _____, 2010, with Class Counsel and Defendants' Counsel.

The objection must include the Class member's name, address and telephone number, a statement of Class member's objection(s), any supporting evidence thereof, and the case name and number. Any member of the Class who files and serves a written objection may appear the Final Approval Hearing, either in person or through counsel retained at the Class member's expense.

10.      **Claims Administrator.**  A.B. Data, Ltd. is hereby authorized to perform tasks relating to administration of this Settlement, and Defendants will pay for the reasonable claims administration services from the $100,000 Settlement Fund established on behalf of the members

5

of the Class who did not opt-in to the FLSA collective action.

**SO ORDERED.**

_____
RICHARD J. SULLIVAN
United States District Judge

New York, New York

_____, 2010

6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------x
GAUTAM PATEL, JALAL BHUIYAN,                              :
CONRAD DSOUZA, VICTOR MONTEIRO,                           :
SIMON MALDONADO, MOHAMMED FARID UDDIN,  :
FAYSAL ABEDIN, ABDUL ALI, JAVIER                          :
SOBERAN PEREZ, MOHAMMED TAHER,                           :
RAJINDER SINGH,  HARJINDER SINGH,                         :
JESUS MALDONADO, SANTIAGO REYES,                         :
ANWAR HUSSAN MALIK, MOHAMMED JAHANGIR   :
ALAM, NEVILLE PEREIRA, and ALFREDO                       :
("PABLO JUNIOR") MALDONADO, on behalf                    :
of themselves individually and all others similarly situated, :      Civ. Action No.:
                                                          :           08 CIV 9985 (RJS)(THK)
                Plaintiffs,                               :
        v.                                                :
                                                          :
BALUCHI'S INDIAN RESTAURANT,                              :
KRAJ FOODS, INC., d/b/a/                                  :
BALUCHI'S, PARAMOUNT FOODS, INC., d/b/a/                  :
BALUCHI'S, GATEWAY FOODS, INC, d/b/a/                     :
BALUCHI'S, DOES 1-10, d/b/a/ BALUCHI'S and               :
RAKESH AGGARWAL                                           :
                                                          :
                Defendants.                               :
--------------------------------------------------------------------x

## PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF THE CLASS FOR SETTLEMENT PURPOSES, APPROVING CLASS NOTICE AND SCHEDULING A FAIRNESS HEARING

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for the reasons set forth in

Plaintiffs' Memorandum of Law in Support of Preliminary Approval of Settlement and the

Declaration of Catherine E. Anderson dated July 15, 2010, in support thereof, Plaintiffs respectfully

move this Court to enter the proposed Order Preliminarily Approving Settlement, Certifying the

Class for Settlement Purposes, Approving Class Notice, and Scheduling a Fairness Hearing (the

"Preliminary Approval Order"), attached hereto as Exhibit 1.

WHEREFORE, Plaintiff and defendants have entered into a Settlement Agreement, attached

hereto as Exhibit 2.

Plaintiffs respectfully request that the Court preliminarily approve the proposed Settlement and enter an Order in the form attached hereto:

       1.     Granting preliminary approval of the Settlement;

       2.     Conditionally certifying for settlement purposes the Class defined as "All persons employed by a Baluchi's Indian Restaurant during the period November 18, 2002, through the present in the position of waiter, delivery, dishwasher and/or cook."

       3.     Approving the forms of Notice and Claim Form and Release to Class members (attached as Exhibit A to the Settlement Agreement), the General Release of the Subclass members (attached as Exhibit B to the Settlement Agreement), and authorizing dissemination and publication of the Notice;

       4.     Appointing Plaintiffs Gautam Patel (former Baluchi's waiter), Jalal Bhuiyan (former Baluchi's cook), Conrad Dsouza (former Baluchi's waiter), Victor Monteiro (current Baluchi's waiter), Simon Maldonado (current Baluchi's delivery), Mohammed Farid Uddin (former Baluchi's cook), Faysal Abedin (former Baluchi's cook), Abdul Ali (former Baluchi's cook), Javier Soberan Perez (current Baluchi's cook), Mohammed Taher (former Baluchi's cook), Rajinder Singh (current Baluchi's cook), Harjinder Singh (former Baluchi's cook), Jesus Maldonado (current Baluchi's dishwasher), and Santiago Reyes (former Baluchi's dishwasher) as Class Representatives, and appointing Plaintiffs' counsel as Class Counsel for the purposes of the Settlement. Class Counsel's resume is attached hereto as Exhibit 3.

       5.     Scheduling a date for a hearing to consider final approval of the Settlement.

Dated:     July 15, 2010                    Respectfully Submitted,
             New York, New York

                                             Catherine E. Anderson (CA 5129)
                                           Darnley D. Stewart (DS 0835)
                                         Giskan Solotaroff Anderson
                                                & Stewart LLP
                                         11 Broadway, Suite 2150
                                         New York, New York 10004
                                         (212) 847-8315

                                         *Counsel for Plaintiffs*

3

# EXHIBIT 1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x

GAUTAM PATEL, JALAL BHUIYAN,  :
CONRAD DSOUZA, VICTOR MONTEIRO,  :
SIMON MALDONADO, MOHAMMED FARID UDDIN, :
FAYSAL ABEDIN, ABDUL ALI, JAVIER  :
SOBERAN PEREZ, MOHAMMED TAHER,  :
RAJINDER SINGH,  HARJINDER SINGH,  :
JESUS MALDONADO, SANTIAGO REYES,  :
ANWAR HUSSAN MALIK, MOHAMMED JAHANGIR :
ALAM, NEVILLE PEREIRA, and ALFREDO  :
("PABLO JUNIOR") MALDONADO, on behalf  :
of themselves individually and all others similarly situated, :          Civ. Action No.:
                                                            :          08 CIV 9985 (RJS)(THK)
                    Plaintiffs,                             :
            v.                                              :
                                                            :
                                                            :
BALUCHI'S INDIAN RESTAURANT,                                :
KRAJ FOODS, INC., d/b/a/                                     :
BALUCHI'S, PARAMOUNT FOODS, INC., d/b/a/                     :
BALUCHI'S, GATEWAY FOODS, INC, d/b/a/                        :
BALUCHI'S, DOES 1-10, d/b/a/ BALUCHI'S and                  :
RAKESH AGGARWAL                                             :
                                                            :
                    Defendants.                             :

-----------------------------------------------------------------x

### [PROPOSED] ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPOINTING CLASS COUNSEL, DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING

**SULLIVAN, District Judge:**

WHEREAS, on November 18, 2008, Plaintiffs Gautam Patel, Jalal Bhuiyan, Conrad Dsouza,

Victor Monteiro, Simon Maldonado, Mohammed Farid Uddin, Faysal Abedin, Abdul Ali Javier

Soberan Perez, Mohammed Taher, Rajinder Singh, Harjinder Singh, Jesus Maldonado and Santiago

Reyes filed this putative class action against Defendants Baluchi's Indian Restaurant, Kraj Foods,

Inc., d/b/a Baluchi's, Paramount Foods, Inc., d/b/a Baluchi's, Gateway Foods, Inc, d/b/a Baluchi's,

Does 1-10, d/b/a/ Baluchi's ("Baluchi's") and Rakesh Aggarwal, on behalf of all current and former

waiters, delivery persons, dishwashers and cooks employed by Baluchi's, for violation of the wage and hour provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York state labor laws;

WHEREAS, Defendants vigorously deny any wrongdoing or liability; and

WHEREAS, following lengthy and extensive arm's-length negotiations between counsel for the parties, which involved a neutral third party mediator as well as the supervision and guidance of Magistrate Judge Theodore H. Katz, the Settlement Agreement, dated July 15, 2010, was reached, pursuant to which the parties have agreed upon a settlement of this matter, subject to the approval and determination of the Court as to the fairness, reasonableness and adequacy of the settlement, which, if approved, will result in final certification of the Class for settlement purposes only, and dismissal of the action with prejudice.

NOW THEREFORE, upon reviewing the Settlement Agreement, Plaintiffs' Motion for Preliminary Approval of the Settlement, including the exhibits attached thereto, the Plaintiffs' Memorandum of Law In Support of Preliminary Approval of the Settlement, and the declaration of Catherine E. Anderson dated July 15, 2010, in support thereof, and all prior proceedings held herein, and the mater having come before the Court, based on the foregoing, and the Court's proceedings,

**It is hereby ORDERED, ADJUDGED AND DECREED as follows:**

1.     **Jurisdiction.**  This Court has personal jurisdiction over all members of the proposed Class (defined below) and has subject matter jurisdiction over this action, including jurisdiction to preliminarily approve the proposed settlement and preliminarily certify the Class for settlement purposes only.

2.     **Findings Regarding Proposed Settlement.**  The Court finds that (a) the

2

proposed Settlement resulted from extensive arm's length negotiations over seen by both a neutral third party mediator and Magistrate Judge Katz, the proposed Settlement and exhibits thereto is sufficient to warrant preliminary certification of the Class for settlement purposes, the mailing and publication of the Notice to the members of the Class, and full hearing on the Settlement.

