UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------x

GAUTAM PATEL, JALAL BHUIYAN,  :
CONRAD DSOUZA, VICTOR MONTEIRO,  :
SIMON MALDONADO, MOHAMMED FARID UDDIN,  :
FAYSAL ABEDIN, ABDUL ALI, JAVIER  :
SOBERAN PEREZ, MOHAMMED TAHER,  :
RAJINDER SINGH,  HARJINDER SINGH,  :
JESUS MALDONADO, SANTIAGO REYES,  :
ANWAR HUSSAN MALIK, MOHAMMED JAHANGIR  :
ALAM, NEVILLE PEREIRA, and ALFREDO  :
("PABLO JUNIOR") MALDONADO, on behalf  :
of themselves individually and all others similarly situated,  :     Civ. Action No.:
                                                           :     08 CIV 9985 (RJS)(THK)
                                                           :
                  Plaintiffs,  :
        v.  :
                                                                       :
BALUCHI'S INDIAN RESTAURANT,  :
KRAJ FOODS, INC., d/b/a/  :
BALUCHI'S, PARAMOUNT FOODS, INC., d/b/a/  :
BALUCHI'S, GATEWAY FOODS, INC, d/b/a/  :
BALUCHI'S, DOES 1-10, d/b/a/ BALUCHI'S and  :
RAKESH AGGARWAL  :
                                                             :
                  Defendants.  :

-------------------------------------------------------------------x

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY**
**<u>APPROVAL OF SETTLEMENT</u>**

GISKAN SOLOTAROFF ANDERSON & STEWART LLP
Catherine E. Anderson (CA 5129)
Darnley D. Stewart (DS 0835)
11 Broadway, Suite 2150
New York, NY 10004
(212) 847-8315

*Attorneys for Plaintiffs*

## TABLE OF CONTENTS

I.      Settlement Class Certification and Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

II.     The Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

        A.      Procedural History Of The Litigation . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

        B.      Discovery . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

III.    The Settlement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

        A.      Settlement Negotiations . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

        B.      The Settlement Agreement . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

        C.      Class Counsel's Fees And Expenses . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

        D.      Direct Notice To The Class . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .8

        E.      The Claims Process . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

IV.     The Proposed Settlement Merits Preliminary Approval . . . . . . . . . . . . . . . . . . . . . .9

        A.      Litigation Through Trial Would be Costly, Complex and Long (Grinnell
                Factor 1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

        B.      Discovery Has Advanced Sufficiently (Grinnell Factor 3) . . . . . . . . . . . . .14

        C.      Plaintiffs Would Face Risks If The Case Proceeded (Grinnell Factors 4
                and 5) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

        D.      Establishing And Maintaining A Class Through Trial Would Present
                Difficulties (Grinnell Factor 6) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

        E.      Defendants' Ability To Withstand A Greater Judgment Is Questionable
                (Grinnell Factor 7) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 15

        F.      The Settlement Fund Is Reasonable In Light Of The Possible Recovery And
                the Attendant Risks of Litigation (Grinnell Factors 8 and 9) . . . . . . . . . . . .16

V.     Conditional Certification Of The Rule 23 Class Is Appropriate . . . . . . . . . . . . . . . 18

       A.     The Requirements of Rule 23(a) Are Satisfied . . . . . . . . . . . . . . . . . . . . . . . .18

              1.     The Class Is Sufficiently Numerous . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

              2.     Questions Of Law Or Fact Are Common To The Class . . . . . . . . . 19

              3.     Plaintiffs' Claims Are Typical Of The Class . . . . . . . . . . . . . . . . . . . 20

              4.     Plaintiffs Will Fairly And Adequately Protect Class's Interests . . . . 21

       B.     Plaintiffs Have Satisfied The Requirements Of Rule 23(b)(3). . . . . . . . . . . .22

              1.     Common Issues Predominate . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

              2.     A Class Action Is The Superior Method Of Adjudication . . . . . . . . 23

VI.    The Court Should Approve The Proposed Notice And The Procedure For Notifying
       The Settlement Class Members . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

VII.   Conclusion . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .26

## TABLE OF AUTHORITIES

Federal Cases

*Amchem Products, Inc. v. Windsor*, 521 U.S. 591 (1997) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 18

*Banyai v. Mazur*, 2007 U.S. Dist. LEXIS 22342 (S.D.N.Y. Mar. 27, 2007) . . . . . . . . . . . . . . . . .16

*Bolanos v. Norwegian Cruise Lines Ltd.*, 212 F.R.D. 144 (S.D.N.Y. 2002). . . . . . . . . . . . . . . . . 20

*Brooks v. Am. Export Indus., Inc.,* 1977 U.S. Dist. LEXIS 17313 (S.D.N.Y. Feb. 17, 1977) . . . . .17

*Cagan v. Anchor Sav. Bank FSB,* 1990 U.S. Dist. LEXIS 11450 (E.D.N.Y. May 17, 1990). . . . . .17

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448 (2d Cir. 1974). . . . . . . . . . . . . . . . . . . . . . . . . . . 13

*Civic Ass'n of the Deaf v. Guiliani*, 915 F. Supp. 622 (S.D.N.Y. 1996) . . . . . . . . . . . . . . . . . . . . 20

*Clark v. Ecolab, Inc.*, 2009 U.S. Dist. LEXIS 108736 (S.D.N.Y. Nov. 17, 2009). . . . . . . . . 9,10, 24

*Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473 (2d Cir. 1995) . . . . . . . . . . . . . . . . .18

*Damasia v. Duane Reed, Inc.*, 250 F.R.D. 152 (S.D.N.Y. 2008). . . . . . . . . . . . . . . . . . . . . . .20, 24

*David v. Showtime/The Movie Channel, Inc.*, 697 F.Supp. 752 (S.D.N.Y. 1988). . . . . . . . . . . . . 19

*Denney v. Jenkins Gilchrist*, 230 F.R.D. 317 (S.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*DeMarco v. Nat'l Collector's Mint, Inc.*, 229 F.R.D. 73 (S.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . .19

*Dodge v. County of Orange*, 208 F.R.D. 79 (S.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

*Dolgow v. Anderson*, 43 F.R.D. 472 (E.D.N.Y. 1968). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .22

*Duchene v. Michael Cetta, Inc.*, 2009 U.S. Dist. LEXIS 85955 (S.D.N.Y. Sept. 10, 2009) . . . . .24

*Dura-Bilt Corp. v. Defendants Manhattan Corp.*, 89 F.R.D. 87 (S.D.N.Y.1981). . . . . . . . . . . 20, 21

*Frank v Eastman Kodak Co.*, 228 F.R.D. 174 (W.D.N.Y. 2005). . . . . . . . . . . . . . . . . . . . . . . .10, 17

*Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce*, 903 F.2d 176 (2d Cir. 1990). . . . . . . . . .20

*Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D. 48  (S.D.N.Y. 1987) . . . .20, 21

*Guarantee Ins. Agency Co. v. Mid-Continental Rlty Corp.*, 57 F.R.D. 555 (N.D. Ill. 1972). . . . . .22

*Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363 (S.D.N.Y. 2007) . . . . . . . . . . . . . . . . 23

