UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
GAUTAM PATEL, JALAL BHUIYAN,
CONRAD DSOUZA, VICTOR MONTEIRO,
SIMON MALDONADO, MOHAMMED FARID UDDIN,
FAYSAL ABEDIN, ABDUL ALI, JAVIER
SOBERAN PEREZ, MOHAMMED TAHER,
RAJINDER SINGH,  HARJINDER SINGH,
JESUS MALDONADO, SANTIAGO REYES,
ANWAR HUSSAN MALIK, MOHAMMED JAHANGIR
ALAM, NEVILLE PEREIRA, and ALFREDO
("PABLO JUNIOR") MALDONADO, on behalf
of themselves individually and all others similarly situated,

Plaintiffs,

v.

BALUCHI'S INDIAN RESTAURANT,
KRAJ FOODS, INC., d/b/a/
BALUCHI'S, PARAMOUNT FOODS, INC., d/b/a/
BALUCHI'S, GATEWAY FOODS, INC, d/b/a/
BALUCHI'S, DOES 1-10, d/b/a/ BALUCHI'S and
RAKESH AGGARWAL

Defendants.
-----------------------------------------------------------------x

Civ. Action No.:
08 CIV 9985 (RJS)(THK)

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/5/11

## ORDER PRELIMINARILY CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, APPOINTING CLASS COUNSEL, DIRECTING THE ISSUANCE OF NOTICE TO THE CLASS AND SCHEDULING A FAIRNESS HEARING

**RICHARD J. SULLIVAN**, District Judge:

WHEREAS, on November 18, 2008, Plaintiffs Gautam Patel, Jalal Bhuiyan, Conrad Dsouza, Victor Monteiro, Simon Maldonado, Mohammed Farid Uddin, Faysal Abedin, Abdul Ali, Javier Soberan Perez, Mohammed Taher, Rajinder Singh, Harjinder Singh, Jesus Maldonado and Santiago Reyes filed this putative class action against Defendants Baluchi's Indian Restaurant, Kraj Foods, Inc., d/b/a Baluchi's, Paramount Foods, Inc., d/b/a Baluchi's, Gateway

2

Foods, Inc, d/b/a Baluchi's, Does 1-10, d/b/a/ Baluchi's ("Baluchi's") and Rakesh Aggarwal, on behalf of all current and former waiters, delivery persons, dishwashers and cooks employed by Baluchi's, for violation of the wage and hour provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and New York state labor laws;

WHEREAS, Defendants vigorously deny any wrongdoing or liability; and

WHEREAS, following lengthy and extensive arm's-length negotiations between counsel for the parties, which involved a neutral third party mediator as well as the supervision and guidance of Magistrate Judge Theodore H. Katz, the Settlement Agreement, dated July 15, 2010, was reached, pursuant to which the parties have agreed upon a settlement of this matter, subject to the approval and determination of the Court as to the fairness, reasonableness and adequacy of the settlement, which, if approved, will result in final certification of the Class for settlement purposes only, and dismissal of the action with prejudice.

NOW THEREFORE, upon reviewing the Settlement Agreement, Plaintiffs' Motion for Preliminary Approval of the Settlement, including the exhibits attached thereto, the Plaintiffs' Memorandum of Law In Support of Preliminary Approval of the Settlement, and the declaration of Catherine E. Anderson dated July 15, 2010, in support thereof, and all prior proceedings held herein, and the mater having come before the Court, based on the foregoing, and the Court's proceedings,

**It is hereby ORDERED, ADJUDGED AND DECREED as follows:**

1. **Jurisdiction.** This Court has personal jurisdiction over all members of the proposed Class (defined below) and has subject matter jurisdiction over this action, including jurisdiction to preliminarily approve the proposed settlement and preliminarily certify the Class

for settlement purposes only.

2. **Findings Regarding Proposed Settlement.** The Court finds that (a) the proposed Settlement resulted from extensive arm's length negotiations over seen by both a neutral third party mediator and Magistrate Judge Katz, the proposed Settlement and exhibits thereto is sufficient to warrant preliminary certification of the Class for settlement purposes, the mailing and publication of the Notice to the members of the Class, and full hearing on the Settlement.

