UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
GAUTAM PATEL, JALAL BHUIYAN,
CONRAD DSOUZA, VICTOR MONTEIRO,
SIMON MALDONADO, MOHAMMED FARID UDDIN,
FAYSAL ABEDIN, ABDUL ALI, JAVIER
SOBERAN PEREZ, MOHAMMED TAHER,
RAJINDER SINGH, HARJINDER SINGH,
JESUS MALDONADO, SANTIAGO REYES,
ANWAR HUSSAN MALIK, MOHAMMED JAHANGIR
ALAM, NEVILLE PEREIRA, and ALFREDO
("PABLO JUNIOR") MALDONADO, on behalf
of themselves individually and all others similarly situated,    Civ. Action No.:
                                                                 08 CIV 9985 (RJS)(THK)
           Plaintiffs,
   v.

BALUCHI'S INDIAN RESTAURANT,
KRAJ FOODS, INC., d/b/a/
BALUCHI'S, PARAMOUNT FOODS, INC., d/b/a/
BALUCHI'S, GATEWAY FOODS, INC, d/b/a/
BALUCHI'S, DOES 1-10, d/b/a/ BALUCHI'S and
RAKESH AGGARWAL

           Defendants.
-----------------------------------------------------------------------x

## NOTICE OF PLAINTIFFS' MOTION FOR FINAL APPROVAL
## OF CLASS ACTION SETTLEMENT AND CLASS COUNSEL'S FEES AND EXPENSES

PLEASE TAKE NOTICE that the upon the Plaintiffs' Memorandum of Law in Support of (1) Final Approval of Class Action Settlement, (2) Certification of the Settlement Class, (3) Approval of the FLSA Settlement, and (4) Approval of Class Counsel's Request for Attorney's Fees and Reimbursement of Expenses, and all supporting declarations submitted herewith, Plaintiffs will move on April 13, 2011, at 11 a..m, in the United States District Court for the Southern District of New York, located at 500 Pearl Street, New York, New York, 11201, Courtroom 21C, for entry of the proposed Order, attached hereto as Exhibit A, approving as final

the Settlement of the Class Action, the FLSA collective action, and certification of the settlement class, awarding Class Counsel's fees and reimbursement of expenses, and dismissing this action with prejudice.

Dated:  March 3, 2011
        New York, New York

Respectfully Submitted,

_____
Catherine E. Anderson (CA 5129)
Giskan Solotaroff Anderson
& Stewart LLP
11 Broadway, Suite 2150
New York, New York 10004
(212) 847-8315

*Counsel for Plaintiffs and the Class*

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
GAUTAM PATEL, JALAL BHUIYAN,                            :
CONRAD DSOUZA, VICTOR MONTEIRO,                         :
SIMON MALDONADO, MOHAMMED FARID UDDIN,                  :
FAYSAL ABEDIN, ABDUL ALI, JAVIER                        :
SOBERAN PEREZ, MOHAMMED TAHER,                          :
RAJINDER SINGH, HARJINDER SINGH,                        :
JESUS MALDONADO, SANTIAGO REYES,                        :
ANWAR HUSSAN MALIK, MOHAMMED JAHANGIR                   :
ALAM, NEVILLE PEREIRA, and ALFREDO                      :
("PABLO JUNIOR") MALDONADO, on behalf                   :
of themselves individually and all others similarly situated, :   Civ. Action No.:
                                                        :   08 CIV 9985 (RJS)(THK)
                Plaintiffs,                             :
        v.                                              :
                                                        :
BALUCHI'S INDIAN RESTAURANT,                            :
KRAJ FOODS, INC., d/b/a/                                :
BALUCHI'S, PARAMOUNT FOODS, INC., d/b/a/                :
BALUCHI'S, GATEWAY FOODS, INC, d/b/a/                   :
BALUCHI'S, DOES 1-10, d/b/a/ BALUCHI'S and              :
RAKESH AGGARWAL                                         :
                                                        :
                Defendants.                             :
-------------------------------------------------------------------x

## [Proposed] FINAL JUDGMENT AND ORDER

IT IS HEREBY ADJUDGED, ORDERED AND DECREED THAT:

**1. Jurisdiction.** This Court has personal jurisdiction over all members of the Class (as defined below) and has subject matter jurisdiction over (a) the claims asserted in this Action, including jurisdiction to approve the proposed settlement, to grant final certification of the Class, to settle and release all claims based on or relating to the Complaint and the allegations raised in this Action, and to dismiss this Action on the merits and with prejudice; and (b) the terms of the Stipulation of Settlement in this matter, dated July 15, 2010 (the "Stipulation of Settlement" or

"Settlement").