3.   **Conditional Class Certification For Settlement Purposes**.  For purposes of the settlement of this action, and only for such purposes and without an adjudication on the merits of class certification, the Court hereby certifies the following class for settlement purposes:

> All persons employed by a Baluchi's Indian Restaurant during the period November 18, 2002, through the present in the position of waiter, delivery, dishwasher and/or cook.

This certification is conditional and for the purposes of consideration and implementation of the proposed settlement only.

4.   **Class Representative and Class Counsel.**  Plaintiffs are designated Class Representatives for settlement purposes only.  The law firm of Giskan Solotaroff Anderson & Stewart LLP is designated Class Counsel, as defined below.

5.   **Final Approval Hearing.**  A hearing ("Final Approval Hearing") will be held at _____ o'clock __. m. on _____, 2010, in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, in Courtroom 21C to determine (a) whether this action should be finally certified as a class action for settlement purposes; (b) whether the settlement of the class action should be approved as fair, reasonable and adequate; (c) whether the class action should be dismissed with prejudice under the terms of the Settlement; (d) whether members of the Class should be bound by the Release

3

set forth in the Settlement; and (e) whether the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses should be approved.  The parties' submissions in support of the settlement shall be filed with the Court at least five (5) days prior to the Final Approval Hearing.  Any member of the Class who does not exclude him or herself from the Settlement may appear and be heard at the Final Approval Hearing.

6.     **Notice to the Class**.  The Notice to the Class shall be distributed by mail and via publication within _____ days of the entry of this Order.  Defendants shall pay for the costs of mailing and publication of the Notice.

7.     **Findings Concerning Notice**.  The Notice to be given in the form and manner provided in Paragraph 6 of this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the members of the Class (a) of the pendency of this action; (b) of their right to exclude themselves from the proposed Settlement; (c) that any judgment, whether favorable or not, will include all members of the Class who do not request exclusion; and (d) that any member of the Class who does not request exclusion may object to the Settlement and, if he or she desires, enter an appearance either personally or through counsel. The Court notes that the Notice is written in simple English, and will be translated into Spanish and Bengali, and finds such notice to be reasonable, and to constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that it meets the requirements of the United States Constitution, the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of New York.

8.     **Exclusion from the Class**.  Any member of the Class who wishes to be excluded from the Class must mail a written request, postmarked no later than [_____DATE], to:

4

Catherine E. Anderson, Esq.
Giskan, Solotaroff Anderson & Stewart, LLP
11 Broadway, Suite 2150
New York, NY 10004
*Attorneys for the Class*

The request for exclusion must include the following information: (1) the Class

member's name, address and telephone number; (2) a statement that the Class member wishes to

be excluded from the Class; (3) the Class member's signature; and (4) the following case name

and number: *Patel, et al., v. Baluchi's Indian Restaurant, et al.*, Case No. 08 Civ. 9985

(RJS)(THK). Any member of the Class who does not file a timely written request for exclusion

shall not be excluded from the Class and shall be bound by all subsequent proceedings, order and

judgments in this action.

9.     **Objections.** Any member of the Class who has not filed a timely written request

for exclusion and who wishes to object to the fairness, reasonableness or adequacy of the

proposed Settlement, must file a statement of objection no later than _____, 2010,

with Class Counsel and Defendants' Counsel.

The objection must include the Class member's name, address and telephone number, a

statement of Class member's objection(s), any supporting evidence thereof, and the case name

and number. Any member of the Class who files and serves a written objection may appear the

Final Approval Hearing, either in person or through counsel retained at the Class member's

expense.

10.     **Claims Administrator.** A.B. Data, Ltd. is hereby authorized to perform

tasks relating to administration of this Settlement, and Defendants will pay for the reasonable claims

administration services from the $100,000 Settlement Fund established on behalf of the members

5

of the Class who did not opt-in to the FLSA collective action.

**SO ORDERED.**

_____
RICHARD J. SULLIVAN
United States District Judge


New York, New York

_____, 2010

6

# EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

GAUTAM PATEL, JALAL BHUIYAN,                                        :
CONRAD DSOUZA, VICTOR MONTEIRO,                                     :
SIMON MALDONADO, MOHAMMED FARID UDDIN,                             :
FAYSAL ABEDIN, ABDUL ALI, JAVIER                                   :
SOBERAN PEREZ, MOHAMMED TAHER,                                      :
RAJINDER SINGH,  HARJINDER SINGH,                                   :
JESUS MALDONADO, SANTIAGO REYES,                                    :
ANWAR HUSSAN MALIK, MOHAMMED JAHANGIR                              :
ALAM, NEVILLE PEREIRA, and ALFREDO                                 :
("PABLO JUNIOR") MALDONADO, on behalf                              :
of themselves individually and all others similarly situated, :     Civ. Action No.:
                                                                   :  08 CIV 9985 (RJS)(THK)
               Plaintiffs,                                         :
         v.                                                        :
                                                                   :
BALUCHI'S INDIAN RESTAURANT,                                       :
KRAJ FOODS, INC., d/b/a/                                           :
BALUCHI'S, PARAMOUNT FOODS, INC., d/b/a/                           :
BALUCHI'S, GATEWAY FOODS, INC, d/b/a/                              :
BALUCHI'S, DOES 1-10, d/b/a/ BALUCHI'S and                        :
RAKESH AGGARWAL                                                    :
                                                                   :
               Defendants.                                         :
-------------------------------------------------------------------x

## JOINT STIPULATION OF SETTLEMENT AND RELEASE OF ALL CLAIMS

The Joint Stipulation of Settlement and Release of All Claims, including all Exhibits

hereto (collectively, the "Settlement Agreement") is entered into by and between Plaintiffs (as

hereinafter defined) and the Class of individuals they seek to represent (as hereinafter defined),

on the one hand, and Defendants (as hereinafter defined), on the other.

## RECITALS

WHEREAS, on November 18, 2008, Plaintiffs Gautam Patel, Jalal Bhuiyan, Conrad

Dsouza, Victor Monteiro, Simon Maldonado, Mohammed Farid Uddin, Faysal Abedin, Abdul

Ali, Javier Soberan Perez, Mohammed Taher, Rajinder Singh, Harjinder Singh, Jesus

Maldonado, and Santiago Reyes,  filed their initial Complaint, as a proposed class and collective

action for wage and hour violations pursuant to the Fair Labor Standards Act 29 U.S.C. § 201 *et*

*seq.*, and New York labor laws to recover wages owed to them by Defendants;

WHEREAS, on December 23, 2008, the First Amended Complaint was filed, adding

similar claims on behalf of the additional named plaintiffs Anwar Hussan Malik, Mohammed

Jahangir Alam, Neville Pereira and Alfred ("Pablo Junior") Maldonado;

WHEREAS, on April 28, 2009, the Court Ordered that Notice of Pendency and Consent

to Join the collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b) be

mailed to all potential Plaintiffs at the last known address on file with Defendants.  The Court-

Ordered Notice (in English, Spanish and Bengali) was mailed to approximately 65 former and

current Baluchi's workers on June 3, 2009, and potential Plaintiffs were given 60 days from the

date of mailing to opt-in.  Nine additional Plaintiffs opted-in during this period;

WHEREAS, on July 30, 2009, the Court denied, in part, Defendants' motion for

judgment on the pleadings, denied Defendants' motion to dismiss for lack of jurisdiction, and

granted Plaintiffs' motion for leave to amend the pleadings;

WHEREAS, on August 13, 2009, Plaintiffs filed their Second Amended Complaint;

WHEREAS, on October 14, 2009, Defendants served Offers of Judgment on all Plaintiffs

who had opted-in to the collective action pursuant to the FLSA.  Each of the Offers of Judgment

was conditioned on acceptance by all FLSA opt-in Plaintiffs, which did not occur;

WHEREAS, on October 27, 2009, the Court referred this case to Magistrate Judge Katz

for settlement purposes and stayed discovery;

WHEREAS, between December 2009 and February 2010, four formal mediation sessions presided over by Magistrate Judge Theodore H. Katz were held in Court, with the majority of the FLSA opt-in Plaintiffs in attendance;

WHEREAS, between March 2010 and June 2010, the parties continued to negotiate the terms of the settlement with the assistance and oversight of Magistrate Judge Katz;

WHEREAS, Defendants denied and continue to deny all of the allegations in this action, and have denied and continue to deny that they are liable or owe damages to anyone with respect to the alleged facts or causes of action asserted in this action and without admitting that wages and tips were improperly withheld from any employees, Defendants have agreed to settle the Litigation on the terms and conditions set forth in this Agreement, to avoid the burden, expense, and uncertainty of continuing the Litigation;

WHEREAS, Class Counsel (as hereinafter defined) has conducted extensive investigation of this case, including, but not limited to, reviewing thousands of pages of documents produced by Defendants, interviewing and frequently meeting with the FLSA opt-in Plaintiffs with respect to salary, position held, job responsibilities, and hours; deposing Defendant Rakesh Aggarwal; defending the deposition of Plaintiff Gautam Patel and independently investigating the financial condition of Defendants;

WHEREAS, Class Counsel has analyzed and evaluated the merits of the claims made against Defendants in this Litigation, and the impact of this Agreement on Plaintiffs and the Class and Subclass.  Based upon their analysis and evaluation of a number of factors, and

recognizing the substantial risks of continued litigation, including the possibility that the Litigation, if not settled now might result in no recovery whatsoever for the Class, or a recovery that is less favorable, and that would not occur for several years, Class Counsel is satisfied that the terms and conditions of this Agreement are fair, reasonable and adequate and that this Agreement is in the best interests of the Class.