*In re American Bank Note Holographics*, 127 F. Supp. 2d. 418 (S.D.N.Y 2001). . . . . . . . . . . . . 14

*In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164 (S.D.N.Y. 2000) . . . . . 13, 14

*In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285 (2d Cir. 1992). . . . . . . . . . . . . . . . 20, 21

*In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 57918 (S.D.N.Y. July 27, 2007) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

*In re Joint E. and S. Distr. Asbestos Litig.*, 78 F.3d 764 (2d Cir. 1996). . . . . . . . . . . . . . . . . . . . .22

*In re Prudential Sec. Litig.*, 163 F.R.D. 200 (S.D.N.Y. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . 12

*In re TCW/DW North American Government Income Trust Sec. Litig.*, 1996 U.S. Dist. LEXIS 12509 (S.D.N.Y. August 28, 1996). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 21

*In re Traffic Executive Ass'n*, 627 F.2d 631 (2d Cir. 1980). . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

*In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124 (2d Cir 2001) . . . . . . . . . . . 23

*In re Warfarin Sodium Antitrust Litig.*, 391 F.3d 516 (3d Cir. 2004) . . . . . . . . . . . . . . . . . . . . . 14

*In re Warner Communications Sec. Litigation*, 618 F. Supp. 735 (S.D.N.Y. 1985) . . . . . . . . . . .12

*Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307(D.N.J. July 10, 2006) . . . . . . 23

*Lerch v. Citizens First Bancorp, Inc.*, 144 F.R.D. 247 (D.N.J. 1992). . . . . . . . . . . . . . . . . . . . . 22

*McMahon v. Olivier Cheng Catering and Events, LLC*, 2010 U.S. Dist. LEXIS 18913 (S.D.N.Y Mar. 2, 2010). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .24

*Officers of Justice v. Civil Serv. Comm'n*, 688 F.2d 615 (9th Cir. 1982). . . . . . . . . . . . . . . . . . .17

*Reyes v. Buddha-Bar NYC*, 2009 U.S. Dist. LEXIS 45277 (S.D.N.Y. May 28, 2009). . . . . . . 17, 24

*Robinson v. Metro-North Commuter R.R. Co.*, 267 F.3d 147 (2d Cir. 2001). . . . . . . . . . . . . . . .19

*Ross v. A.H. Robbins Co.*, 100 F.R.D. 5 (S.D.N.Y. 1982). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 22

*Schwab v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 992 (E.D.N.Y. 2006). . . . . . . . . . . . . . . .  22

*Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67 (E.D.N.Y. 2004). . . . . . . . . . . . . . . . .18,19

*Torres v. Gristede's Oper. Corp.*, 2006 U.S. Dist. LEXIS 74039 (S.D.N.Y. Sept. 28, 2006) . . . . 23

*Turner v. Murphy Oil USA, Inc.*, 472 F. Supp.2d 830 (E.D. La.. 2007) . . . . . . . . . . . . . . . . . . . . 26

*Velez v. Majik Cleaning Serv.*, 2007 U.S. Dist. LEXIS 46223 (S.D.N.Y. June 22, 2007). . . . .16, 24

*Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 116 (2d Cir. 2005). . . . . . . . . . . . . . . . .10, 25

*Webster v. Smithfield Assocs. LLC d/b/a Pastis Restaurant, et al (Balthazar)*, 08-CV-166 (LTS) (S.D.N.Y. Mar. 9, 2009). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .17

## State Cases

*Friar v. Vanguard Holding Corp.*, 78 A.D.2d 83, 434 N.Y.S.2d 698 (2d Dept. 1980) . . . . . . . . .23

Statutes

Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Fed. Rule Civ. Pro., Rule 23 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *passim*

New York Labor Law § 190 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

New York Labor Law § 650 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PRELIMINARY APPROVAL OF SETTLEMENT

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs seek preliminary approval of the Settlement, and in connection therewith, entry of an order providing for the following:

1.  Preliminary approval of the settlement;

2.  Preliminary certification of a class pursuant to Rule 23 of the Federal Rules of Civil Procedure for settlement purposes;

3.  Appointment of the original Plaintiffs as Class Representative and Plaintiffs' Counsel as Class Counsel;

4.  Approval of the form of Notice describing the terms of the Settlement and the proposed plan for disseminating Notice and the Claim Form;

5.  Establishing a schedule for the filing of motions and memoranda in support of final approval of the Settlement and in support of, or in objection to, any petition for the award of Class Counsel's attorneys' fees and reimbursement of litigation costs and expenses; and

6.  Scheduling a date for a hearing to consider final approval of the Settlement.[1]

For the purposes of this motion for preliminary approval, the issue before the Court is whether the Settlement is within the range of what might be approved as fair, reasonable and adequate, sufficient to justify mailing and publication of the Notice of the Settlement and scheduling a hearing on the fairness of the Settlement ("Final Approval Hearing"). Preliminary

---

[1] Plaintiffs also will seek final Court approval of the settlement of the FLSA claims when they file their motion for final approval. "The standard for approval of an FLSA settlement is lower than for a Rule 23 settlement because an FLSA settlement does not implicate the same due process concerns as does a Rule 23 settlement." *McMahon v. Olivier Cheng Catering and Events, LLC*, 2010 U.S. Dist. LEXIS 18913 at *15 (S.D.N.Y. March 3, 2010).

approval should be granted "[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations . . . and falls within the range of possible approval." *In re NASDAQ Mkt.-Makers Antitrust Litig.,* 176 F.R.D. 99, 102 (S.D.N.Y. 1997). At this time, the Court is not required to make a final determination on the fairness of the Settlement, and no Class members' substantive rights will be prejudiced by preliminary approval.

The Settlement achieved warrants preliminary approval. This Court should grant preliminary approval of the Settlement.

## I.    Settlement Class Certification and Definitions

Plaintiffs request the certification of a Class for settlement purposes, which the parties have agreed to define as:

> All persons employed by a Baluchi's Indian Restaurant during the period November 18, 2002, through the present in the position of waiter, delivery, dishwasher and/or cook.

## II.   The Litigation

Plaintiffs are current and former employees of Defendant Baluchi's Indian Restaurant ("Baluchi's"), which at all relevant times has been owned and operated by Defendant Rakesh Aggarwal. Plaintiffs are or were employed by Baluchi's as waiters, delivery persons, dishwashers and/or cooks at some time during the period November 18, 2002, to the present. All Plaintiffs worked in one or more of the Baluchi's restaurant locations in New York.

Plaintiffs have alleged that in violation of federal and New York State labor laws, Defendants have failed to pay Plaintiffs the minimum wage and overtime differential, have made unlawful deductions and have misappropriated tips from those Plaintiffs in the positions of waiter and delivery. This action has been brought as an opt- in collective action pursuant to the Fair Labor Standards Act

("FLSA"), 29 U.S.C. § 201 *et seq.*, and an opt-out Rule 23 class action pursuant to the New York Labor Law § 190 *et seq.* and § 650 *et seq.*, to recover the wages and tips owed, as well as statutory and liquidated damages.