3. **Conditional Class Certification For Settlement Purposes.** For purposes of the settlement of this action, and only for such purposes and without an adjudication on the merits of class certification, the Court hereby certifies the following class for settlement purposes:

> All persons employed by a Baluchi's Indian Restaurant during the period November 18, 2002, through the present in the position of waiter, delivery, dishwasher and/or cook.

This certification is conditional and for the purposes of consideration and implementation of the proposed settlement only.

4. **Class Representative and Class Counsel.** Plaintiffs are designated Class Representatives for settlement purposes only. The law firm of Giskan Solotaroff Anderson & Stewart LLP is designated Class Counsel, as defined below.

5. **Final Approval Hearing.** A hearing ("Final Approval Hearing") will be held at 11:00 a. m. on April 13, 2011, in the United States District Court for the Southern District of New York, 500 Pearl Street, New York, New York, 10007, in Courtroom 21C to determine (a) whether this action should be finally certified as a class action for settlement purposes; (b) whether the settlement of the class action should be approved as fair, reasonable and adequate;

(c) whether the class action should be dismissed with prejudice under the terms of the Settlement; (d) whether members of the Class should be bound by the Release set forth in the Settlement; and (e) whether the application of Class Counsel for an award of attorneys' fees and reimbursement of expenses should be approved. The parties' submissions in support of the settlement shall be filed with the Court by March 4, 2011, and any reply papers responding to objections shall be filed by March 30, 2011. Any member of the Class who does not exclude him or herself from the Settlement may appear and be heard at the Final Approval Hearing.

      6.    **Notice to the Class.** The Notice to the Class shall be distributed by mail and via publication within 30 days of the entry of this Order. Defendants shall pay for the costs of mailing and publication of the Notice.

      7.    **Findings Concerning Notice.** The Notice to be given in the form and manner provided in Paragraph 6 of this Order is the best practicable notice and is reasonably calculated, under the circumstances, to apprise the members of the Class (a) of the pendency of this action; (b) of their right to exclude themselves from the proposed Settlement; (c) that any judgment, whether favorable or not, will include all members of the Class who do not request exclusion; and (d) that any member of the Class who does not request exclusion may object to the Settlement and, if he or she desires, enter an appearance either personally or through counsel. The Court notes that the Notice is written in simple English, and will be translated into Spanish and Bengali, and finds such notice to be reasonable, and to constitute due, adequate and sufficient notice to all persons entitled to be provided with notice, and that it meets the requirements of the United States Constitution, the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the Southern District of New York.

8. **Exclusion from the Class.** Any member of the Class who wishes to be excluded from the Class must mail a written request, postmarked no later than March 9, 2011, to:

> Catherine E. Anderson, Esq.
> Giskan, Solotaroff Anderson & Stewart, LLP
> 11 Broadway, Suite 2150
> New York, NY 10004
> *Attorneys for the Class*

The request for exclusion must include the following information: (1) the Class member's name, address and telephone number; (2) a statement that the Class member wishes to be excluded from the Class; (3) the Class member's signature; and (4) the following case name and number: *Patel, et al., v. Baluchi's Indian Restaurant, et al.*, Case No. 08 Civ. 9985 (RJS)(THK). Any member of the Class who does not file a timely written request for exclusion shall not be excluded from the Class and shall be bound by all subsequent proceedings, order and judgments in this action.

9. **Objections.** Any member of the Class who has not filed a timely written request for exclusion and who wishes to object to the fairness, reasonableness or adequacy of the proposed Settlement, must file a statement of objection no later than March 23, 2011, with Class Counsel and Defendants' Counsel.

The objection must include the Class member's name, address and telephone number, a statement of Class member's objection(s), any supporting evidence thereof, and the case name and number. Any member of the Class who files and serves a written objection may appear the Final Approval Hearing, either in person or through counsel retained at the Class member's expense.

10. **Claims Administrator.** A.B. Data, Ltd. is hereby authorized to perform

tasks relating to administration of this Settlement, and Defendants will pay for the reasonable claims administration services from the $100,000 Settlement Fund established on behalf of the members of the Class who did not opt-in to the FLSA collective action.

**SO ORDERED.**

RICHARD J. SULLIVAN
United States District Judge

New York, New York
January 4, 2011