**2. Class Definition.** The following Class is granted final certification, for purposes of settlement of this Action only, under Fed. R. Civ. P. 23(b)(3): All persons employed by a Baluchi's Indian Restaurant during the period November 18, 2002, through the present in the position of waiter, delivery, dishwasher and/or cook.

**3. Findings Concerning Certification of the Class for Settlement:** the Court finds that the Class satisfies all requirement of Rule 23(b)(3): (a) the numerosity requirement is satisfied as there are more than 100 Class members; (b) the commonality requirement is satisfied as all of Plaintiffs' claims and those of the other members of the Class arise from common issues of law and fact: whether Defendants failed to pay Plaintiffs and other Class members minimum wage and overtime and misappropriated tips, and whether Defendants violated the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the New York Labor Law ("NYLL"); (c) the typicality requirement has been satisfied because the claims of Plaintiffs and all Class members derive from Defendants' alleged uniform practice of failing to pay minimum wages and overtime, and misappropriating tips; (d) the adequacy requirement is satisfied as Class Counsel specializes in plaintiffs' side employment and class action litigation and have vigorously pursued this action since 2008, and Plaintiffs' interest are not antagonistic to those of the Class, as Plaintiffs' claims are identical to those of the Class; (e) common questions of law or fact predominate over any questions affecting only individual Class members; and (f) the class action is superior to other available methods for the fair and efficient adjudication of the controversy.

**4. Findings Concerning Notice:** the Court finds that individual notice sent to each Class member's last-known address in English, Spanish and Bengali, and the notice by

2

publication in *El Diario* and *Bangla Times* (a) was the best practicable notice; (b) was reasonably calculated, under the circumstances, to apprise the Class members of the pendency of this Action, their right to exclude themselves from the proposed settlement, that any judgment, whether favorable or not, will include all Class members who do not request exclusion, and that any Class member who does not request exclusion may object to the settlement and, if he or she desires, enter an appearance either personally or through counsel; (c) was reasonable and constituted due, adequate and sufficient notice to all persons entitled to receive notice; and (d) complied with Fed. R. Civ. P. 23(b)(3) and 23(e), the Due Process Clause of the United States Constitution and Local Rules of the Southern District of New York.

**5. Settlement of the FLSA Claims**: The Settlement of the FLSA claims is a reasonable compromise of a *bona fide* dispute, and is the product of arm's length negotiations between adversarial parties overseen by a third party mediator and a Magistrate Judge.

**6. Approval of the Settlement.** The Settlement is hereby finally approved as fair, reasonable, and adequate, and consistent and in compliance with the applicable provisions of the United States Constitution, as to, and in the best interests of, each of the parties and the Class members. The parties and their counsel are accordingly instructed to implement and consummate the Settlement according to its terms and provisions.

**7. Dismissal of Claims with Prejudice and Release.** The claims in this Action and the Complaint are dismissed on the merits and with prejudice in accordance with the terms set forth in the parties' Stipulation of Settlement dated July 15, 2010, without costs to any party except as provided therein and by separate order of the Court. Effective as of the date of this Final Judgment and Order, Defendants are hereby forever discharged from any and all Released Claims

(as that term is defined in the Stipulation of Settlement).

**8. Injunction Barring Further Actions By Class Members.** This Final Judgment and Order is binding on, and has res judicata and preclusive effect in all pending and future lawsuits in federal or state court or in any other legal, administrative or regulatory proceedings that are commenced or maintained by or on behalf of plaintiff or any other Class member who has not timely and properly excluded himself or herself from the Class and his or her assigns, heirs, successors and personal representatives. Accordingly, all Class members who have not been timely excluded from the Class are hereby permanently barred and enjoined from filing, commencing, prosecuting, maintaining, intervening in, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration, or administrative, regulatory or other proceeding or order in any jurisdiction based on or relating to the Released Claims.

**9. Adequacy of Representation.** Class Counsel in this Action and the named Plaintiffs have adequately represented the Class for purposes of entering into and implementing the Stipulation of Settlement.

**10. Further Amendments of the Stipulation of Settlement.** The parties are hereby authorized, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Stipulation of Settlement that are consistent with this Final Judgment and Order.

**11. Class Counsel's Request For Attorney's Fees and Reimbursement of Expenses.** The Court hereby awards Class Counsel attorney's fees and expenses in this Action in the total amount of $170,000, which shall be the sole aggregate compensation for all attorneys of record

for the Class. This award shall be made payable by Defendants in accordance with the terms of the Settlement Agreement.

**12. Continuing Jurisdiction.** The Court shall retain continuing jurisdiction over the administration, consummation, enforcement and interpretation of the Settlement and Final Judgment and Order and for any other necessary purpose.

Dated: _____
New York, New York

_____
HONORABLE RICHARD J. SULLIVAN
U.S. DISTRICT COURT JUDGE