NOW THEREFORE, in consideration of the mutual covenants and promises set forth in this Agreement, as well as the good and valuable consideration provided for herein, the Parties hereto agree to a full and complete settlement of the Litigation on the following terms and conditions:

## I.   **DEFINITIONS**

The defined terms set forth herein shall have the meanings ascribed to them below.

A.      "Class" shall mean all current and former employees of the Baluchi's Indian Restaurants in the position of waiter, cook, dishwasher and/or delivery during the period November 18, 2002, through the present.

B.      "Class Member" shall mean all members of the Class who do not opt out pursuant to the Settlement Agreement.

C.      "Subclass" shall mean the twenty seven members of the Class who opted-in to the collective action pursuant to the FLSA in this Litigation:  Gautam Patel, Jalal Bhuiyan, Conrad Dsouza, Victor Monteiro, Simon Maldonado, Mohammed Farid Uddin, Faysal Abedin, Abdul Ali, Javier Soberan Perez, Mohammed Taher, Rajinder Singh, Harjinder Singh, Jesus Maldonado, Santiago Reyes, Anwar Hussan Malik, Mohammed Jahangir Alam, Neville Pereira,

Alfredo ("Pablo Junior") Maldonado; Ali Hossein, Bosco Alphonso, Ved Prakash Sharma, Leovardo Guzman Mejia, Medardo Everisto Andreu, Wenceslao Olivares, Eladio Franco Rodriguez, Pablo Olivares, and Marco Aguilar. All members of the Subclass are also members of the Class.

D.      "Claims Administrator" means the entity jointly selected by the parties to provide notice of the Class and administer payment of claims submitted by Class members.

E.      "Class Counsel" means the law firm Giskan Solotaroff Anderson & Stewart LLP, 11 Broadway, Suite 2150, New York, NY 10004.

F.      The "Court" means the United States District Court for the Southern District of New York.

G.      "Defendants" mean Baluchi's Indian Restaurant, Kraj Foods, Inc.,d/b/a/ Baluchi's, Paramount Foods, Inc., d/b/a/ Baluchi's, Gateway Foods, Inc, d/b/a/ Baluchi's, Does 1-10, d/b/a/ Baluchi's and Rakesh Aggarwal;

H.      "Defendants' Counsel" means the law firm of Thompson Wigdor & Gilly, LLP, 85 Fifth Avenue, New York, New York 10003;

I.      "Effective Date" shall mean the date on which all of the following have occurred:

1.      The Court has entered Judgment and ruled on the motions for final approval of the settlement and attorneys' fees and expenses to Class Counsel;

2.      The Judgment and the rulings on such motions have become "Final", meaning the later of the following:

(a)  The time for seeking appellate review has closed because the deadline

5

for filing a timely notice of appeal has expired and cannot be extended; or

        (b) If appellate review is sought, after any and all avenues of appellate review have been exhausted and no further appellate review is permitted or possible and the Judgment has not been modified, amended or reversed in any way;

J.     "Fairness Hearing" shall mean the hearing on the Motion for Judgment and Final Approval;

K.    "Litigation" means *Patel, et al. v. Baluchi's Indian Restaurant, et al.*, 08 CIV 9985 (RJS), pending in the United States District Court of the Southern District of New York;

L.    "Order Granting Preliminary Approval" shall mean the Order entered by the Court conditionally certifying the Class for settlement purposes, and preliminarily approving, *inter alia*, the terms and conditions of the Settlement Agreement, the manner and timing of providing notice to the Class, the time period for opt-outs and objections, and scheduling a Fairness Hearning;

M.    "Original Plaintiffs" shall mean Gautam Patel, Jalal Bhuiyan, Conrad Dsouza, Victor Monteiro, Simon Maldonado, Mohammed Farid Uddin, Faysal Abedin, Abdul Ali, Javier Soberan Perez, Mohammed Taher, Rajinder Singh, Harjinder Singh, Jesus Maldonado, and Santiago Reyes.

N.    "Parties" shall mean and refer to Plaintiffs, the Class and Defendants.

O.    "Settlement Fund" shall mean the $967,000 that has been established to resolve the claims of the Class;

P.    "Net Settlement Payment" shall be the remainder of the Settlement Fund after deductions for Court-approved attorney's fees and expenses and a reserve for reasonable costs of

6

settlement administration.

## II.   PRELIMINARY APPROVAL AND CLASS NOTICE

  A.   PRELIMINARY APPROVAL.  Plaintiffs shall petition the Court on or before

July 15, 2010,  for a Preliminary Approval Order:

    1.   Determining that this action may, for settlement purposes, be maintained

as a class action pursuant to Fed. R. Civ. P. 23(b)(3), with a Class and Subclass as defined herein

and with the appointment of Giskan Solotaroff Anderson & Stewart LLP as Class Counsel;

    2.   Finding preliminarily that the Original Plaintiffs, as Class representatives,

for settlement purposes, will fairly and adequately represent the interests of the Class;

    3.   Approving the Class Notice and notice methodology described herein;

    4.   Determining that the Class Notice (a) is the best practicable notice; (b) is

reasonably calculated, under the circumstances, to apprise Class members of the pendency of the

Litigation and their right to object to or exclude themselves from the proposed settlement; (c) is

reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive

notice; and (d) meets all applicable requirements of Rule 23 of the Federal Rules of Civil

Procedure, and the Due Process Clause of the United States Constitution and the Local Rules of

the United States District Court for the Southern District of New York;

    5.   Scheduling the Fairness Hearing to be held 90 days following entry of the

Preliminary Approval Order (or on such date as the Court may direct), to consider the fairness,

reasonableness and adequacy of the Agreement and whether it should be approved by the Court;

and

6.      If the Settlement Agreement is deemed terminated or void, of if the Effective Date does not occur for any reason, Defendants do not waive, and expressly reserve, their rights to challenge any and all of the claims and allegations in the Litigation on any procedural, legal or factual grounds and to assert any potential defense.  This reservation of rights includes, without limitation, the right to challenge treatment of the Litigation as a class or collective action.  The parties agree that Defendants retain and reserve these rights, and agree not to take a position to the contrary.

B.      SETTLEMENT NOTICE TO CLASS MEMBERS.  Within 30 days after the entry of a Preliminary Approval Order, the Settlement Administrator will provide a notice to each Class Member by United States Mail, at the Class Member's last known address, substantially in the form attached hereto as Exhibit A, which also will be translated in Spanish and Bengali, and shall cause the same Notice to be made by publication in *El Diario* (in Spanish and English) and *Bangla Times* (in Bengali and English), or in comparable publications  ("Class Notice").  Any objections to the proposed Settlement and/or Class Counsel's Motion for Fees and Expenses must be served upon Class Counsel and Defendants' Counsel; that all persons who seek to exclude themselves from the Class or to opt out must do so by the date set forth in the Notice; the date of the Final Approval Hearing; and that any questions concerning the Settlement or the Litigation shall be directed to Class Counsel.  The Class Notice shall also include a claim form, as described herein.

C.      COSTS OF NOTICE AND SETTLEMENT ADMINISTRATION.  Reasonable costs of providing Class Notice by mail and publication, translation services, and claims administration, shall be deducted from the Settlement Fund.

8

D.   FINAL APPROVAL HEARING/JUDGMENT.  The Parties shall petition the Court to hold a Final Approval Hearing.  The Judgment shall:

1.   Determine that this action may be maintained as a class action pursuant to Fed. R. Civ. P. 23(b)(3) for settlement purposes only with the Class defined herein and that this action also may be maintained as a collective action pursuant to the FLSA, 29 U.S.C. 216(b) on behalf of the Subclass;

2.   Find that the Original Plaintiffs, as the Class Representatives, and Plaintiffs' counsel, as Class Counsel, fairly and adequately represent the interests of the Class;

3.   Find that the Notice provided in this action satisfies the requirements of due process and Fed. R. Civ. P. 23(e)(1);

4.   Find that the Settlement Agreement is fair, reasonable and adequate to the Class, that each member of the Class (except those who submit a timely and valid request for exclusion from the Class) shall be bound by this Settlement Agreement, including the release and covenant not to sue in paragraph II(G), and that this Settlement Agreement should be and is approved;

5.   Dismiss on the merits and with prejudice all claims asserted in the Litigation against Defendants, permanently enjoin each and every Class Member (excluding those Class Members that submit a timely and valid request for exclusion) from bringing, joining, or continuing to prosecute against Defendants any action based on or relating to the claims asserted in the Litigation; and

6.   Retain jurisdiction of all matters relating to the interpretation,

9

administration, implementation, effectuation and enforcement of this Settlement.