### A.   <u>Procedural History Of The Litigation</u>

Plaintiffs Gautam Patel, Jalal Bhuiyan, Conrad Dsouza, Victor Monteiro, Simon Maldonado, Mohammed Farid Uddin, Faysal Abedin, Abdul Ali, Javier Soberan Perez, Mohammed Taher, Rajinder Singh, Harjinder Singh, Jesus Maldonado, and Santiago Reyes commenced this action on November 18, 2008, as a putative class action for wage and hour violations pursuant to the Fair Labor Standards Act 29 U.S.C. § 201 *et seq.*, and the New York labor laws to recover wages owed to them by Defendants the Baluchi's Indian Restaurants ("Baluchi's") and Rakesh Aggarwal, the owner of Baluchi's. Plaintiffs have worked at Baluchi's in the position of waiter, dishwasher, delivery and/or cook.

On December 23, 2008, Plaintiffs filed the First Amended Complaint, adding similar claims on behalf of the additional named plaintiffs Anwar Hussan Malik, Mohammed Jahangir Alam, Neville Pereira and Alfred ("Pablo Junior") Maldonado.

On January 23, 2009, Defendants filed an Answer.

On February 26, 2009, a pre-motion conference was held concerning Plaintiffs' request to move for Court approval to circulate a Notice of Pendency and Consent to Join the collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 216(b).

On April 28, 2009, the Court Ordered that Notice of Pendency and Consent to Join the collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. 216(b) be mailed to all potential Plaintiffs at the last known address on file with Defendants. The Court-Ordered Notice (in English,

Spanish and Bengali) was mailed to approximately 65 former and current Baluchi's workers on June 3, 2009, and the workers were given 60 days from the date of mailing to opt-in. Nine additional Plaintiffs opted-in during this period.[2]

On July 30, 2009, the Court denied, in part, Defendants' motion for judgment on the pleadings, denied Defendant's motion to dismiss for lack of jurisdiction, and granted Plaintiffs leave to amend the pleadings.

On August 13, 2009, Plaintiffs filed their Second Amended Complaint.

On October 27, 2009, discovery was stayed, and the Litigation was referred to Magistrate Judge Katz for settlement purposes.

**B.    Discovery**

Prior to commencing this action, Plaintiffs' counsel met with and interviewed numerous former employees of Baluchi's in the position of waiter, dishwasher, delivery and/or cook, as well as the current employees who have come forward to participate in this action. *See* Declaration of Catherine E. Anderson submitted herewith ("Anderson Decl."), ¶ 2. Throughout the litigation, Plaintiffs' counsel has continued to meet regularly and speak on the telephone with the Plaintiffs concerning their employment at Baluchi's. *Id.*

Plaintiffs have reviewed thousands of pages of documents produced by Defendants concerning the Plaintiffs' wages and hours while employed by Baluchi's.[3] Anderson Decl. ¶ 3. Plaintiffs also

---

[2] Only two of the opt-in Plaintiffs were on the mailing list provided by Defendants to receive the Court Ordered Notice. The other opt-in Plaintiffs were made aware of the action through the other workers. Anderson Decl. ¶ 16.

[3] Although Plaintiffs requested documents concerning the hours and wages of all Baluchi's workers in the position of waiter, delivery, dishwasher and cook during the relevant time period, Defendants objected and redacted this information from the documents produced. A

4

produced hundreds of pages of documents to Defendants concerning their employment with Baluchi's. Anderson Decl. ¶ 4. Plaintiffs' counsel has undertaken an extensive damages analysis based upon both parties' document production and the opt-in Plaintiffs' own testimony. *Id.* ¶ 6.

Plaintiffs' counsel has deposed Rakesh Aggarwal and defended the deposition of Plaintiff Patel. Anderson Decl. ¶ 4.

Plaintiffs' counsel undertook an independent investigation of the financial records of Baluchi's and Defendant Rakesh Aggarwal, the owner and sole shareholder of Baluchi's. Anderson Decl. ¶ 7. Based upon this investigation, Plaintiffs' counsel has determined that the funds available to satisfy the proposed Settlement are limited and that the assets of Defendant Aggarwal in this country are largely illiquid. *Id.* It is Plaintiffs' counsel's understanding that the two and a half year payment plan pursuant to the Settlement is necessary because Defendant Aggarwal will be required to sell some of his properties in order to satisfy the Settlement payments. *Id.* ¶ 8. Certain members of the Class have expressed concern that Defendant Aggarwal may become judgment proof should the litigation continue. *Id.* ¶ 9.

III.   **The Settlement**

A.     **Settlement Negotiations**

On February 11, 2009, Plaintiffs' counsel met with prior defense counsel, Andrew Fallek, to discuss potential resolution of this action. The parties agreed to explore potential settlement through a private mediator. Anderson Decl. ¶ 10.

---

discovery conference was held on the telephone with Magistrate Judge Katz, during which Defendants agreed to make an un-redacted production of the wage and hour documents. This production, however, was never made because the Court stayed discovery in October 2009, in lieu of settlement negotiations. Anderson Decl. ¶ 3.

On March 23, 2009, a full day private mediation session was held with an experienced employment law mediator, Carol A. Wittenberg of JAMS, on behalf of the Plaintiffs who had opted-in to the FLSA collective action at that time. Anderson Decl. ¶ 11. The majority of opt-in Plaintiffs attended this mediation session, but a settlement was not reached. *Id.* Over the course of the next several months, Ms. Wittenberg continued to attempt to facilitate settlement discussions between the parties, but no agreement was reached. *Id.*

On October 14, 2009, Defendants served Offers of Judgment on all Plaintiffs who had opted-in to the collective action pursuant to the FLSA. Each of the Offers of Judgment was conditioned on acceptance by all FLSA opt-in Plaintiffs, which did not occur. Anderson Decl. ¶ 12.

On October 27, 2009, the Court referred the Litigation to Magistrate Judge Katz for settlement purposes and stayed discovery. Anderson Decl. ¶ 13.

Between December 2009 and February 2010, four formal mediation sessions presided over by Magistrate Judge Theodore H. Katz were held in Court, with the majority of the FLSA opt-in Plaintiffs in attendance. Anderson Decl. ¶ 14. Each mediation session lasted several hours. *Id.* Although the parties believed they had reached a settlement in principal on February 19, 2010, the settlement broke down when the parties attempted to memorialize the agreement in writing and additional negotiations were necessary. *Id.*

Between March 2010 and June 2010, the parties continued to negotiate the terms of the settlement with the assistance and oversight of Magistrate Judge Katz. Anderson Decl. ¶ 15.

The Settlement Agreement is the product of these long and hard-fought negotiations over the course of many months. These negotiations between the parties were overseen initially by a private mediator and ultimately by Magistrate Judge Katz, and included the active participation of the FLSA

opt-in Plaintiffs.