      E.     <u>OPT-OUTS</u>.  At least ten (10) days prior to the Final Approval Hearing, Class

Counsel  shall prepare a list of the persons who, pursuant to the Notice described herein, have

submitted timely and valid requests for exclusion from the Class (the "Settlement Opt-Outs"),

and shall provide the list to Defendants' Counsel.  If the Settlement Opt-Outs equal or exceed

fifteen (15) members of the Class, and/or include any one member of the Subclass, then

Defendants in their sole discretion may, at any time prior to the three (3) business days before

Final Approval Hearing, declare this Settlement Agreement to be terminated and void in its

entirety, with notice to Plaintiffs' counsel and the Court of the same.  In that event, this

Settlement Agreement shall become null and void; the Litigation may continue; and the Parties

shall jointly move that any and all orders entered pursuant to this Settlement Agreement be

vacated, including, without limitation, any order certifying or approving certification of the

Settlement Class.  In the event of such termination of the Settlement Agreement, (I) Defendants

shall have no obligation to pay any settlement amounts provided herein; (ii) all Parties and Class

members will each bear their own costs and fees incurred in connection with the Settlement

Agreement; (iii) the Settlement Agreement shall be null and void with no further force or effect

as to the Parties, Class Members or Litigation, and (iv) the Settlement Agreement shall not be

used in this Litigation or any other judicial or administrative proceeding for any purpose, and any

judgment or order entered by the Court in accordance with its terms will be treated as vacated

*nunc pro tunc*.

      F.     <u>CLAIMS PROCEDURES</u>.  The Class Notice shall include a claim form.  Class

Members must timely submit a completed claim form to receive a Settlement award, according to

the procedures in this paragraph.

     1.    <u>Claim Form</u>. The claim form will require the Class Member to provide a current name, address, telephone number, and proof of employment in the position of waiter, delivery, dish washer or cook at a Baluchi's Indian Restaurant at any time during the period November 18, 2002, through the present. The Class Member shall also provide information concerning the number of weeks worked at a Baluchi's Indian Restaurant and the amount he/or she was paid each week. The claim form must be provided to the Settlement Administrator within 30 days after the later of the Class Notice being mailed and published (the "Claim Cutoff Date"). If the Class Member fails to return a properly completed claim form by the Claim Cutoff Date, the Class Member shall not be entitled to a Settlement award. Return of a properly completed claim form shall be effective upon the receipt of the form by the Settlement Administrator at the address provided in the claim form.

     2.  <u>Verification of a Class Member's Eligibility to Receive A Settlement Award</u>

     Defendants will determine whether the Class Member is entitled to receive a Settlement award. Within 10 days of the Claim Cutoff Date, the Claims Administrator will complete the analysis of the claims submitted, and will calculate the Settlement award to which each Class Member is entitled, if any, and provide the calculations to Defendants' counsel and Class Counsel. If Defendants reject a claim, Defendants will notify Class Counsel in writing, stating the reason for the rejection. If Class Counsel disputes the rejection of any claim, counsel for the Parties shall attempt to resolve the dispute informally. If the Parties are unable to resolve the dispute informally, the dispute shall be submitted to the Court for a determination of whether the claim should be accepted or rejected.

11

3.     Calculation of the Settlement Award On A Pro Rata Basis Pursuant to a
Point System

a.     For Class Members Who Did Not Opt-in To The FLSA Collective
Action

The Settlement award will be provided to all eligible Class Members who did not

opt in to the FLSA collective action, and who do not opt-out pursuant to the Settlement

Agreement, and who complete and timely submit the Claim Form and Release on a pro rata basis

pursuant to the following formula:

Points:

i.     Cooks (claims for overtime violations and unlawful

deductions); For each week from November 18, 2002, through July 15, 2010, in which the Class

Member worked for Defendants as a cook, the Class Member earns 1 point.

ii.     Dishwashers (claims for minimum wage violations,

overtime violations and unlawful deductions): For each week from November 18, 2002, through

July 15, 2010, in which the Class Member worked for Defendants as a dishwasher, the Class

Member earns 1.5 points.

iii.     Waiters and Delivery (claims for minimum wage

violations, overtime violations, unlawful deductions, and tip deprivation): For each week from

November 18, 2002, through July 15, 2010, in which the Class Member worked for Defendants

as a waiter or delivery person, the Class Member earns 2 points.

Calculation:

12

iv.   Add all Points for eligible Class Members together to obtain the "Total Class Member Denominator."

v.   Divide the number of Points for each eligible Class Member by the Total Class Member Denominator to obtain each eligible Class Member's "Portion of the Net Settlement Payment."

vi.   Multiply each eligible Class Member's Portion of the Net Settlement Payment by the Net Settlement Payment to determine each eligible Class Member's "Settlement award."

Settlement awards to eligible Class Members will be capped at a maximum of $8,500 per year of employment by Defendants during the relevant period.

b.   <u>For The Subclass That Opted-In to the FLSA Collective Action</u>

A Settlement award will be provided to all Subclass members who execute the General Release, substantially in the form attached hereto as Exhibit B, based upon the parties' extensive damages analysis of the Subclass members' claims, including the criteria used to establish the point system for the Class, in the amounts agreed upon during the final Court mediation sessions presided over by Magistrate Judge Katz on February 19, 2010, as set forth in paragraph IV (B) herein ("Subclass Amounts"). No other payment in addition to these Subclass Amounts shall be made to any member of the Subclass.

G.   <u>PARTIES' RIGHT TO WITHDRAW FROM SETTLEMENT</u>. In the event any court disapproves or sets aside this Settlement Agreement, or any material part hereof, including by not limited to the payment schedule provided for in paragraph IV ©, for any reason, or holds

13

that it will not enter or give effect to the Final Judgment in substantially the form described herein, or holds that the entry of the Final Judgment, or any material part thereof, should be overturned or modified in any material way, then:

        1.      If all Parties do not agree jointly to appeal such ruling, this Settlement Agreement shall become null and void; the Litigation may continue; and any and all orders entered pursuant to this Settlement Agreement shall be vacated, including, without limitation, any order certifying or approving certification of the Settlement Class; or

        2.      If all Parties agree to jointly appeal such ruling and if the Judgment or its equivalent in all material respects is not in effect after the termination of all proceedings arising out of such appeal, unless otherwise agreed by the Parties in writing, this Settlement Agreement shall become null and void; the Litigation may continue; and any and all orders entered pursuant to this Settlement Agreement shall be vacated, including, without limitation, any order certifying or approving certification of the Settlement Class.

      H.  <u>RELEASES</u>

        On the Final Approval Date:

        1.      <u>Definitions.</u>

        (a)      The term "Released Baluchi's Parties" shall mean Baluchi's Indian Restaurant, Kraj Foods, Inc.,d/b/a/ Baluchi's, Paramount Foods, Inc., d/b/a/ Baluchi's, Gateway Foods, Inc, d/b/a/ Baluchi's, Does 1-10, d/b/a/ Baluchi's and Rakesh Aggarwal, and all of their respective affiliates, successors and assigns, including without limitation any parents and subsidiaries, affiliated entities, predecessors and joint ventures, and any of their past or present

14

officers, employees, partners, members, directors, principals, shareholders, attorneys, personal or legal representatives, or agents.

(b)     The term "Released Claims" shall mean any and all claims, actions, causes of action, rights or liabilities based on, arising out of, or in any way relating or pertaining to the wage and hour claims that were made or that could have been made in the Litigation.  The term does not include any claims relating to the enforcement of this Settlement Agreement.

2.     Release

Each Class Member who has not timely and properly excluded himself or herself from the Class and his or her assigns, heirs, successors and personal representatives will be bound by the terms of this Settlement Agreement and will be deemed to have waived, and fully and finally released the Released Defendants from the Released Claims, and shall be enjoined from suing on, and to have agreed to refrain from proceeding in any way on the Released Claims against the Released Defendants.

III.    **FINAL JUDGMENT**

The Judgment entered at the Final Approval Hearing shall be deemed final:

A.     Thirty (30) days after entry of the Final Judgment approving the Settlement if no document is filed within that time seeking appeal, review or rehearing of the Judgment; or

B     If any such document is filed, then fourteen (14) days after the date upon which all appellate and/or other proceedings resulting from such document have been finally

15

terminated in such a manner as to permit the Judgment to take effect in substantially the form described herein.

## IV.   PAYMENT OF CLAIMS

      A.    Class Members who have not opted in to the FLSA collective action in this Litigation, and who have not opted-out pursuant to the Settlement Agreement, and who submit a timely and properly executed Claim Form and Release, will be entitled to receive a pro rata payment pursuant to the Payment Schedule set forth in paragraph IV © of their share from the $100,000 fund, less reasonable settlement administrative costs,  according to a formula (point system) based on the number of weeks they worked at a Baluchi's Indian Restaurant, the number of hours per week they worked at a Baluchi's Indian Restaurant, the position held and the amount they were paid per week as set forth above in paragraph II (F)(3).  Any portion of the $100,000 which is not used to pay the claims of eligible Class Members, the reasonable costs of Settlement administration, and a portion of the Plaintiffs' Counsel's attorney's fees and expenses as awarded by the Court up to a maximum amount of $10,000, shall revert to Defendants.