**B.    The Settlement Agreement**

The complete terms of the Settlement are set forth in the Settlement Agreement. See Notice of Motion, Exhibit 2. The Settlement creates a total fund valued at approximately $967,000. Of this amount, $707,000 will be used to pay the claims of the FLSA opt-in Plaintiffs in the amounts agreed upon during the final mediation session in Court on February 19, 2010, and based on the extensive damages analysis prepared by the parties. Both parties' damages analysis concerning the FLSA opt-in Plaintiffs were presented to the Court during the formal mediation sessions. The amounts to be paid to the FLSA opt-in Plaintiffs are based upon the following criteria: the position held at Baluchi's, the number of weeks worked at Baluchi's, the number of hours worked per week and the wages earned per week. According to Plaintiffs' counsel's damages calculations, the amounts to be paid to the opt-in Plaintiffs reflect approximately 20% of their total damages (including punitive damages) which potentially could be recovered at trial.

An additional $100,000, less the reasonable costs of the Settlement administration and attorney's fees up to $10,000 as awarded by the Court, will be used to pay eligible Class Members who did not opt-in to the FLSA collective action, and who do not opt-out pursuant to the Settlement Agreement, and who file timely claims. The claims will be evaluated based on the same criteria used to evaluate the claims of the FLSA opt-in Plaintiffs: the position held at Baluchi's, the number of weeks worked at Baluchi's, the number of hours worked per week and the wages earned per week. The claims will be paid pro rata.

Approximately 63 individuals have been identified as potential members of the Class who have not opted-in to the FLSA collective action in this Litigation. However, because discovery

7

confirmed that Defendants did not retain complete and accurate business records prior to a certain

date in 2006, Notice of the Settlement will be made by both direct mail and publication. Notice will

be provided in English, Spanish and Bengali. The total number of eligible Class members, and the

total potential value of their claims, is not known at this time and can only be known with more

certainty upon the completion of the claims period.

C.      **Class Counsel's Fees And Expenses**

Class Counsel will file a Motion for Attorney's Fees and Expenses in accordance with the

FLSA and Fed. R. Civ. P. 23(h) no later than 7 days before the Final Approval Hearing, and intends

to seek reasonable attorney's fees and reimbursement of expenses in the total amount of $170,000.

Of the amount sought, approximately $10,692.40 is for reimbursement of expenses at this time and

the remaining $159,307.60 is for attorney's fees, which represents approximately 16% of the total

Settlement Fund of $967,000, and less than half of Plaintiffs' Counsel's current lodestar. Of the total

amount sought, no more than $10,000 will be sought from the $100,000 portion of the Settlement

fund established for the Class members who did not opt-in to the FLSA collective action.

D.      **Direct Notice To The Class**

Within 30 days after the entry of a Preliminary Approval Order, the Settlement Administrator

will provide a notice by United States Mail to the Class member's last known address on file with

Baluchi's and by publication in *El Diario* and *Bangla Times* or comparable publications in the form

attached to the Settlement Agreement as Exhibit A, which also will be translated into Spanish and

Bengali ("Class Notice" or "Notice").

E.      **The Claims Process**

The Class Notice shall include a claim form.  Class members must timely submit a

completed claim form to receive a settlement payment. As set forth in full in the Settlement Agreement and Notice, the claim form will require the Class member to provide a current name, address, telephone number, proof of employment at Baluchi's and additional information concerning their work at Baluchi's as set forth in the claim form. The claim form must be provided to the Settlement Administrator within 30 days after the Class Notice is mailed (the "Claim Cutoff Date"). If the Class member fails to return a properly completed claim form by the Claim Cutoff Date, the Class member shall not be entitled to a settlement payment.

## IV.   The Proposed Settlement Merits Preliminary Approval

Plaintiffs respectfully request that the Court grant preliminary approval of the proposed Settlement so that the Class members may be notified of the Settlement, and of their right to object or opt-out, and so that a Final Approval Hearing may be held.

"There is a strong judicial policy in favor of settlement, particularly in the class action context. The compromise of complex litigation is encouraged by the courts and favored by public policy." *Denney v. Jenkins Gilchrist*, 230 F.R.D. 317, 328 (S.D.N.Y. 2005) (internal citation and quotation marks omitted), *aff'd in part and vacated in part on other grounds*, 443 F. 3d 253 (2d Cir. 2006).

In order to grant preliminary approval of a settlement agreement, the Court is required to conduct an "initial evaluation" of the fairness of the proposed settlement to determine whether there is "'probable cause' to submit the [settlement] to class members and hold a full-scale hearing as to its fairness." *In re Traffic Executive Ass'n*, 627 F.2d 631, 634 (2d Cir. 1980). If, the proposed settlement "'appears to fall within the range of possible approval,' the court should order that the class members receive notice of the settlement." *Clark v. Ecolab, Inc.*, 2009 U.S.

9

Dist. LEXIS 108736, at **14-15 (S.D.N.Y. Nov. 17, 2009).

"Fairness is determined upon review of both the terms of the settlement agreement and the negotiating process that led to such agreement." *Frank v Eastman Kodak Co.*, 228 F.R.D. 174, 184 (W.D.N.Y. 2005). "A presumption of fairness, adequacy, and reasonableness may attach to a class settlement reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery." *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 116 (2d Cir. 2005). If the settlement was achieved through arm's-length negotiations by experienced counsel, "[a]bsent fraud or collusion," "[courts] should be hesitant to substitute [their] judgment for that of the parties who negotiated the settlement." *In re EVCI Career Colls. Holding Corp. Sec. Litig.*, 2007 U.S. Dist. LEXIS 57918, at *12 (S.D.N.Y. July 27, 2007).

The proposed Settlement satisfies the requirements for preliminary approval and is both procedurally and substantively fair. With respect to procedural fairness, this action was litigated for nearly two years and substantial discovery was taken. Settlement negotiations took place over the course of eight months, including one all day mediation session at JAMS before a private mediator and four mediation sessions in Court presided over by Magistrate Judge Katz. *See Clark*, 2009 U.S. Dist. LEXIS 108736 (S.D.N.Y. Nov. 17, 2009) (where settlement negotiations were presided over by an experienced mediator, the non-collusive nature of the settlement was reinforced), citing *O 'Dell v. AMF Bowling Ctrs., Inc.*, 2009 U.S. Dist. LEXIS 85954, at *3 (S.D.N.Y. Sept. 18, 2009). The majority of the opt-in Plaintiffs, moreover, participated in these mediation sessions and were actively involved in the ongoing settlement negotiations. There can be no question as to the non-collusive nature of the settlement negotiations.

The Settlement is also substantively fair, reasonable and adequate. The Settlement will

provide the current opt-in Plaintiffs with approximately 20% of their total potential damages recoverable at trial. The Settlement Agreement also provides those members of the Class who did not opt-in to the FLSA collective action with a second opportunity to participate in this action and to recover a portion of their unpaid wages on a pro rata basis.