      B.    Subclass members who have opted in to the FLSA collective action in this Litigation,  who do not opt out pursuant to the Settlement Agreement, and who submit a timely and properly executed General Release, will receive payment pursuant to the Payment Schedule set forth in paragraph IV (c) based on the extensive damages analysis prepared by the parties and based on the same criteria used to establish the formula for determining the other Class Members' pro rata share of the Settlement Fund (*i.e.*, the number of weeks worked at a Baluchi's Indian Restaurant, the number of hours worked per week, the position held and the amount they were paid per week) as agreed to during the four Court supervised mediation sessions as follows:

1. Faysal Abedin                        $21,000

2. Marco Aguilar                        $31,000

3. Medardo Eversito Andreu              $16,000

4. Mohammed Jahangir Alam               $16,000

5. Abdul Ali                            $16,000

6. Bosco Alphonso                       $21,000

7. Jalal Bhuiyan                        $21,000

8. Conrad Dsouza                        $31,000

9. Ali Hossain                          $11,000

10. Anwar Hussan Mailk                  $21,000

11. Alfredo Maldonado                   $16,000

12. Jesus Maldonado                     $36,000

13. Simon Maldonado                     $51,000

14. Leovardo Guzman Mejia               $16,000

15. Victor Monteiro                     $51,000

16. Pablo Olivares                      $36,000

17. Wenceslao Olivares                  $21,000

18. Gautam Patel                        $51,000

17

| 19. Neville Pereira | $41,000 |
| 20. Javier Soberan Perez | $21,000 |
| 21. Santiago Reyes | $36,000 |
| 22. Eladio Franco Rodriquez | $16,000 |
| 23. Harjinder Singh | $11,000 |
| 24. Rajinder Singh | $26,000 |
| 25. Ved Prakash Sharma | $26,000 |
| 26. Mohammed Taher | $31,000 |
| 27. Mohammed Farid Uddin | $16,000 |

According to Plaintiffs' Counsel's damages calculations, these amounts reflect approximately 20% of all damages (including punitive and liquidated damages) which the opt-in Plaintiffs potentially could recover at trial.

C.     Payment Schedule

Due to the liquidity issues facing Defendants, payment of the Settlement claims will be made by Defendants over the course of two and one half years as follows:

1.     All Class Members who are current employees of Defendants as of the date of entry of an order granting Preliminary Approval will receive payment of their claim pursuant to this Settlement Agreement from Defendants in one lump sum payment within 6 months of the Effective Date. In exchange for their lump sum payment, the current employees who opted-in to the FLSA collective action will resign from Baluchi's no later than the date

18

payment is made to them pursuant to the Settlement Agreement.

2.     All Class Members who are former employees of Defendants will receive payment of their claims to be made by Defendants in five (5) installments, once every 6 months, commencing within 6 months of the Effective Date.  If there is a timely notice of appeal of the Final Approval Order, then payments to all Baluchi's employees will be made according to this payment schedule into an Escrow account, pending the appeal.

3.     If the Final Judgment is appealed, Defendants will make the scheduled payments as set forth in paragraphs IV(C)(1)and (2) into an escrow account established by Class Counsel for the benefit of the Class, and such scheduled payments will commence within six months of the filing of the Notice of Appeal of the Final Judgment.

4.     Should Defendants fail to make any one of the scheduled payments within a five day grace period upon notice by Class Counsel, Defendants will be in default of the Settlement Agreement.  Any amounts remaining to be paid by Defendants pursuant to the Settlement Agreement will become due immediately upon entry of a Default Judgment, plus costs and lawful disbursements, and interest from the date of the Final Judgment.

5.     Settlement awards will be allocated 50% to wages and 50% to punitive and liquidated damages.

6.     Checks for the foregoing settlement payments issued to Class and or Subclass Members pursuant to this Settlement Agreement shall remain negotiable for a period of ninety (90) days from the date of issuance, at which time such checks will be void and a stop-pay notice will be placed.  Class and/or Subclass Members who fail to negotiate their check(s)

19

within the 90-day period will be deemed to have waived irrevocably any right in or claim to a settlement payment, but shall remain subject to the terms of the Judgment, including the Release contained herein. Any remaining funds from the Settlement Fund will be redistributed to Defendants.

## V.  APPLICATION FOR AN AWARD OF ATTORNEY'S FEES AND EXPENSES

On or before 7 days prior to the Final Hearing, Class Counsel will move for an award of attorney's fees and reimbursement of expenses in the total amount of $170,000 from the Settlement Fund. Of the amount sought, approximately $10,692.40 is for reimbursement of expenses and $159,307.60 is for attorney's fees, (approximately 16% of the total Settlement Fund of $967,000). Defendants will not oppose Class Counsel's motion for an award of attorney's fees and expenses up to the maximum total amount of $170,000.

Of the total amount sought as payment of Class Counsel's fees and expenses, only $10,000, will be sought from the $100,000 portion of the Settlement Fund established for the Class Members who did not opt-in to the FLSA collective action.

Class Counsel's attorney's fees and expenses as awarded by the Court will be paid by Defendants from the Settlement Fund in five equal installments, once every 6 months, commencing within 6 months of the Effective Date, or if an appeal of the Final Judgment is taken, into an interest bearing escrow account commencing within six months of the filing of the Notice of Appeal. Should Defendants fail to make any one of the scheduled payments within a five day grace period upon notice by Class Counsel, Defendants will be in default of the Settlement Agreement. Any amounts remaining to be paid by Defendants pursuant to an award of attorney's fees and reimbursement of expenses by the Court will become due immediately

upon entry of a Default Judgment, plus costs and lawful disbursements, and interest from the date of the order awarding attorney's fees and expenses.

## VI.  **EXTENT OF PARTIES' OBLIGATIONS**

The Parties' obligations under this Settlement are limited solely to the terms of this Settlement.  If the Court imposes other or different requirements, the Parties may void the Settlement Agreement at their sole discretion.  In that event, the Litigation may continue; and any and all orders entered pursuant to this Settlement shall be vacated, including, without limitation, any order certifying or approving certification of the Settlement Class.

A.    AMENDMENTS.  This Settlement Agreement may not be amended or modified orally.  It may be amended or modified without the approval of any non-signatory by a writing signed by all signatories hereto, any of whom may sign by counsel of record (whose ability to make changes and signature is hereby authorized as among the Parties).

B.    NO ADMISSION OF LIABILITY.  Neither this Settlement Agreement, nor any of its provisions, nor any of the documents, negotiations or proceedings relating thereto, shall be construed as or deemed to be evidence of an admission or concession by any person, including Defendants, and shall not be offered or received in evidence or requested in discovery in this action or any other action or proceeding as evidence of such an admission or concession.

C.    ENTIRE AGREEMENT.  This Settlement Agreement constitutes the full and entire agreement between the Parties with regard to the subject hereof, and supersedes all prior representations, promises, or warranties (oral or otherwise) made by any party.  No party shall be liable or bound to any other party for any prior representation, promise or warranty (oral or

21

otherwise) except for those expressly set forth in this Settlement Agreement.

      D.    <u>ENFORCEMENT OF SETTLEMENT AGREEMENT/CHOICE OF LAW</u>.  The

Court shall have continuing jurisdiction over the enforcement of this Settlement Agreement.

This Settlement Agreement shall be interpreted in accordance with the laws of the State of New

York.


      Dated: July 15, 2010
          New York, New York


GISKAN SOLOTAROFF ANDERSON & STEWART LLP


_____
Catherine E. Anderson
11 Broadway, Suite 2150
New York, NY 10004

*Attorneys for Plaintiffs*



THOMSPON WIGDOR & GILLY, LLP


_____
Scott Browning Gilly
85 Fifth Avenue
New York, New York 10003

*Attorneys for Defendants*


22

otherwise) except for those expressly set forth in this Settlement Agreement.

D.     ENFORCEMENT OF SETTLEMENT AGREEMENT/CHOICE OF LAW. The

Court shall have continuing jurisdiction over the enforcement of this Settlement Agreement.

This Settlement Agreement shall be interpreted in accordance with the laws of the State of New

York.


Dated: July 15, 2010
       New York, New York


GISKAN SOLOTAROFF ANDERSON & STEWART LLP


_____

Catherine E. Anderson
11 Broadway, Suite 2150
New York, NY 10004

*Attorneys for Plaintiffs*


THOMSPON WIGDOR & GILLY, LLP

_____

Scott Browning Gilly
85 Fifth Avenue
New York, New York 10003

*Attorneys for Defendants*

22

# EXHIBIT A

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

If you were employed by Baluchi's Indian Restaurant as a waiter, cook, dishwasher or delivery person at any time between November 18, 2002 and the present, you could get payment from a class action settlement.

*A federal court has authorized this notice. This is not a solicitation.*

Former and current employees have sued Baluchi's Indian Restaurant, Kraj Foods, Inc.,d/b/a/ Baluchi's, Paramount Foods, Inc., d/b/a/ Baluchi's, Gateway Foods, Inc, d/b/a/ Baluchi's, Does 1-10, d/b/a/ Baluchi's and Rakesh Aggarwal ("Defendants") claiming that they violated the federal Fair Labor Standards Act and the New York Labor Law. The employees sought recovery of, among other things, unpaid minimum wages, unpaid overtime wages, unpaid spread-of-hour wages, misappropriated tips, and unauthorized deductions from their wages.