For those members of the Class who did not opt-in to the FLSA collective action, this Litigation presents certain difficulties with respect to identifying the Class and calculating their damages. These challenges favor settlement. Discovery has shown that Defendants failed to retain accurate and complete business records prior to a certain date in 2006. Defendants' records have identified approximately 63 individuals who may be members of the Class, but who have not opted-in to the FLSA collective action. While Defendants have represented that they do not believe that the identity of the absent Class members is materially different from these 63 individuals, the parties cannot be certain. Anderson Decl. ¶ 16. As a result, the exact identity of the Class is not, and may never be, known. Defendants' records, moreover, fail to show for several years during the relevant time period the total hours worked and the wages earned by employees in the positions of waiter, delivery, dishwasher and cook. *Id.* ¶ 5. Because of these large documentary deficiencies, Plaintiffs' counsel were required to rely in large part on the testimony of the opt-in Plaintiffs when calculating potential damages. *Id.* ¶ 6. In light of the Defendants' incomplete wage and hour records, the total potential damages of the absent Class members is not known. The proposed Settlement thus provides an opportunity for the absent Class members to be located and to support their claims with additional information concerning their employment at Baluchi's. Only upon completion of the claims process will the Court be able to determine with greater certainty whether the fund of $100,0000 provides a reasonable

11

settlement for the additional Class members who did not opt-in to the FLSA collective action.

Another factor which strongly favors settlement is the financial condition of the Defendants. Defendants' counsel has represented to the Court that the Defendants' financial condition has necessitated a lengthy payment plan of two and a half years in order to satisfy all potential claims to be paid pursuant to the Settlement Agreement. Anderson Decl. ¶8. An independent investigation of Plaintiffs' counsel has determined that the assets in this country of Defendant Rakesh Aggarwal, the owner and the sole share holder of Baluchi's, are largely illiquid and consist primarily of real and personal property. *Id.* ¶ 7. Plaintiffs' counsel's investigation further revealed that there are a number of liens already filed against Defendant Aggarwal's property. *Id.* Certain Class members, moreover, have expressed concern that Defendant Aggarwal may become judgment proof. *Id.* ¶ 9. There is thus a substantial risk that should this Litigation continue for additional months or years, Defendant Aggarwal may not be able to pay any amount to satisfy the claims of the Class. *See In re Warner Communications Sec. Litigation,* 618 F. Supp. 735, 746 (S.D.N.Y. 1985)(where defendants' ability to withstand a greater judgment is at issue, the "certainty of payment of the settlement is advantageous to the class".); *see also, In re Prudential Sec. Litig.,* 163 F.R.D. 200, 210 (S.D.N.Y. 1995) (where the "result offered by the settlement appears to outweigh the various risks associated with continued litigation," it "may be preferable 'to take the bird in the hand instead of the prospective flock in the bush.'")(internal citation omitted).

At this time, Plaintiffs are not seeking the Court's final approval of the Settlement. Nevertheless, the Plaintiffs respectfully submit that the requirements for final approval will be satisfied at the final fairness hearing. The Second Circuit has enumerated nine factors to guide

12

courts in evaluating the substantive fairness of a proposed settlement:

> (1) the complexity, expense and likely duration of the litigation, (2) the reaction of the class to the settlement, (3) the stage of the proceedings and the amount of discovery completed, (4) the risks of establishing liability, (5) the risks of establishing damages, (6) the risks of maintaining the class action through the trial, (7) the ability of the defendants to withstand a greater judgment, (8) the range of reasonableness of the settlement fund in light of the best possible recovery, (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

*City of Detroit v. Grinnell Corp.*, 495 F.2d 448, 463 (2d Cir. 1974)(internal citations omitted), overruled on other grounds, *Goldberger v. Intergated Resources, Inc.*, 2090 F.3d 43 (2d Cir. 2000).

The proceedings have advanced sufficiently for Plaintiffs' counsel to evaluate the merits of the case, and all indications are that the Settlement will pass the *Grinnell* factors.

### A.      Litigation Through Trial Would be Costly, Complex and Long (Grinnell Factor 1)

Through this Settlement, Plaintiffs seek to avoid significant expense and delay and to ensure a recovery for the Class. "Most class actions are inherently complex and settlement avoids the costs, delays and multitude of other problems associated with them." *In re Austrian & German Bank Holocaust Litig.*, 80 F. Supp. 2d 164, 174 (S.D.N.Y. 2000), *aff'd sub. nom D'Amato v. Deutsche Bank*, 236 F.3d 78 (2d Cir. 2001). This case is no exception: because Defendants lack complete business records for the relevant time period, the Plaintiffs and the other members of the Class would have to prove their damages largely through individual or representative testimony concerning the hours worked and the wages earned by the Baluchi's employees in the positions of waiter, delivery, dishwasher and cook. Most of the Plaintiffs, moreover, do not speak English as their first language. As a result, translators (Spanish and

13

Bengali) would be required at trial, adding to the complexity and expense of trial.  Any judgment most likely would be appealed, further delaying closure.  *See In re American Bank Note Holographics*, 127 F. Supp. 2d. 418, 425 (S.D.N.Y 2001) ("Add on time for trial and appeals, and the class would have seen no recovery for years.  Class counsel properly considered this factor as well.").  The first *Grinnell* factor thus weighs in favor of preliminary approval.[4]

### B.      Discovery Has Advanced Sufficiently (Grinnell Factor 3)

As set forth in section II (B) herein, the Settlement was reached after much, but not all, of the discovery had been completed.  As a result, the parties had sufficient knowledge of the strengths and weaknesses of the claims to evaluate the merits of settlement.  *See In re Warfarin Sodium Antitrust Litig.,* 391 F.3d 516, 537 (3d Cir. 2004) (the proper inquiry is "whether counsel had an adequate appreciation of the merits of the case before negotiating.").  This factor weighs in favor of settlement.

### C.      Plaintiffs Would Face Risks If The Case Proceeded (Grinnell Factors 4 and 5)

In weighing the risks of establishing liability and damages, the court "must only weigh the likelihood of success by the plaintiff class against the relief offered by the settlement." *In re Austrian*, 80 F. Supp. 2d at 177 (internal quotations omitted).  Should litigation continue, Defendants would move for summary judgment.  Defendants most likely would have argued on summary judgment, among other things, that certain classes of Plaintiffs (those in the position of

---

[4] The second *Grinnell* factor, the reaction of the Class, is not known at this time.

cook and head waiter) were exempt from the wage and hour law protections, and that other workers did not actually work the hours they claimed, but instead took long, scheduled breaks in between their shifts during which they were free to leave the restaurant, eat a meal at the restaurant or sleep.  While Plaintiffs believe that some, if not all, of their claims would survive summary judgment and proceed to trial, a trial on the merits here would involve substantial risk because of the fact-intensive nature of proving liability under the FLSA and the New York labor laws.  This risk is compounded by the lack of complete business records of Baluchi's.  Thus, Plaintiffs would be required to prove their claims and damages at trial through their own testimony.  This weighs in favor of preliminary approval.

### D.   Establishing And Maintaining A Class Through Trial Would Present Difficulties (Grinnell Factor 6)

Plaintiffs have not moved for Rule 23 class certification of the state law claims. Defendants would likely oppose such a motion by arguing that individual questions, such as each Class member's hours, wages and job responsibilities, would defeat class certification.  Any class certification order, moreover, would likely be challenged on a motion for decertification or appealed by Defendants.  Settlement eliminates these risks of establishing and maintaining a class through trial and favors preliminary approval.