●The employees who have filed the suit and Defendants have reached a settlement. Defendants have agreed to deposit $967,000 into a fund that will be used to pay current and former employees who qualify. Of this amount, $100,000, less reasonable administrative costs of the Settlement and attorneys' fees as awarded by the Court, will be used to pay claims made by employees who did not opt- in to the FLSA collective action. Defendants deny any liability or wrongdoing, or that this case is appropriate for treatment as a class action except for the purposes of this settlement, but have decided to settle the case to avoid the continued expenses, burdens and uncertainties of litigation.

●Based on the formula created in the settlement you may be entitled to receive a pro rata share of the $100,000 (less reasonable settlement administrative costs and any Court-awarded attorney's fees to Plaintiffs' counsel of up to $10,000), as part of the settlement. This amount is based on the weeks you worked for Defendants, the hours you worked each week, your position, and your wages.

●The Court has not decided who is right or wrong. Your legal rights may be affected, and you have a choice to make now:

**QUESTIONS?**

**CONTACT CATHERINE ANDERSON at GISKAN SOLOTAROFF ANDERSON & STEWART LLP at (212) 847-8315x3**

**YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT:**

| | |
|---|---|
| FILE A CLAIM | If you want to participate in the settlement, and potentially receive a pro rata share of the $100,000, you must complete the Claim Form and Release attached to this Notice and mail the completed Claim Form and Release to the Settlement Administrator within 30 days to the address provided in the Claim Form and Release. |
| OBJECT | Write to the Court about why you do not like the Settlement. |
| EXCLUDE YOURSELF | If you do not want to participate in the Settlement, you may exclude yourself by writing to Claims Administrator and stating that you do not want to be part of the Settlement.  THIS IS THE ONLY OPTION THAT ALLOWS YOU TO BE PART OF ANOTHER LAWSUIT against Defendants about the claims in this case. |
| DO NOTHING | If you do none of the above, your will be bound by the terms of this Settlement, but you will not receive any payment. |

● These rights and options- and the deadlines to exercise them- are explained in this Notice.

● The Court in charge of this case has granted preliminary approval of the Settlement as fair and reasonable, but still has to decide whether to finally approve the Settlement.  Payments will be made if the Court approves the settlement after appeals are resolved.  Please be patient.

## BASIC INFORMATION

1. <u>What is this Notice about?</u>

The Court has sent you this Notice because you have a right to know about a proposed Settlement of a class action lawsuit, and about all of your options, before the Court decides whether to finally approve the Settlement.  If the Court grants final approval of the Settlement, a Claims Administrator will make the payments that the Settlement allows.

This Notice explains the lawsuit, the settlement, your rights, what benefits may be available to you, and who is eligible.

The Court in charge of this case is the United States District Court for the Southern

## QUESTIONS?

**CONTACT CATHERINE ANDERSON at GISKAN SOLOTAROFF ANDERSON & STEWART LLP at (212) 847-8315x3**

2

District of New York. The lawsuit is known as *Patel, et al., v. Baluchi's Indian Restaurant, et al.*, Case No. 08 Civ. 9985 (RJS).

The people who filed the lawsuit are called Plaintiffs, and Baluchi's Indian Restaurant, Kraj Foods, Inc.,d/b/a/ Baluchi's, Paramount Foods, Inc., d/b/a/ Baluchi's, Gateway Foods, Inc, d/b/a/ Baluchi's, Does 1-10, d/b/a/ Baluchi's and Rakesh Aggarwal are called Defendants.

2. <u>What is the lawsuit about?</u>

Plaintiffs have alleged, among other things, that Defendants failed to pay them the full minimum wage, misappropriated tips, and made other unauthorized deductions from their wages, failed to pay them for all of the hours that they worked, failed to pay them a full overtime premium for the hours that they worked over 40 hours per week, and failed to pay spread- of -hours pay to employees who worked more than 10 hours a day.

Defendants deny liability or that they did anything wrong. Defendants further contend that, for any purposes other than settlement, this action is not appropriate for treatment as a class action.

3.    <u>Why is there a settlement?</u>

The Court did not decide in favor of Plaintiffs or Defendants. Both sides believe they would have prevailed at trial, but there was no trial. Instead, both sides agreed to a settlement to avoid the3 cost of trial and to provide compensation to Plaintiffs and other eligible Baluchi's workers.

## WHO IS IN THE SETTLEMENT?

4.    <u>How do I know if I am part of the settlement?</u>

To be included in the Settlement, you must have worked at Baluchi's as a waiter, dishwasher, cook or delivery person at any time between November 18, 2002, and the present (the "Class")

To be eligible to receive money in the Settlement, you must complete the attached Claim Form and Release within 30 days.

If you are still not sure whether you may be included in the Settlement, you can ask for free help. You can call Catherine Anderson at (212) 847-8315 for more information.

## THE SETTLEMENT BENEFITS- WHAT YOU GET

## QUESTIONS?

**CONTACT CATHERINE ANDERSON at GISKAN SOLOTAROFF ANDERSON & STEWART LLP at (212) 847-8315x3**

3

5.     What Does The Settlement Provide?

Defendants have agreed to provide a Settlement Fund of $967,000 to resolve the claims in this lawsuit. Of this amount, $100,000 (less reasonable administrative costs and Plaintiffs' counsel's attorney's fees up to $10,000, if awarded by the Court), will be used to pay members of the Class who submit a valid and timely Claim Form and Release, a portion of their claimed damages on a pro rata basis.

The remainder of the Settlement Fund will be used to pay the twenty seven Plaintiffs who opt-in to the FLSA collective action and an additional amount of up to $160,000 in attorney's fees and expenses to Plaintiffs' counsel as awarded by the Court.

6.     How do I get a payment?

In order to be eligible to receive a payment, you must complete the attached Claim Form and Release and mail it to the Claims Administrator at the address listed on the Claim Form within 30 days of receiving this Notice.

The amount of your payment, if any, will be determined by the Claims Administrator pursuant to a formula agreed upon by the parties and preliminarily approved as fair by the Court.

7.     When do I get a payment?

The Court will hold a hearing on _____, 2010, to decide whether to approve the Settlement. If the Court approves the Settlement, and there are no appeals, you will begin receiving payment within six months of the date the Court approves the Settlement. If you are a current employee of Baluchi's, you will receive one lump sum payment. If you are a former employee of Baluchi's, you will receive your payments in five installments every six months.

8.     What am I giving up to get payment or do nothing?

If you submit a Claim Form and Release, or if you do nothing, you will be bound by the terms of the Settlement. This means that you cannot sue or participate in a lawsuit brought against Defendants for the wage and hour claims alleged in this action for acts which occurred during the period November 18, 2002, to the date the Court grants final approval of the Settlement. It also means that the Court's orders will apply to you and legally bind you.

## EXCLUDING YOURSELF FROM THE SETTLEMENT


## QUESTIONS?

**CONTACT CATHERINE ANDERSON at GISKAN SOLOTAROFF ANDERSON & STEWART LLP at (212) 847-8315x3**

4

9.    How do I get out of the Settlement and preserve my rights to sue Baluchi's?

If you do not want to participate in this Settlement, and you want to keep the right to sue or participate in another lawsuit against Defendants about the legal claims in this case, you must take steps to get out of this lawsuit. This is called excluding yourself.

To exclude yourself from the settlement, you must send a letter by mail saying that you "want to be excluded from *Patel, et al., v. Baluchi's Indian Restaurant, et al.*, Case No. 08 Civ. 9985 (RJS). Your exclusion letter must be postmarked no later than _____, 2010, and it must be mailed to Class Counsel at the following address:

> Catherine E. Anderson, Esq.
> Giskan Solotaroff Anderson & Stewart LLP
> 11 Broadway, Suite 2150
> New York, NY 10004
> *Class Counsel*

If you ask to be excluded, you will not receive any payment, an you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may also be able to sue Defendants on your own.

## THE LAWYERS REPRESENTING YOU

10.    Do I have lawyers in this case?

The law firm Giskan Solotaroff Anderson & Stewart LLP represents you and other Class members. These lawyers are called Plaintiffs' counsel or Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

11.    How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $170,000 (approximately 17.6% of the Settlement Fund) to them as attorney's fees and reimbursement of expenses. The fees would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. It is up to the Court to determine whether to award Class Counsel's attorney's fees and expenses and the reasonable amounts thereof.

## OBJECTING TO THE SETTLEMENT

## QUESTIONS?

**CONTACT CATHERINE ANDERSON at GISKAN SOLOTAROFF ANDERSON & STEWART LLP at (212) 847-8315x3**

12.     How do I tell the Court I do not like the Settlement?

If you are a Class member, you can object to the settlement if you don't like any part of it. You can give reasons why you think the Court should not approve the Settlement. The Court will consider your views. To object, you must sent a letter saying that you object to *Patel, et al., v. Baluchi's Indian Restaurant, et al.*, Case No. 08 Civ. 9985 (RJS), and include your name, address, telephone number, signature, and the reasons you object to the Settlement. Mail the objection to both Class Counsel and Defendants' Counsel at the addresses below, post marked no later than _____2010:

Catherine E. Anderson, Esq.
Giskan Solotaroff Anderson & Stewart LLP
11 Broadway, Suite 2150
New York, NY 10004
*Class Counsel*

-and-

Scott Browning Gilly, Esq.
Thomspon Wigdor & Gilly, LLP
85 Fifth Avenue
New York, New York 10003
*Defendants' Counsel*

13.     What is the difference between objecting and requesting exclusion?

Objecting is simply telling the Court that you do not like something about the Settlement. You can object only if you stay in the Class. Excluding yourself is telling the Court that you do not want to be part of the Class or participate in the Settlement. If you exclude yourself, you have no basis to object because the case no longer affects you.