### E.   Defendants' Ability To Withstand A Greater Judgment Is Questionable (Grinnell Factor 7)

It is questionable whether Defendants would be able to withstand a greater judgment. Plaintiffs' counsel's investigation of the financial condition of Defendants has revealed that Defendant Aggarwal, the owner and sole shareholder of Baluchi's, has largely illiquid assets in this country and that liens already have been filed against certain property holdings of Mr.

Aggarwal.  Anderson Decl. ¶ 7.  The Settlement will provide for a lengthy two and one half year

claims payment period because Defendant Aggarwal will be required to sell some of his properties

in order to satisfy the Settlement.  *Id.* ¶ 8.  Certain Class members have expressed concern that

should the litigation continue for a number of years, Defendants may become judgment proof.  *Id.*

¶ 9.  Clearly, the "prospect of a bankrupt judgment debtor down at the end of the road does not

satisfy anyone involved in the use of class action procedures." *Banyai v. Mazur*, 2007 U.S. Dist.

LEXIS 22342 at *11 (S.D.N.Y. Mar. 27, 2007)(quoting *In re Warner Communs. Sec. Litig.*, 618

F. Supp. 735, 746 (S.D.N.Y. 1985) (citation omitted)).  This factor weighs strongly in favor of

preliminary approval.  *See Velez v. Majik Cleaning Serv.*, 2007 U.S. Dist. LEXIS 46223 at * 20-

21 (S.D.N.Y. June 22, 2007)(that defendant was a small company unlikely to be able to satisfy a

greater judgment weighed in favor of approving settlement of wage and hour litigation).

**F.**      **The Settlement Fund Is Reasonable In Light Of The Possible Recovery And the Attendant Risks of Litigation (Grinnell Factors 8 and 9)**

The $967,000 Settlement Fund represents a good recovery given the attendant risks of

litigation.  The members of the Class who opted-in to the FLSA collective action will receive

approximately 20% of their total potential damages (including punitive and liquidated damages),

had they succeeded on all claims at trial and survived an appeal.

It is not known at this time what pro rata distribution, if any, will be made to the other

members of the Class who did not opt-in to the FLSA collective action, what this may represent as

a percentage of their total potential damages, or what the participation rate of the absent Class

members will be.  If all of the 63 presently identified potential members of the Class who did not

opt-in to the FLSA collective action make claims pursuant to the Settlement, the average per Class

16

member settlement amount would be approximately $1,587.30, inclusive of attorney's fees and

reasonable administrative expenses.  This is comparable to other average per-class member

settlement amounts in similar wage and hour cases.  *See Webster v. Smithfield Assocs. LLC d/b/a*

*Pastis Restaurant, et al (Balthazar),* 08-CV-166 (LTS) (S.D.N.Y. Mar. 9, 2009), a copy of which

is attached to the Anderson Decl. as Exhibit A (average per-class member settlement amount of

approximately $1,258, inclusive of attorney's fees); *Reyes v, Buddha-Bar NYC,* 2009 U.S. Dist.

LEXIS 45277, at **4, 8 (S.D.N.Y. May 28, 2009) (settlement fund of $710,000 for 437 class

members provided an average per-class member settlement amount of approximately $1,624.71,

inclusive of attorney's fees.).  Whether the $100,000 is a reasonable compromise of the absent

Class members' claims can be more fully evaluated at the conclusion of the claims period.

Weighing the benefits against the risks associated with continued litigation and trial, the

settlement amount is reasonable.  "It is well established that a cash settlement amounting to only a

fraction of the potential recovery will not per se render the settlement inadequate or unfair."

*Officers of Justice v. Civil Serv. Comm'n,* 688 F.2d 615, 628 (9th Cir. 1982); *Brooks v. Am.*

*Export Indus., Inc.,* 1977 U.S. Dist. LEXIS 17313, at **16-18 (S.D.N.Y. Feb. 17,

1977)(approving settlement of less than 1% of the best possible recovery); *Cagan v. Anchor Sav.*

*Bank FSB,* 1990 U.S. Dist. LEXIS 11450, at **34-35 (E.D.N.Y. May 17, 1990) (approving class

settlement over objections that recovery was approximately only 1.9% of best possible recovery.).

The Settlement Fund here falls well within the range of reasonableness - "a range which

recognizes the uncertainties of law and fact in any particular case and the concomitant risks and

costs necessarily inherent in taking any litigation to completion".  *Frank,* 228 F.R.D. at 186

(quoting *Newman v. Stein,* 464 F.2d 689, 693 (2d Cir. 1972)).

Plaintiffs respectfully request that the Court grant preliminary approval so that the settlement Class members can be notified and given the opportunity to submit claims, object or opt-out.

## V.    Conditional Certification Of The Rule 23 Class Is Appropriate

A court may grant conditional certification of a class for settlement purposes where, as here, the proposed class and class representatives satisfy the four requirements of Rule 23(a) of numerosity, commonality, typicality and adequacy, as well as one of the three subsections of Rule 23(b).  See generally *Amchem Products, Inc. v. Windsor*, 521 U.S. 591, 619-29 (1997) (explaining how Rule 23 applies to a proposed class for settlement purposes.).

In deciding certification, "courts must take a liberal rather than a restrictive approach in determining whether the plaintiff satisfies these requirements and may exercise broad discretion in weighing the propriety of a putative class." *Steinberg v. Nationwide Mut. Ins. Co.*, 224 F.R.D. 67, 72 (E.D.N.Y. 2004).  Each of the requirements of Rule 23(a) and (b)(3) has been met in this action.

### A.        The Requirements of Rule 23(a) Are Satisfied

#### 1.        The Class Is Sufficiently Numerous

Defendants records show that approximately 63 persons, in addition to the twenty seven opt-in  Plaintiffs, may be members of the Rule 23 Settlement Class.  Because Defendants' business records are not complete, it is presumed that there are potentially more members of the Rule 23 Class.  The numerosity requirement thus has been satisfied. *Consolidated Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)("numerosity is presumed at a level of 40 members."), *cert denied*, 515 U.S. 1122, 115 S. Ct. 2277 (1995).

### 2.   Questions Of Law Or Fact Are Common To The Class

The commonality element of Rule 23(a)(2), which requires the plaintiff to demonstrate that a single, common issue of law or fact exists and affects all class members, is considered a "minimal burden for a party to shoulder." *Steinberg*, 224 F.R.D. at 74; *DeMarco v. Nat'l Collector's Mint, Inc.*, 229 F.R.D. 73, 80 (S.D.N.Y. 2005) (Rule 23(a)(2) is met where plaintiffs and the proposed class share a single common question of law or fact.). Identity of all issues is not required. *Robinson v. Metro-North Commuter R.R. Co.,* 267 F.3d 147, 155 (2d Cir. 2001). Indeed, "Rule 23(a)(2) does not require the plaintiffs to demonstrate that the class members' claims are identical; rather, it demands that the disputed issue of law or fact 'occupies essentially the same degree of centrality to the named plaintiffs' claim as to that of the other members of the proposed class.'" *Dodge v. County of Orange*, 208 F.R.D. 79, 88 (S.D.N.Y. 2002) (quoting *Krueger v. New York Tel. Co.,* 163 F.R.D. 433, 442 (S.D.N.Y. 1995)). Moreover, "[t]he key inquiry of Rule 23(a)(2) is whether the plaintiffs' claims arise from a common nucleus of facts. Such cases are considered particularly appropriate for class action treatment." *David v. Showtime/The Movie Channel, Inc.*, 697 F.Supp. 752, 756 (S.D.N.Y. 1988).