## THE COURT'S FAIRNESS HEARING

14.     When and where will the Court decide whether to approve the Settlement?

The Court will hold a hearing to decide whether to grant final approval of the Settlement. You may attend and speak at the hearing, but you are not required to do so.

## QUESTIONS?

**CONTACT CATHERINE ANDERSON at GISKAN SOLOTAROFF ANDERSON & STEWART LLP at (212) 847-8315x3**

The Court will hold the Fairness Hearing at _____, –.m., on _____, 2010, at the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, Court Room 21C.

At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are objections, the Court will consider them. The Court will also listen to people who have asked to speak at the hearing. The Court may decide how much to pay Class Counsel. After the hearing, the Court will decide whether to finally approve the Settlement. We do not know how long these decisions will take.

   15.    Do I have to come to the Fairness Hearing?

No, but you are welcome to attend at your own expense. You may also retain a lawyer to attend the Fairness Hearing on you behalf at your own expense, but you are not required to do so. Class Counsel will attend the hearing and will answer any questions the Court may have concerning the Settlement.


   For more information about the Settlement, please contact Catherine Anderson, Giskan Solotaroff Anderson & Stewart LLP (212) 847-8315.


**QUESTIONS?**

**CONTACT CATHERINE ANDERSON at GISKAN SOLOTAROFF ANDERSON & STEWART LLP at (212) 847-8315x3**

7

## CLAIM FORM and RELEASE

*Please provide the following information*:

1.  Full Name _____

2.  Address _____

    Street Address

    _____  _____,  _____
    City                                    State          Zip Code

3.  Telephone Number _____

4.  Position held at Baluchi's Indian Restaurant: _____

5.  Dates of employment:    From _____ to _____

6.  Earnings or salary per week:

7.  In support of this claim, I state the following:

    (A) I was employed by Baluchi's Indian Restaurant as a cook, waiter, delivery or dishwasher as set forth above, that I was employed by Baluchi's Indian Restaurant on or at some time after November 18, 2002, as set forth above, and that I earned the wages set forth above.

    (B) In addition, I submit proof of employment by Baluchi's Indian Restaurant in the form of a pay stub, letter of employment, W-2 statement, or other proof of employment, a copy of which is enclosed herewith.

8.  I understand that by seeking to participate in this Settlement, and by not requesting exclusion from the Settlement, and upon operation of the entry of the Judgment and Final Approval order, I hereby forever and fully release Defendants from all wage and hour claims under the New York Labor Laws that have been or could have been asserted in this litigation during the period November

### QUESTIONS?

**CONTACT CATHERINE ANDERSON at GISKAN SOLOTAROFF ANDERSON & STEWART LLP at (212) 847-8315x3**

8

18, 2002, through July 15, 2010.


I CERTIFY THAT TO THE BEST OF MY KNOWLEDGE THE INFORMATION PROVIDED IN THIS CLAIM FORM IS TRUE AND CORRECT


_____          _____

Signed                                              Date



      Send this Claim Form and Release, along with a copy of any document showing your employment at Baluchi's, to this address:


             Patel v. Baluchi's Settlement
             c/o A.B. Data, Ltd.
             Claims Administrator
             PO Box 170500
             Milwaukee, WI 53217-8042




YOUR CLAIM MUST BE POSTMARKED BY _____, 2010.  Late claims will not be processed.




**QUESTIONS?**

**CONTACT CATHERINE ANDERSON at GISKAN SOLOTAROFF ANDERSON & STEWART LLP at (212) 847-8315x3**

9

# EXHIBIT B

## RELEASE OF THE OPT-IN PLAINTIFFS

In exchange for the sum of $ _____ [ insert specific amount per opt-in plaintiff as set forth in Settlement Agreement ], I hereby forever and fully release Defendants Baluchi's Indian Restaurant, Kraj Foods, Inc.,d/b/a/ Baluchi's, Paramount Foods, Inc., d/b/a/ Baluchi's, Gateway Foods, Inc, d/b/a/ Baluchi's, Does 1-10, d/b/a/ Baluchi's and Rakesh Aggarwal, and all of their respective affiliates, successors and assigns, including without limitation any parents and subsidiaries, affiliated entities, predecessors and joint ventures, and any of their past or present officers, employees, partners, members, directors, principals, shareholders, attorneys, personal or legal representatives, and agents ("Baluchi's releasess"), from any and all claims, actions, causes of action, rights or liabilities of every nature or description, whether known or unknown, arising or accruing at any time up to and including the date on which I sign this release, including but not limited to those brought in, based on, arising out of, or in any way relating or pertaining to the action *Patel, et al. v. Baluchi's Indian Restaurant, et al.*, 08 CIV 9985 (RJS)(THK).

I represent and warrant that (i)I have not filed any complaints, charges or claims against the Baluchi's Releasees in any other local, state or federal agency or court, or any other forum; (ii) I have not assigned my rights to any other person or entity and have complete capacity to fully and finally waive and release all of my rights above; and (iii) I have been advised by competent attorneys in connection with this release, fully understand its terms and content, and am signing it freely, voluntarily, without coercion and with an intent to be bound.

1.     **Current Employees of Baluchis:**  I understand if I am a current employee of a Baluchi's Indian Restaurant as of the date of entry of an order granting Preliminary Approval of the Settlement, that I will receive one lump sum payment within 6 months of the Effective Date.

In exchange for my lump sum payment of the amount set forth herein, I will resign from Baluchi's no later than the date payment is made to me pursuant to the Settlement Agreement. I further agree and acknowledge that I will not seek or be eligible for future employment with any Baluchi's Releasees.

      2.    **Former Employees of Baluchis**: I understand that if I am a former employee of a Baluchi's Indian Restaurant, I will receive payment the amount of my claim set forth herein from Defendants in five (5) installments, once every 6 months, commencing within 6 months of the Effective Date of the Settlement. I further agree and acknowledge that I will not seek or be eligible for future employment with any Baluchi's Releasees, unless otherwise agreed to by Baluchi's.

      3.    I understand that if the Final Judgment is appealed, Defendants will make the scheduled payments into an escrow account established by Class Counsel for my benefit and the benefit of the other members of the Class, and such scheduled payments will commence within six months of the filing of the Notice of Appeal of the Final Judgment. Should Defendants fail to make any one of the scheduled payments within a five day grace period upon notice by Class Counsel, Defendants will be in default of the Settlement Agreement. Any amounts remaining to be paid by Defendants pursuant to the Settlement Agreement will become due immediately upon entry of a Default Judgment, plus costs and lawful disbursements, and statutory interest from the date of the Final Judgment.

      Whether I am a current or former employee of Baluchi's, if I do not receive the full amount set forth herein within pursuant to the payment plan, I may, at my option, declare my

release null and void and continue to pursue all rights and remedies against Defendants at law and in equity.

_____

[NAME of Opt-In Plaintiff]

_____

[DATE]

# EXHIBIT 3

## GISKAN SOLOTAROFF ANDERSON & STEWART, LLP

### Firm Biography

Giskan Solotaroff Anderson & Stewart, LLP is a firm with significant experience in complex litigation involving consumer fraud, antitrust, and employment discrimination litigation in state and federal courts, on behalf of plaintiffs and often involving class actions.

**OREN GISKAN** is admitted to practice in the states of New York (1993) and Illinois (1990). He received his law degree from the University of Pennsylvania in 1990 and his Bachelor of Arts from the University of Chicago in 1986.

Mr. Giskan served as lead class counsel in *Sebrow v. Allstate Insurance Company*, E.D. N.Y., CV-07-3929 (settlement of deceptive practice claims regarding non-renewal of homeowners insurance policies), *Education Station v. Yellow Book USA*, Superior Court of New Jersey ($70 million settlement of false advertising claims), *Danielson v. Rockford Memorial Hospital*, Circuit Court of Winnebago County Illinois, No. 01 L 139 (settlement of patient billing claims under the Illinois Consumer Fraud Act), and *Truschel v. Juno Online Inc.*, Supreme Court of the State of New York, New York County, No. 01/602486 (settlement of consumer protection claims regarding failure to provide Internet service). He is actively litigating several other consumer fraud actions throughout the country as lead or class counsel against companies including T-Mobile, LG Electronics, Chase Mortgage, Dow Jones and others. Prior to forming the firm of Giskan & Solotaroff in October 2002, Mr. Giskan worked for the firms of Prongay & Borderud, the Law Offices of James V. Bashian, P.C. and Zwerling, Schachter & Zwerling, LLP, in New York, New York where he was actively involved as lead counsel for plaintiffs in many securities class action lawsuits including: *Hal Bloomberg Trust v. Gencor Industries, Inc.*, M.D. Fla., 99-106-Civ-Orl; *Kaplan v. Prins Recycling Corp.*, D.N.J., 96 Civ. 2444; *In re Lady Luck Gaming Corporation Securities Litigation*, D. Nev., CV-S-95-266-LDG (RLH); *In re American Pacific Securities Litigation*, D. Nev., CV-S-93-00576-PMP; and *In re Foodmaker/Jack-in-the-Box Securities Litigation*, W.D. Wash., No. C93-517WD. He also actively participated as one of the lead counsel in coordinated nationwide class actions against America Online Inc. regarding its deceptive billing practices.