Here, the claims of the original Plaintiffs (the proposed Class Representatives), and those of the proposed Class, arise from Defendants' alleged common courses of conduct as follows:

• failing to pay overtime wages to the Baluchi's workers in the positions of waiter, dishwasher, delivery and cook;

• failing to pay minimum wages to the Baluchi's workers in the positions of waiter, dishwasher and delivery; and

• misappropriating the tips rightfully belonging to the Baluchi's workers in the positions of

waiter and delivery.

The commonality requirement has been satisfied. See *Damasia v. Duane Reed, Inc.*, 250

F.R.D. 152, 156 (S.D.N.Y. 2008) (commonality satisfied in wage and hour litigation brought

pursuant to the FLSA and New York labor law where two questions of law were common to all

class members).

### 3.    Plaintiffs' Claims Are Typical Of The Class

Typicality is measured by the claims of and defenses to the named Plaintiff. "As long as

plaintiffs assert . . . that Defendants committed the same wrongful acts in the same manner against

all members of the class, they establish necessary typicality." *Bolanos v. Norwegian Cruise Lines

Ltd.*, 212 F.R.D. 144, 154-55 (S.D.N.Y. 2002).

The purpose of the typicality requirement of Rule 23(a)(3) is to ensure that a representative

plaintiff who advances his/her own claims through litigation will also advance the interests of the

class members accordingly. *Genden v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 114 F.R.D.

48, 53 (S.D.N.Y. 1987); *Dura-Bilt Corp. v. Defendants Manhattan Corp.*, 89 F.R.D. 87, 99

(S.D.N.Y.1981). The claims of the plaintiffs satisfy the typicality requirement if they "arise[ ]

from the same course of events, and each class member makes similar legal arguments to prove

the defendant's liability." *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d 285, 291 (2d Cir.

1992), *cert. denied*, 506 U.S. 1088 (1993). This criteria refers to the nature of the claim or

defense of the class representative, and not to specific facts from which they arose or the relief

sought. *Civic Ass'n of the Deaf v. Guiliani*, 915 F. Supp. 622, 633 (S.D.N.Y. 1996). Moreover,

the mere presence of individualized factual questions unique to the class representatives will not

bar class certification. *See Gary Plastic Packaging Corp. v. Merrill Lynch, Pierce*, 903 F.2d

176, 180 (2d Cir. 1990); *In re TCW/DW North American Government Income Trust Sec. Litig.*, 1996 U.S. Dist. LEXIS 12509 at * 33 (S.D.N.Y. August 28, 1996).

Here, the claims of the original named Plaintiffs[5] and the claims of all Rule 23 Settlement Class members derive from Defendants' alleged common violations of the New York wage and hour laws.   Because the original named Plaintiffs have alleged that:  (a) they worked in the positions of waiter, delivery, dishwasher or cook at Baluchis; (b) they suffered the same injuries as members of the Class they seeks to represent; (c) as a result of the same alleged course of conduct by Defendants in failing to pay minimum wage, overtime and tips; and (d) their claims are based on the same legal issues as the claims of members of the Class they seek to represent, the Plaintiffs' claims are typical of those of the Class.  *In re Drexel Burnham Lambert Group, Inc.*, 960 F.2d at 291; *Dura-Bilt Corp.*, 89 F.R.D. at 99; *Genden*, 114 F.R.D. at 52-53.   Moreover, by having commenced this Litigation, and through advancing their own claims, the original Plaintiffs have advanced the claims of the other members of the Class.  The typicality requirement has been satisfied.

### 4.   Plaintiffs Will Fairly And Adequately Protect Class's Interests

The adequacy requirement of Rule 23(a)(4) is satisfied where (a) the plaintiff's attorneys are qualified, experienced and generally able to conduct the litigation; and (b) plaintiff's interests are not

---

[5]The original Plaintiffs are Gautam Patel (former Baluchi's waiter), Jalal Bhuiyan (former Baluchi's cook), Conrad Dsouza (former Baluchi's waiter), Victor Monteiro (current Baluchi's waiter), Simon Maldonado (current Baluchi's delivery), Mohammed Farid Uddin (former Baluchi's cook), Faysal Abedin (former Baluchi's cook), Abdul Ali (former Baluchi's cook), Javier Soberan Perez (current Baluchi's cook), Mohammed Taher (former Baluchi's cook), Rajinder Singh (current Baluchi's cook), Harjinder Singh (former Baluchi's cook), Jesus Maldonado (current Baluchi's dishwasher), and Santiago Reyes (former Baluchi's dishwasher).

antagonistic to those of the other class members. *In re Joint E. and S. Distr. Asbestos Litig.*, 78 F.3d 764, 778 (2d Cir. 1996); *Ross v. A.H. Robbins Co.*, 100 F.R.D. 5, 7 (S.D.N.Y. 1982). Absent a showing to the contrary, adequacy may be presumed. *Dolgow v. Anderson*, 43 F.R.D. 472, 494 (E.D.N.Y. 1968), *rev'd on other grounds*, 438 F.2d 825 (2d Cir. 1971); *Guarantee Ins. Agency Co. v. Mid-Continental Rlty Corp.*, 57 F.R.D. 555, 565-66 (N.D. Ill. 1972).

Both prongs of the Rule 23(a)(4) adequacy requirement are satisfied here. First, Plaintiffs' counsel, Giskan Solotaroff Anderson & Stewart LLP, has experience in employment litigation and has successfully prosecuted several class actions.[6] Second, the original Plaintiffs have alleged Defendants' violation of the New York labor laws, the same claims of the Class they seek to represent. The adequacy requirement has been satisfied.

**B.  Plaintiffs Have Satisfied The Requirements Of Rule 23(b)(3)**

**1.  Common Issues Predominate**

Once a showing is made that the prerequisites of Rule 23(a) are met, the Court must then examine whether the action satisfies Rule 23(b)(3). The court's inquiry is focused on "the conduct of the defendant rather than that of individual plaintiffs, making it particularly susceptible to common, generalized proof." *Schwab v. Philip Morris USA, Inc.*, 449 F. Supp. 2d 992, 1115 (E.D.N.Y. 2006); *Lerch v. Citizens First Bancorp, Inc.*, 144 F.R.D. 247, 252 (D.N.J. 1992)("[P]redominance may be found if the defendant's challenged activities stem from a single, class-wide course of conduct, so that the issue of statutory liability is common to the class.") (internal quotation marks omitted).

---

[6] *See* Firm Resume of Giskan Solotaroff Anderson & Stewart LLP attached as Exhibit 3 to Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Certification of the Class for Settlement Purposes, Approving Class Notice and Scheduling a Fairness Hearing.