From 1990-92, Mr. Giskan was an associate with Jenner & Block in Chicago, Illinois where he focused on securities and general commercial litigation.

**JASON L. SOLOTAROFF** is admitted to practice in the State of New York. He is a 1990 graduate of Columbia Law School where he was an Editor of the Columbia Law Review and a Harlan Fiske Stone Scholar. He graduated from the Johns Hopkins University with General Honors.

Mr. Solotaroff clerked for the Hon. Eugene H. Nickerson, United States District Court for the Eastern District of New York. Following the clerkship, Mr. Solotaroff was a Staff Attorney at the Legal Aid Society, Criminal Defense Division from 1991 to 1993. In 1993, he

joined the Society's Federal Defender Division.   As a federal defender, Mr. Solotaroff represented clients in a wide variety of matters including complex white-collar cases.  Of the nine clients he represented in criminal trials, six were acquitted and one received a partial acquittal.

Mr. Solotaroff entered private practice in 1997.  Since 1997, he has devoted a substantial part of his practice to the representation of plaintiffs in class action matters.  Among the cases in which he has had substantial responsibility are consumer class actions against Juno Online Inc., Lincoln Security Life Insurance of New York, Verizon Communications, American Express and antitrust class actions against Abbott Laboratories, Bristol-Myers Squibb and Astrazeneca Inc. He also represents individuals in employment discrimination and criminal defense matters.

**CATHERINE E. ANDERSON** is admitted to practice in the States of New York and New Jersey.  She received her law degree from New York University School of Law in 1995, where she was an editor of the Journal of International Law and Politics and a participant in the Human Rights Clinic.  She graduated magna cum laude from Colgate University in 1992, where she was elected Phi Beta Kappa.   Ms. Anderson has specialized in consumer class actions and employment law.

In 2007, Ms. Anderson settled a class action on behalf of approximately 163 members of the defunct Whole Arts Group Health Insurance Plan. As part of the settlement, Ms. Anderson obtained payment of the outstanding medical bills and reimbursement of out of pocket medical expenses on behalf of the consumer class. See *Russo v. WholeArts Foundation, Inc., et al*, Index No. 603037/03 (KM) (New York Supreme Court).  In 2008, Ms. Anderson was co-lead counsel in a consumer class action against Allstate Insurance Co. for violation of the New York General Business Law Section 349 in failing to renew consumer's Allstate home insurance policies unless the consumer also agreed to buy auto insurance from Allstate.  The action resulted in a settlement which provided injunctive relief to the class comprised of over 54,000 homeowners. As a result of the settlement, members of the settlement class were able to obtain precisely what they had been wrongfully denied:  renewal of their Allstate home owner insurance policies without having to purchase additional policies. See *Sebrow, et al. v. Allstate Insurance Co., et al*. 07 CV 3929 (FB)(RLM) (E.D.N.Y.).  Ms. Anderson was lead counsel in a consumer class action against JP Morgan Chase, which alleged violations of the Real Estate Settlement Procedures Act ("RESPA") and New York General Business Law Section 349 for charging home owners a "post closing fee", an alleged junk fee, on their mortgage.  The litigation recently resulted in the creation of a settlement fund of approximately $20 million and provided approximately 50,000 home owners with the opportunity to be reimbursed 100% in cash, plus interest, for any post closing fees which the consumers paid to Chase. See *Cohen v. JP Morgan Chase & Co. and JP Morgan Chase Bank*, 04-cv-4098 (ILG) (E.D.N.Y.).

Prior to joining Giskan Solotaroff Anderson & Stewart LLP, Ms. Anderson was associated with the firm of Wolf Popper LLP, where she served as lead or co-lead counsel in the following class actions which obtained a substantial recovery for the class:  *Garcia v. General Motors Corp.*, Docket No. L-4394-95, Superior Court of New Jersey, Bergen County (obtaining a nationwide settlement of $19.5 million in cash on behalf of a consumer class comprised of 2.6 million owners of GM W-Body cars with allegedly defective braking systems); *Whipple v.*

*Happy Kids, Inc.*, Index No. 99-603371, IAS Part 10, Supreme Court of the State of New York, New York County (obtaining a settlement providing, among other things, an increase of $0.50 per share on behalf of the Happy Kids public shareholders in a revised buyout transaction); *In re Segue Software, Inc., Sec. Litig.*, C.A. 99-10891-RGS, United States District Court, District of Massachusetts (obtaining a cash settlement of $1.25 million on behalf of a class of all persons who purchased the common stock of Segue Software, Inc. during the period July 14, 1998 through April 9, 1999); *Jonas v. Aspec Technology, Inc.*, Lead Case No. CV775037, Superior Court of the State of California (obtaining a settlement with a $13 million cash component and a stock component of 1.75 million shares of the common stock of Aspec Technologies, Inc. for a class comprised of all persons who owned Aspec common stock during the period April 27, 1998 through June 30, 1998); *In re Ugly Duckling Corp. Shareholders Derivative and Class Action*, Consolidated C.A. No. 18843, Delaware Court of Chancery, New Castle County (obtaining an increase from $2.51 per share to $3.53 per share cash in going private transaction on behalf of a class comprised of the Company's minority shareholders, resulting in an aggregate cash benefit of more than $4.7 million).

**DARNLEY D. STEWART** joined Giskan Solotaroff Anderson & Stewart as Of Counsel on December 1, 2007 and became a member of the firm on March 1, 2008. She is admitted to practice in the States of New York (1993) and Massachusetts (1990). She graduated from Princeton University in 1984 and received her law degree from Northeastern University School of Law in 1990. After law school, Ms. Stewart served as Law Clerk to the Honorable R. Ammi Cutter and the Honorable Mel. L. Greenberg of the Massachusetts Court of Appeals.

Ms. Stewart specializes in employment class and collective actions and has prosecuted high impact cases against a number of large companies, including Ford Motor Company, Gerber, Coastal Corporation, First Union Bank, National Car Rental, General Motors, Nissan, Toyota, and Bank of America. In connection with her work on *Coleman, et al. v. General Motors Acceptance Corporation*, Ms. Stewart was named as a finalist for "Trial Lawyer of the Year" in 2004 by the Trial Lawyers for Public Justice. She has also been named as one of the leading 500 plaintiffs' lawyers in the country and one of America's top 1500 litigators by *Lawdragon* magazine. In addition, Ms. Stewart was selected for inclusion in the list of 2006 and 2007 New York *Super Lawyers*.

Prior to joining Giskan Solotaroff Anderson & Stewart, Ms. Stewart was a partner at the law firm of Bernstein, Litowitz, Berger & Grossmann LLP. At Bernstein Litowitz, Ms. Stewart was the partner in charge of the employment and civil rights practice, and also prosecuted a number of securities class actions, including *Ohio Public Employees Public Retirement System, et al. v. Freddie Mac, et al.*, C.A. 03-CV-4261 (S.D.N.Y.) (obtaining a settlement of $410 million) and *In re Williams Securities Litigation*, Case No. 02-CV-72 –SPF (N.D. Ok.) (obtaining a settlement of $311 million).

Ms. Stewart is a member of the Class and Collective Action Committee of the National Employment Lawyers Association and serves as President of the Executive Board of the New York affiliate (NELA/NY) of that organization. She is also plaintiffs' Co-Chair of the Technology in the Law and Workplace Committee of the American Bar Association's Labor and Employment Section. Ms. Stewart lectures regularly on employment class action issues, and has

frequently commented in the media, including the *Wall Street Journal*, the *New York Times*, National Public Radio and the Today show, regarding issues raised in a variety of employment discrimination cases.

From 1991-97, Ms. Stewart was an associate with Schulte Roth & Zabel, LLP, in New York, where she focused on securities, employment and general commercial litigation.

**ROBERT L. HERBST** joined Giskan Solotaroff Anderson & Stewart on June 1, 2009. He is admitted to practice in the states of New York (1973) and Pennsylvania (1979). He received his law degree from Yale Law School in 1972 and his Bachelor of Arts from Princeton University in 1969.

Mr. Herbst has been trying civil and criminal cases to juries for more than 35 years. He grew up on the criminal side of the court as a federal prosecutor in Chicago and Philadelphia, where he specialized in major economic crime and public corruption cases, and as Executive Assistant District Attorney in Brooklyn, New York, where he headed the Investigative Bureaus and supervised all of that office's investigations and prosecutions of white collar crime and official corruption. Since 1983, Mr. Herbst has been in private civil litigation and criminal defense practice, specializing, on the civil side, primarily in civil rights, employment and housing discrimination cases and class actions in the federal and state courts. He has more than 25 years' experience representing victims of police, corrections and other municipal or state misconduct; sexual harassment and other forms of sex or gender discrimination; race, ethnic, and disability discrimination, and consumer and securities fraud. His experience also includes cases involving malpractice, defamation, false allegations of child abuse, inadequate premises security, commercial, banking and real estate disputes, products liability, and intellectual property.