Rule 23(b)(3) "calls only for predominance, not exclusivity, of common questions." *In re Visa Check/MasterMoney Antitrust Litigation*, 280 F.3d 124, 140 (2d Cir 2001). Common issues are found to predominate when "liability can be determined on a class-wide basis, even when there are some individualized damages issues." *Id.* at 139. Further, predominance is not to be determined by a mechanical process of classifying issues as either "common" or "individual" and deciding whether one group "outweighs" the other; "but rather, whether the use of the class action would achieve economies of time, effort and expense, and promote uniformity of decision as to persons similarly situated." *Friar v. Vanguard Holding Corp.,* 78 A.D.2d 83, 96-97, 434 N.Y.S.2d 698, 707 (2d Dept. 1980).

Here, all members of the Class were subjected to Defendants' wage and hour practices which have been alleged to violate the New York minimum wage and overtime laws. *See Iglesias-Mendoza v. La Belle Farm, Inc.*, 239 F.R.D. 363, 373 (S.D.N.Y. 2007)(whether employees were supposed to be paid overtime was "about the most perfect question[] for class treatment"); *Torres v. Gristede's Oper. Corp.*, 2006 U.S. Dist. LEXIS 74039, at *53 (S.D.N.Y. Sept. 28, 2006) (plaintiffs "introduced sufficient proof that Defendants engaged in a common practice to deny employees overtime pay," and "this issue predominates over any individual calculations of overtime wages."); *Lenahan v. Sears, Roebuck & Co.*, 2006 U.S. Dist. LEXIS 60307, at *23 (D.N.J. July 10, 2006)("a similar legal question: whether the alleged failure to pay [plaintiffs] for all hours worked . . . . violated the applicable state wage and hour laws. . . . predominate[s] over any factual variations"). The predominance requirement is met here.

## 2.   A Class Action Is The Superior Method Of Adjudication

A class action is the superior method of adjudication. Plaintiffs and the other members of

the Class have earned below the minimum wage and overtime requirements and have limited financial resources with which to prosecute individual actions. English is not the first language of the majority of the Plaintiffs (and presumably other Class members), and some Plaintiffs speak very little English at all, further impeding their ability to bring individual actions. Plaintiffs are unaware of any individual lawsuits that have been filed against Baluchi's arising from the same wage and hour allegations. Use of the class action device here will achieve economies of scale for putative Class members, conserve the resources of the court by avoiding the expense of repetitive proceedings, and prevent the possibility of inconsistent rulings on similar issues and claims. *See Reyes,* 2009 U.S. Dist. LEXIS 45277, at *7 (S.D.N.Y. May 28, 2009) (granting Rule 23 class certification of New York state wage and hour claims on behalf of restaurant workers, holding that "[c]lass adjudication of this case is superior to individual adjudication because it will conserve judicial resources and is more efficient for class members, particularly those who lack the resources to bring their claims individually.").

Moreover, courts routinely approve certification of "hybrid" Rule 23 class and FLSA collective actions. *See Clark,* 2010 U.S. Dist. LEXIS 47036 (S.D.N.Y. May 11, 2010); *McMahon v. Olivier Cheng Catering and Events, LLC,* 2010 U.S. Dist. LEXIS 18913 (S.D.N.Y. Mar. 2, 2010); *Duchene v. Michael Cetta, Inc.,* 2009 U.S. Dist. LEXIS 85955 (S.D.N.Y. Sept. 10, 2009); *Damassia,* 2009 U.S. Dist. LEXIS 77489 (S.D.N.Y. July 24, 2009). This is also true where a greater amount of the settlement funds are allocated to the FLSA opt-in class as compared to the Rule 23 opt-out class. *Velez,* 2007 U.S. Dist. LEXIS 46223 (S.D.N.Y. June 22, 2007). Because all requirements of Rule 23 have been met, the Court should grant certification of the Settlement Class.

**VI.    The Court Should Approve The Proposed Notice And The Procedure For Notifying The Settlement Class Members**

The Notice "clearly and concisely state[s] in plain, easily understood language," all information required by Rule 23(c)(2)(B).  The Notice will advise Class members of the terms of the Settlement, including, but not limited to, the relief to be afforded to the Settlement Class Members.  The Notice also will set forth the procedure for objecting to the Settlement and opting out of the Class, and will set forth the time, date and place of the Final Approval Hearing.  Notice will also be made by publication in English, Spanish and Bengali.

The standard for the adequacy of a class action settlement notice is one of "reasonableness." *Wal-Mart Stores, Inc.*, 396 F.3d at 113-114 (citing *Soberal-Perez v. Heckler*, 717 F2d 36, 43 (2d Cir. 1983)); Fed. R. Civ. P. 23(e)).  "There are no rigid rules to determine whether a settlement notice to the class satisfies constitutional or Rule 23(e) requirements; the settlement notice must 'fairly apprise the prospective members of the class of the terms of the proposed settlement and of the options that are open to them in connection with the proceedings.'" *Id.* at 114 (quoting *Weinberger v. Kendrick*, 698 F.2d 61, 70 (2d Cir. 1982) (internal quotation marks and brackets omitted).

Notice of a pending class action settlement may be directed "in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ. P. 23(e)(1).  Here, the parties propose to send Notice of the Settlement in English, Spanish and Bengali by direct mail to the current and former Baluchi's workers in the position of waiter, delivery, dishwasher and cook at the last address on file with Baluchi's.  Notice will also be made by publication in English, Spanish and Bengali.  The proposed notice plan satisfies the requirement that a class certified pursuant to Federal

25

Rule 23(b)(3) be provided "the best notice practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Fed. R. Civ. P. 23(c)(2)(B). In such cases, "actual notice to each party that would be bound by the adjudication of the class action is not required." *Turner v. Murphy Oil USA, Inc.*, 472 F. Supp.2d 830, 840 (E.D. La.. 2007) (citing *Mullance v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 313-324 (1950)). Rather, the issue is "whether the class as a whole had notice adequate to flush out whatever objections might reasonably be raised to the settlement." *Turner*, 472 F. Supp. at 840 (quoting *Torrisi v. Tuscon Elec. Power Co.,* 8 F.2d 1370, 1375 (9th Cir. 1993).

Plaintiffs respectfully submit that the proposed Notice will fairly apprise the Settlement Class Members of the pendency of the class action, the terms of the Settlement, and their rights thereunder, and that the proposed dissemination of the Notice constitutes the best notice practicable under the circumstances.

## VII.   Conclusion

For the reasons set forth herein, Plaintiffs respectfully request that the Court grant preliminary approval of the Settlement; enter the accompanying proposed Preliminary Approval Order; certify the Settlement Class; approve the original Plaintiffs as Class Representatives and their counsel as Class Counsel; approve the form and substance of the Notice and the method of dissemination; and approve the scheduling order as set forth in the Preliminary Approval Order.

Dated: July 15, 2010
      New York, New York          GISKAN SOLOTAROFF ANDERSON & STEWART LLP

By:                              

              Catherine E. Anderson (CA 5129)
              Darnley D. Stewart (DS 0835)
              11 Broadway, Suite 2150
              New York, NY 10004
              (212) 847-8315

              *Attorneys for Plaintiffs*