UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

GAUTAM PATEL, JALAL BHUIYAN,  :
CONRAD DSOUZA, VICTOR MONTEIRO,  :
SIMON MALDONADO, MOHAMMED FARID UDDIN, :
FAYSAL ABEDIN, ABDUL ALI, JAVIER  :
SOBERAN PEREZ, MOHAMMED TAHER,  :
RAJINDER SINGH, HARJINDER SINGH,  :
JESUS MALDONADO, SANTIAGO REYES,  :
ANWAR HUSSAN MALIK, MOHAMMED JAHANGIR :
ALAM, NEVILLE PEREIRA, ALFREDO  :
("PABLO JUNIOR") MALDONADO,  :
   :
   :     Civ. Action No.:
   :     08 CIV 9985 (RJS)(THK)
   :
Plaintiffs,  :
    v.  :
   :
   :
BALUCHI'S INDIAN RESTAURANT,  :
KRAJ FOODS, INC., d/b/a/  :
BALUCHI'S, PARAMOUNT FOODS, INC., d/b/a/  :
BALUCHI'S, GATEWAY FOODS, INC, d/b/a/  :     **THIRD AMENDED**
BALUCHI'S, DOES 1-10, d/b/a/ BALUCHI'S and  :     **COMPLAINT**
RAKESH AGGARWAL  :
   :
Defendants.  :

---------------------------------------------------------------------x

    1.    Plaintiffs are current and former employees of Defendant Baluchi's Indian

Restaurant ("Baluchi's"), which at all relevant times has been owned and operated by Defendant

Rakesh Aggarwal. All Plaintiffs have worked at one or more of the Baluchi's restaurant

locations in New York City.

    2.    In violation of federal and New York State labor laws, Defendants, *inter alia*,

have failed to pay Plaintiffs overtime, unlawfully appropriated a portion of Plaintiffs' tips, taken

unlawful deductions from Plaintiffs' wages and failed to pay certain Plaintiffs the minimum

wage. With respect to certain Plaintiffs, Defendants also have unlawfully retaliated in violation

of N.Y. Lab. Law § 215.1.

3.      Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, including those current and former Baluchi's workers who have opted- in pursuant to FLSA, 29 U.S.C. § 216(b), and the New York Labor Law § 190 *et seq.* and § 650 *et seq.*, to recover the wages and tips that are owed to them, as well as statutory and liquidated damages.

## JURISDICTION

4.      This Court has jurisdiction pursuant to the FLSA, 29 U.S.C. § 216 and 28 U.S.C. § 1331.  Plaintiff have consented to file this lawsuit under the FLSA.

5.      This Court has supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367.

6.      Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b) and (c) because the majority of the unlawful acts complained of occurred in, and the records relevant to such practices are maintained in, this District.

7.      Notification of the claim of retaliation has been served on the New York State Attorney General.

## THE PARTIES

### Plaintiffs

8.      Plaintiff Gautam Patel is a former employee of Defendant Baluchi's Indian Restaurant ("Baluchi's").  From 1994 to 2008, Mr. Patel worked as a waiter for Baluchi's.  In or around 2004, Baluchi's re-classified Mr. Patel as a so-called "manager," yet he continued to function as a head waiter.  He had no ability to hire or fire Baluchi's employees or schedule their

2

work hours. He had no ability to make executive decisions or place orders for Baluchi's with suppliers. Rather, each such decision ultimately was required to be made by Mr. Aggarwal and Mr. Patel could only make suggestions. Mr. Patel's duties included greeting and seating the customers, waiting on tables, setting up the tables, cleaning the tables, and generally ensuring that all things ran smoothly for the Baluchi's customers. He was also responsible for informing Defendant Aggarwal what supplies were needed for the restaurant, although Defendant Aggarwal exercised total discretion in placing the orders with suppliers. In addition, Mr. Patel was responsible for washing the linens used in the restaurant and washing the workers' uniforms. Baluchi's mis-classified Mr. Patel as a manager. Although Mr. Patel was provided with a letter of employment from Defendant Aggarwal in 2004 stating that he would receive an annual salary of $44,000 based on a 40 hour work week, Mr. Patel did not receive this annual salary and was not paid as a salaried employee. Instead, Defendants paid Mr. Patel either by the shift or a flat weekly rate, up to a maximum of $750 per week from 2004 to 2006, and a maximum of $770 per week from 2006 to 2008. Thus, in 2008 alone, Mr. Patel's weekly pay ranged from $500 to $770. Mr. Patel typically worked 11 hour days, 11 shifts per week and over 60 hours per week. He was not paid overtime. At all times relevant, Mr. Patel was an employee of Defendants within the meaning of the FLSA and the New York Labor Law. In addition to the wage and overtime violations alleged herein, Mr. Patel also asserts a claim for common law breach of contract. .

9.     Plaintiff Conrad Dsouza is a former employee of Baluchi's. His employment at Baluchi's ended in or around November 2008. For approximately eleven years, Mr. Dsouza worked as a waiter for Baluchi's. Mr. Dsouza often worked approximately 11 hours per day, six

days per week. Defendants paid Mr. Dsouza $20 to $22 per shift, or approximately $40 to $44 dollars per day. He was not paid overtime. At all times relevant, Mr. Dsouza was an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

10. Plaintiff Victor Monteiro is a former employee of Baluchi's. From 2002 to 2011, Mr. Monteiro worked as a waiter for Baluchi's. Mr. Monteiro worked approximately 11 hours per day, six days per week. Defendants paid Mr. Monteiro $15 per shift, or $30 per day. He was not paid overtime. At all times relevant, Mr. Monteiro was an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

11. Plaintiff Simon Maldonado is a current employee of Baluchi's. For approximately the past eleven years, Mr. S. Maldonado has worked as a delivery person for Baluchi's. Mr. S. Maldonado often has worked approximately 11 to 12 hours per day, six days per week. Defendants pay Mr. S. Maldonado $15 per shift, or $30 per day. He is not paid overtime. At all times relevant, Mr. S. Maldonado has been an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

12. Plaintiff Jalal Bhuiyan is a former employee of Baluchi's. From approximately 1998 to 2008, Mr. Bhuiyan worked as a cook for Baluchi's. While employed by Baluchi's, Mr. Bhuiyan worked approximately 11 to 12 hours per day, six days per week, performing predominantly routine mental and physical work. Defendants paid Mr. Bhuiyan a flat rate of $400 per week from 2001 to 2004, $500 per week from 2005 to 2006, $600 per week from 2006 to 2007 and $770 per week in 2008. He was not paid overtime. At all times relevant, Mr. Bhuiyan was an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

4

13.     Plaintiff Mohammed Farid Uddin is a former employee of Baluchi's. From approximately 1995 to 2006, Mr. Uddin worked as a cook for Baluchi's. While employed by Baluchi's, Mr. Uddin worked approximately 11 hours a day, six days per week, performing predominantly routine mental and physical work. Defendants paid Mr. Uddin a flat rate of $450 per week, and ultimately increased his pay to approximately $770 per week. He was not paid overtime. At all times relevant, Mr. Uddin was an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

14.     Plaintiff Faysal Abedin is a former employee of Baluchi's. From approximately 1997 to June 2008, Mr. Abedin worked as a cook for Baluchi's. While employed by Baluchi's, Mr. Adedin worked approximately 11 to 12 hours per day, six days per week, performing predominantly routine mental and physical work. Defendants originally paid Mr. Abedin a flat rate of approximately $550 per week and increased his pay to approximately $700 per week in or around 2003. He was not paid overtime. At all times relevant, Mr. Abedin has been an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

15.     Plaintiff Abdul Ali is a former employee of Baluchi's. From approximately 1995 to 2006, Mr. Ali worked as a cook for Baluchi's. While employed by Baluchi's, Mr. Ali worked 11 hours per day, six days per week, performing predominantly routine mental and physical work. Defendants paid Mr. Ali a flat rate of approximately $550 per week from 1995 to 2002, $625 per week from 2002 to 2003, $675 per week from 2003 to 2005, and $750 per week from 2005 to 2006. He was not paid overtime. At all times relevant, Mr. Ali was an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

16.     Plaintiff Javier Soberan Perez is a current employee of Baluchi's, where he has

5

worked for the past thirteen years. From 2000 to the present, Mr. Soberan Perez has worked as a cook for Baluchi's. Mr. Soberan Perez often has worked 12 hours per day, six days per week, performing predominantly routine mental and physical work. Defendants paid Mr. Soberan Perez a flat rate of $400 per week from 2000 to 2007, and have paid him a flat rate of $600 per week from 2007 to the present. He is not paid overtime. At all times relevant, Mr. Soberan Perez has been an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

17.     Plaintiff Mohammed Taher is a former employee of Baluchi's. For approximately fourteen years, and until 2007, Mr. Taher worked as a cook for Baluchi's. While employed by Baluchi's, Mr. Taher worked approximately 11 to 12 hours per day, six days per week, performing predominantly routine mental and physical work. Defendants originally paid Mr. Taher a flat rate of $475 per week, and ultimately increased his pay to $825 per week. He was not paid overtime. In or around 2007, Mr. Taher complained to Defendant Aggarwal on behalf of the other workers at Baluchi's concerning the poor and unsafe working conditions, low pay, and lack of benefits. Shortly thereafter, Defendant Aggarwal terminated Mr. Taher. At all times relevant, Mr. Taher was an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

18.     Plaintiff Rajinder Singh is a former employee of Baluchi's. From 2000 to 2010, Mr. R. Singh worked as a cook for Baluchi's. Mr. R. Singh worked approximately 11 hours per day, six days per week, performing predominantly routine mental and physical work. Defendants paid Mr. R. Singh a flat rate of $350 per week until 2003, a flat rate of approximately $600 per week from 2003 to 2006, and a flat rate of approximately $316 per week from 2006 to the

present. He was not paid overtime. At all times relevant, Mr. R. Singh was an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

19.     Plaintiff Harjinder Singh is a former employee of Baluchi's. From approximately 1999 to 2004, Mr. H. Singh worked as a cook for Baluchi's. While employed by Baluchi's, Mr. H. Singh worked 11 hours per day, six days per week, preforming predominantly routine mental and physical work. Defendants paid Mr. H. Singh a flat rate of approximately $476 per week. He was not paid overtime. At all times relevant, Mr. H. Singh was an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

20.     Plaintiff Jesus Maldonado is a current employee of Baluchi's. For approximately the past eleven years, Mr. J. Maldonado has worked as a dishwasher for Baluchi's. Mr. J. Maldonado often has worked approximately 12 ½ hours per day, six days per week. Defendants paid Mr. J. Maldonado a flat rate of $300 per week from 2001 to 2006, and $336 per week from 2006 to the present. He is not paid overtime. At all times relevant, Mr. J. Maldonado has been an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

21.     Plaintiff Santiago Reyes is a current employee of Baluchi's. For approximately the past twelve years, Mr. Reyes has worked as a dishwasher for Baluchi's. Mr. Reyes often has worked approximately 13 hours per day, six days per week. Defendants paid Mr. Reyes a flat rate of $275 per week from 2000 to 2005, $300 per week from 2005 to 2006 and $350 per week from 2007 to the present. He is not paid overtime. At all times relevant, Mr. Reyes has been an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

22.     Plaintiff Anwar Hussan Malik is a former employee of Baluchi's. From approximately 2000 to 2007, Mr. Malik worked as a cook for Baluchi's. While employed by

Baluchi's, Mr. Malik worked approximately 10 hours per day, six days per week, performing predominantly routine mental and physical work. Defendants paid Mr. Malik a flat rate of $400 per week. He was not paid overtime. At all relevant times, Mr. Malik was an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

23.     Plaintiff Mohammed Jahangir Alam is a former employee of Baluchi's. From approximately 1995 to 2007, Mr. Alam worked as a cook for Baluchi's. While employed by Baluchi's, Mr. Alam worked approximately 10 hours per day, six days per week, performing predominantly routine mental and physical work. Defendants paid Mr. Alam a flat rate of $575 per week in 2002, $625 per week from 2003 to 2006, and $850 per week in 2007. He was not paid overtime. At all relevant times, Mr. Alam was an employee of Defendants within the meaning of the FLSA and New York Labor Law.

24.     Plaintiff Neville Pereira is a former employee of Baluchi's. From approximately 2000 to May 2008, Mr. Pereira worked as a waiter for Baluchi's. While employed by Baluchi's, Mr. Pereira worked approximately 11 hours per day, six days per week. Defendants pay Mr. Pereira $15 per lunch shift and $10 per dinner shift, or approximately $25 per day. He was not paid overtime. At all times relevant, Mr. Pereira was an employee of Defendants within the meaning of the FLSA and the New York Labor Law.

25.     Plaintiff Alfredo ("Pablo Junior") Maldonado is a current employee of Baluchi's. For approximately the past six years, Mr. A. Maldonado has worked as a dishwasher for Baluchi's. Mr. A. Maldonado often has worked approximately 11 hours per day, six days per week. Defendants have paid Mr. A. Maldonado a flat rate of $300 per week. He is not paid overtime. At all times relevant, Mr. J. Maldonado has been an employee of Defendants within

the meaning of the FLSA and the New York Labor Law.

**The Opt- In Plaintiffs**

26.     In addition to the named Plaintiffs set forth in paragraphs 8 through 25, *supra*, the following ten former Baluchi's employees filed a "Consent to Join Lawsuit As A Party Plaintiff" pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §201, *et seq.*:

- Ali Hossein, who was formerly employed at Baluchi's from March 2001 through April 2006 as a cook. Mr. Hossein worked approximately 11 to 12 hours per day, six days per week, performing predominantly routine mental and physical work. and earned approximately $650 per week at Baluchi's. He was not paid overtime;

- Bosco Alphonso, who was formerly employed at Baluchi's from August 1995 to January 2002 and from January 2005 to October 2008 as a waiter and mis-classified as a "manager." Mr. Alphonso worked approximately 12 hours per day, six days per week and earned approximately $500 per week from January 2005 to October 2006, and from October 2006 to October 2008, he earned approximately $700 per week at Baluchi's. He was not paid overtime;

- Ved Prakash Sharma, who was formerly employed at Baluchi's from July 2001 through February 2007 as a waiter. Mr. Sharma worked approximately 11 hours per day, six days per week at Baluchi's and was paid a flat rate of $30 per day. He was not paid overtime;

- Leovardo Guzman Mejia, who was formerly employed at Baluchi's from February 2004 to May 2007 as a dishwasher. Mr. Mejia worked approximately 12 hours per day, six days a week and was paid $300 per week at Baluchi's. He was not paid overtime;

- Medardo Everisto Andreu, who was formerly employed at Baluchi's from June

9

2005 through May 2007 as a delivery person. Mr. Andreu worked 7.5 hours per day, six days per week and earned $15 per day at Baluchi's. He was not paid overtime;

- Wenceslao Olivares, who was formerly employed at Baluchi's from December 2003 until November 2007 as a dishwasher and a delivery person. From December 2003 to November 2004, Mr. W. Olivares worked as a dishwasher approximately 12 hours per day, six days per week and was paid $300 per week at Baluchi's. From November 2004 to November 2007, Mr. W. Olivares worked 7 shifts per week as a delivery person and was paid $15 per shift at Baluchi's. Each shift was approximately 5.5 hours. Mr. W. Olivares was not paid overtime;

- Eladio Franco Rodriguez, who was formerly employed at Baluchi's from September 2004 through May 2007 as a dishwasher. Mr. Rodriguez worked approximately 12 hours per day, six days per week and was paid $300 per week. He was not paid overtime.

- Pablo Olivares, who was formerly employed at Baluchi's from August 2002 through January 2007 as a dishwasher and delivery person. Mr. P. Olivares worked approximately 12 hours per day, six days per week, and was paid $30 per day or approximately $180 per week, at Baluchi's. He was not paid overtime;

- Marco Aguilar, who was formerly employed at Baluchi's from February 2002 to December 2007 as a dishwasher and delivery person. Mr. Aguilar worked approximately 11 to12 hours per day, six days per week, and was paid $30 per day, or approximately $180 per week, at Baluchi's. He was not paid overtime; and

- Rubelio "Roger" Guzman, who was formerly employed at Baluchi's from April 2008 until sometime in 2009 as a delivery person.

27. In addition, pursuant to the Orders of the Court dated July 26, 2011, and August

12, 2011, Jeet Singh Bolla joins this action as a plaintiff. Mr. Bolla is a former employee who worked as a cook for Baluchi's from October 10, 1998 to September 19, 2006, and from June 20, 2009 to February 14, 2011. Mr. Bolla commonly worked 11 hours per day, six days per week, performing predominantly routine mental and physical work, and was paid approximately $450 per week. He was not paid overtime. The original Plaintiffs and the opt-in Plaintiffs are referred to herein collectively as "Plaintiffs."

### "Front of the House" Plaintiffs

28.    Plaintiffs Patel, Dsouza, Monteiro, S. Maldonado, Pereira, Alphonso, Sharma, Andreu, W. Olivares, P. Olivares, Guzman and Aguilar are sometimes referred to herein as the "Front of the House" Plaintiffs.

### "Back of the House" Plaintiffs

29.    Plaintiffs Bhuiyan, Uddin, Abedin, Ali, Perez, Taher, R. Singh, H. Singh, J. Maldonado, Reyes, Malik, Alam, A. Maldonado, Hossein, Mejia, W. Olivares, Rodriguez, Aguilar, P. Olivares and Bolla are sometimes referred to herein as the "Back of the House" Plaintiffs.

### Defendants

30.    Defendant Baluchi's Indian Restaurant ("Baluchi's") is a restaurant with multiple locations in New York City. At all relevant times, Baluchi's has been owned by Defendant Rakesh Aggarwal. Each Baluchi's restaurant is operated in the same, uniform manner.

31.    Defendant Kraj Foods, Inc., d/b/a/ Baluchi's., located at 11330 Queens Boulevard, Forest Hills, New York 11375-6468, 275 Greenwich Street, New York, New York 10007, 109 West 38th Street, 5th Floor, New York, New York 10018 and 193 Spring Street, Frnt A, New

11

York, New York 10012-5640, is a private company owned by Defendant Aggarwal and is engaged in the restaurant business.

32.     Defendant Paramount Foods Inc., d/b/a/ Baluchi's, located at 329 Third Avenue, New York, New York 10010, is a private company owned by Defendant Aggarwal and is engaged in the restaurant business.

33.     Defendant Gateway Foods, Inc. d/b/a/ Baluchi's, located at 283 Columbus Avenue, New York, New York 11023, is a private company owned by Defendant Aggarwal and is engaged in the restaurant business.

34.     Defendant DOES 1 through 10 are other private corporate entities d/b/a/ Baluchi's which are unknown at this time.

35.     Defendant Rakesh Aggarawal, residing in Queens, New York, is the owner of Defendants Baluchi's, Kraj Foods, Inc., d/b/a/ Baluchi's, Paramount Foods Inc., d/b/a/ Baluchi's, Gateway Foods, Inc. d/b/a/ Baluchi's and the owner or co-owner of DOES 1through 10. He has the power to hire and fire employees of Baluchi's, set their wages and their work schedules and retain their records.

36.     At all relevant times, Defendants were the employer of Plaintiffs within the meaning of the FLSA and the New York Labor Law.

## STATEMENT OF FACTS

37.     Plaintiffs were employed by Baluchi's as restaurant workers over various periods of time from 2002 to the present. All Plaintiffs worked in one or more of the Baluchi's restaurant locations. Plaintiffs are immigrants from India and Latin America, and most Plaintiffs do not speak English as their first language. At all relevant times, Plaintiffs were Defendants'

employees within the meaning of the Fair Labor Standards Act and New York Labor Law.

38.     Plaintiffs' work schedule at Baluchi's followed a shift system. There are two main work shifts, the lunch shift, which runs from approximately 11:00 a.m. to 3:30 p.m. or 4:00 p.m., and the dinner shift, which runs from approximately 4:30 p.m. to closing at between11:30 p.m. and 12:30 a.m. Plaintiffs were paid for the shifts they actually worked, but not for the time in between shifts during which they were required to perform numerous tasks on behalf of Baluchi's.

39.     Most Plaintiffs worked both shifts and did not have a scheduled break between the two shifts. Instead, Plaintiffs were required to perform additional tasks on behalf of Baluchi's between shifts. Such tasks included answering the telephone, taking reservations, taking and preparing orders for delivery, and preparing the kitchen and the dining area for the second shift. Plaintiffs were required to be "on call" to attend to the needs of Baluchi's in between the shifts. On average, most Plaintiffs worked eleven to twelve hours or more per day, six days per week.

40.     Plaintiffs were paid a flat wage for each shift worked. Plaintiffs were not paid overtime wages.

### Failure to Pay at the Minimum Wage Rate

41.     Defendants failed to pay Plaintiffs, including, but not limited to, Plaintiffs Dsouza, Monteiro, S. Maldonado, J. Maldonado, Reyes, Pereira, A. Maldonado, J.S. Perez, Andreu, Sharma, Meija, Rodriquez, Aguilar, P. Olivares and W. Olivares, at the federal and New York State minimum wage rate throughout their employment with Defendants and also failed to pay Plaintiffs for each hour worked.

## Failure to Pay Overtime

42.     Defendants failed to pay Plaintiffs the overtime wages for hours worked in excess of 40 hours per week in violation of federal and New York State labor laws throughout Plaintiffs' employment with Defendants.

## Confiscation of Tips

43.     At all relevant times until approximately October 2007, the Front of the House Plaintiffs were required to pay Defendant Aggarwal 15% percent of the total credit card tips received each day.  These monies lawfully belong to the Front of the House Plaintiffs.

## Inapplicability of Tip Credit

44.     Defendants are not entitled to reduce the minimum wage by applying the tip credit allowance that is available in limited cases under 29 U.S.C. § 203(m) and 12 N.Y.C.R.R. § 137-1.5.  Defendants never informed Plaintiffs that he was reducing the minimum wage by a tip allowance under § 3(m) of the FLSA, and, until approximately October 2007, Defendant Aggarwal unlawfully appropriated portions of the tips for himself in violation of 29 U.S.C. § 203(m).

## Failure to Pay Spread of Hours

45.     Defendants failed to pay Plaintiffs an extra hour of pay at the minimum wage for each day that they worked in excess of ten hours in violation of New York Labor Law throughout Plaintiffs' employment with Defendants.

## Failure to Pay Wages

46.     Defendants regularly failed to pay Plaintiffs for each hour worked in violation of New York Labor Law.

14

### Unlawful Deductions

47. Defendants unlawfully deducted money from Plaintiffs' pay checks each week, allegedly for tax purposes, although taxes were not actually paid by Defendants in the amount of the deductions. Only approximately half of the money taken from Plaintiffs' pay checks by Defendants was actually used to pay their taxes. Upon information and belief, Defendants unlawfully retained the other half of the deductions taken from Plaintiffs' paychecks.

### Unlawful Retaliation

48. In or around 2007, Plaintiff Mohammed Taher, a fourteen year employee of Baluchi's, complained to Defendant Aggarwal on behalf of the workers at Baluchi's concerning the substandard and unsafe working conditions, low wages, and lack of benefits. Shortly thereafter, Defendant Aggarwal fired Plaintiff Taher.

### Unjust Enrichment

49. Until approximately October 2007, the Front of the House plaintiffs were required to pay 15% of all credit card tips to Defendant Aggarwal. Defendants, however, failed to deduct 15% of the tip income from the Front of the House Plaintiffs' W-2 forms. As a result, the Front of the House Plaintiffs were required to pay taxes on tip income not received, and the over all tax burden on Defendants was improperly reduced and offset.

50. The Back of the House Plaintiffs did not receive tip income. However, Defendants improperly reflected tip income on the Back of the House Plaintiffs' W-2 forms. As a result, the Back of the House Plaintiffs were required to pay taxes on tip income not received, and the overall tax burden on Defendants was improperly reduced and offset.

# FIRST CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS DSOUZA, MONTEIRO, S. MALDONADO, J. MALDONADO, REYES, PEREIRA, A. MALDONADO J. S. PEREZ, SHARMA, MEIJA, RODRIGUEZ, ANDREU, AGUILAR, P. OLIVARES AND W. OLIVARES (FEDERAL MINIMUM WAGE VIOLATION)

51.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 50 above as if set forth fully herein.

52.     Defendants knowingly failed to pay Plaintiffs Dsouza, Monteiro, S. Maldonado, J. Maldonado, Reyes, Pereira, A. Maldonado, J. S. Perez, Sharma, Meija, Rodriguez, Andreu, Aguilar, P. Olivares and W. Olivares the federally mandated minimum wage (*i.e.*, $5.15 per hour for work performed prior to July 24, 2007; $5.85 per hour for work performed from July 24, 2007 to July 23, 2008, and $6.55 per hour for work performed from July 24, 2008 to July 23, 2009) in violation of 29 U.S.C. § 206.

53.     Defendants' failure to pay Plaintiffs Dsouza, Monteiro, S. Maldonado, J. Maldonado, Reyes, Pereira, A. Maldonado, J. S. Perez, Sharma, Meija, Rodriguez, Andreu, Aguilar, P. Olivares and W. Olivares the minimum wage was willful within the meaning of 29 U.S.C. § 225(a).

54.     Defendants failed to notify the Front of the House Plaintiffs of the requirements of 29 U.S.C. § 203(m), that is, the law regarding minimum wages and of the employer's intention to take the tip credit, *i.e.,* to include tip income when calculating wages actually paid for minimum-wage purposes, and Defendant Aggarwal unlawfully participated in the sharing of the tips. As a result, Defendants are not eligible for the tip credit and the Front of the House Plaintiffs' tip income cannot be applied to satisfy Defendants' obligation to pay the minimum wage.

55. With respect to the Plaintiffs employed as dishwashers or cooks at Baluchi's, 29 U.S.C. § 203(m) is also inapplicable because they have not received tips as wages at Baluchi's.

56. As a result of Defendants' willful and unlawful conduct, Plaintiffs Dsouza, Monteiro, S. Maldonado, J. Maldonado, Reyes, Pereira, A. Maldonado, J. S. Perez, Sharma, Meija, Rodriguez, Andreu, Aguilar, P. Olivares and W. Olivares are entitled to an award of damages in an amount to be determined at trial, plus liquidated damages.

## SECOND CAUSE OF ACTION
### ON BEHALF OF ALL PLAINTIFFS
### (FEDERAL OVERTIME VIOLATION)

57. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 50 above as if set forth fully herein.

58. Defendants intentionally failed to pay Plaintiffs for each hour worked in excess of forty (40) hours per week at the rate of one and one-half times the regular rate (not less than minimum wage) in violation of 29 U.S.C. § 201 *et seq.*

59. Defendants' failure to pay overtime premiums was willful within the meaning of 29 U.S.C. § 255(a).

60. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial, plus liquidated damages.

## THIRD CAUSE OF ACTION
### ON BEHALF OF ALL FRONT OF THE HOUSE PLAINTIFFS
### (FEDERAL DEPRIVATION OF TIPS)

61. Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 50 above as if set forth fully herein.

62. Until approximately October 2007, Defendants demanded and received from the

17

Front of the House Plaintiffs fifteen percent of all credit card tips received by them in violation of 29 U.S.C. § 203(m), which provides that all tips be provided to employees with positions that "customarily and regularly" receive tips.

63.     The Front of the House Plaintiffs have been damaged in an amount to be determined at trial, plus liquidated damages.

## FOURTH CAUSE OF ACTION
### ON BEHALF OF ALL PLAINTIFFS
### (NEW YORK STATE FAILURE TO PAY WAGES)

64.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 50 above as if set forth fully herein.

65.     By failing to pay Plaintiffs for each hour worked, Defendants blatantly disregarded their obligation to pay wages weekly and not later than seven calendar days after the week in which the wages were earned.

66.     Defendants' knowing and deliberate acts are in direct contravention of N.Y. Labor Law § 191(1)(a) and are actionable under N.Y. Labor Law § 198.

67.     Defendants' failure to pay Plaintiffs for each hour worked, and failure to pay wages weekly and not later than seven calendar days after the week in which the wages were earned, was willful within the meaning of N.Y. Lab. Law § 198.

68.     As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages in an amount to be determined at trial, plus liquidated damages.

## FIFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFFS DSOUZA, MONTEIRO, S. MALDONADO, J. MALDONADO, REYES, PEREIRA, A. MALDONADO J. S. PEREZ, SHARMA, MEIJA, RODRIGUEZ, ANDREU, AGUILAR, P. OLIVARES AND W. OLIVARES (NEW YORK STATE MINIMUM WAGE VIOLATION)

69.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 50 above as if set forth fully herein.

70.     Defendants knowingly failed to pay PlaintiffsDsouza, Monteiro, S. Maldonado, J. Maldonado, Reyes, Pereira, A. Maldonado, J. S. Perez, Sharma, Meija, Rodriguez, Andreu, Aguilar, P. Olivares and W. Olivares the minimum wage of $7.15 per hour required under N.Y. Lab. Law § 652 and supporting regulations of the New York State Department of Labor.

71.     Defendants' failure to pay Plaintiffs Dsouza, Monteiro, S. Maldonado, J. Maldonado, Reyes, Pereira, A. Maldonado, J. S. Perez, Sharma, Meija, Rodriguez, Andreu, Aguilar, P. Olivares and W. Olivares the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

72.     As a result of Defendants' willful and unlawful conduct, Plaintiffs Dsouza, Monteiro, S. Maldonado, J. Maldonado, Reyes, Pereira, A. Maldonado, J. S. Perez, Sharma, Meija, Rodriguez, Andreu, Aguilar, P. Olivares and W. Olivares are entitled to an award of damages in an amount to be determined at trial, plus liquidated damages.

## SIXTH CAUSE OF ACTION
## ON BEHALF OF ALL PLAINTIFFS
## (NEW YORK STATE OVERTIME VIOLATION)

73.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 50 above as if set forth fully herein.

74.     Defendants intentionally failed to pay Plaintiffs for each hour worked in excess of

forty (40) hours per week at the rate of one and one-half times their regular rate (not less than minimum wage) in violation of N.Y. Lab. Law § 650 *et seq.* and 12 N.Y.C.R.R. § 137.

75.     Defendants' failure to pay overtime premiums was willful within the meaning of N.Y. Lab. Law § 663 and supporting regulations of the New York State Department of Labor.

76.     As a result of Defendants' willful and unlawful conduct, the Plaintiffs are entitled to an award of damages in an amount to be determined at trial, plus liquidated damages.

**SEVENTH CAUSE OF ACTION**
**ON BEHALF OF ALL FRONT OF THE HOUSE PLAINTIFFS**
**(NEW YORK STATE DEPRIVATION OF TIPS)**

77.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 50 above as if set forth fully herein.

78.     Until approximately October 2007, Defendants demanded and received from the Front of the House Plaintiffs fifteen percent of the credit card tips in violation of N.Y. Lab. Law § 196-d.

79.     Defendants' acceptance and retention of a portion of the Front of the House Plaintiffs' tips was willful within the meaning of N.Y. Lab. Law § 198.

80.     As a result of Defendants' willful and unlawful conduct, the Front of the House Plaintiffs have been damaged in an amount to be determined at trial, plus liquidated damages.

**EIGHTH CAUSE OF ACTION**
**ON BEHALF OF ALL PLAINTIFFS**
**(NEW YORK STATE SPREAD OF HOURS VIOLATION)**

81.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 50 above as if set forth fully herein.

20

82.     Defendants failed to pay Plaintiffs one additional hour's pay at the minimum wage for each day Plaintiffs worked more than ten (10) hours in violation of N.Y. Lab. Law § 650 *et seq.*, and 12 N.Y.C.R.R. § 137-1.7.

83.     Defendants' failure to pay Plaintiffs an additional hour's pay for each day Plaintiffs worked in excess of ten (10) hours was willful within the meaning of N.Y. Lab. Law § 663.

84.     As a result of Defendants' willful and unlawful conduct, Plaintiffs have been damaged in an amount to be determined at trial, plus liquidated damages.

<strong>NINTH CAUSE OF ACTION<br>ON BEHALF OF ALL PLAINTIFFS<br>(UNLAWFUL DEDUCTION)</strong>

85.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 50 above as if set forth fully herein.

86.     Defendants routinely deducted money from the paychecks of Plaintiffs.  Only approximately half of the deductions taken by Defendants from the Plaintiffs' pay checks, however, were used to pay the Plaintiffs' taxes.

87.     Defendants' unlawful deductions were willful within the meaning of 29 U.S.C. § 255(a) and N.Y. Lab. Law § 198 and in violation of the prohibition against unlawful deductions from wages in 29 U.S.C. § 206, N.Y. Lab. Law §193 and 12 N.Y.C.R.R. § 137-2.5.

88.     As a result of Defendants' willful and unlawful conduct, Plaintiffs have been damaged in an amount to be determined at trial, plus liquidated damages.

## TENTH CAUSE OF ACTION
## ON BEHALF OF ALL PLAINTIFFS
## (COMMON LAW UNJUST ENRICHMENT)

89.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 50 above as if set forth fully herein.

90.     Until approximately October 2007, Defendant Aggarwal required all Front of the House Plaintiffs to pay him 15% of the credit card tips received. The Front of the House Plaintiffs' W-2 forms, however, did not reflect this 15% reduction in tip income. Rather, Defendant Aggarwal falsely represented the full tip income on the Front of the House Plaintiffs' W-2 forms, thus requiring them to pay taxes on tip income not received. In so doing, Defendant Aggarwal also falsely reduced and offset Defendants' own tax burden.

91.     The Back of the House Plaintiffs were not tip employees. Although they received no tip income, Defendant Aggarwal nevertheless falsely represented tip income on the W-2 forms for the Back of the House Plaintiffs. As a result, the Back of the House Plaintiffs were required to pay taxes on tip income not received, and Defendant Aggarwal was able improperly to reduce and offset Defendants' own tax burden.

92.     Plaintiffs thus were required to shoulder a tax burden which should have been borne by Defendants. As a result, Defendants saved tax monies at the expense of Plaintiffs.

93.     Defendants have and are continuing to derive profits and revenues resulting from Defendant Aggarwal's false, misleading, deceptive, unfair and inequitable conduct. It would be inequitable for Defendants to be permitted to retain any of the monies derived as a result of Defendant Aggarwal's unlawful conduct.

94.     Defendants should be compelled to provide restitution to the Plaintiffs and/or to

disgorge into a common fund or constructive trust for the benefit of Plaintiffs, all monies retained by Defendants from any unlawful or inequitable act described in this Complaint which has inured and continues to inure to the unjust enrichment of Defendants.

95.     Defendants also should be enjoined from continuing to engage in any unlawful or inequitable act alleged in this Complaint.

96.     Plaintiffs have no adequate remedy at law for their irreparable injuries caused by Defendants' inequitable conduct.

## ELEVENTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF TAHER
## (UNLAWFUL RETALIATION)

97.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 50 above as if set forth fully herein.

98.     Mr. Taher asserts this claim against Defendants on behalf of himself.

99.     In or around 2007, Plaintiff Mohammed Taher, a fourteen year employee of Baluchi's, complained to Defendant Aggarwal on behalf of the workers at Baluchi's concerning the substandard and unsafe working conditions, low wages, and lack of benefits. Shortly thereafter, Defendant Aggarwal fired Plaintiff Taher in violation of N.Y. Lab. Law § 215.1, which provides in pertinent part: "No employer or his agent, or the officer or agent of any corporation, shall discharge, penalize, or in any other manner discriminate against any employee because such employee has made a complaint to his employer. . . . that the employer has violated any provision of this chapter."

100.    As a result of Defendants' acts of retaliation in violation of N.Y. Lab. Law § 215.1, Plaintiff Taher is entitled to damages.

## TWELFTH CAUSE OF ACTION
## ON BEHALF OF PLAINTIFF PATEL
## (COMMON LAW BREACH OF CONTRACT)

101.     Plaintiffs reallege and incorporate by reference each and every allegation contained in paragraphs 1 through 50 above as if set forth fully herein.

102.     Plaintiff Patel brings this claim on behalf of himself individually.

103.     In 2004, Defendant Aggarwal provided Plaintiff Patel with a letter of employment promising him a managerial position at Baluchi's with a salary of $44,000, based on a 40 hour work week, 52 weeks per year.  Two copies of this letter of employment, one on the letter head of Defendant Gateway Foods, Inc. d/b/a/ Baluchi's, dated May 10, 2004, and the other on the letter head of Defendant Baluchi's, dated June 14, 2004, are attached hereto as Exhibit A.

104.     In 2004, Plaintiff Patel satisfied all conditions precedent to Defendants' performance pursuant to the letter of employment, including obtaining his permanent resident status in the United States on or around May 11, 2004.

105.     Although Plaintiff Patel continued to work at Baluchi's from 2004 to 2008, and typically worked 11 hour days, 11 shifts per week, and in excess of 60 hours per week, Defendant Aggarwal failed to pay Plaintiff Patel the promised salary and did not pay Mr. Patel as a salaried employee.  Instead, Defendants paid Mr. Patel either by the shift or a flat weekly rate, up to a maximum of $750 per week from 2004 to 2006, and a maximum of $770 per week from 2006 to 2008.  In 2008 alone, Mr. Patel's weekly rate of pay ranged from $500 to $770.

106.     Moreover, although Defendant Aggarwal promised Plaintiff Patel a managerial position at Baluchi's, in reality, Plaintiff Patel had no managerial authority.  Instead, all managerial and executive decisions were made by Defendant Aggarwal, and Plaintiff Patel's job responsibilities

24

were essentially that of a head waiter as set forth above in paragraph 8.

107. As a result of Defendant Aggarwal's failure to pay Plaintiff Patel the promised annual salary, and failure to provide Plaintiff Patel with the promised managerial position, Plaintiff Patel has been damaged.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray for judgment against Defendants as follows:

a.    a declaration that Defendants' conduct is in violation of the federal and New York State labor laws;

b.    compensatory damages, including back wages and tips owed;

c.    additional compensatory damages for Plaintiffs Taher, including front pay;

d.    liquidated damages;

e.    punitive damages;

f.    pre-judgment interest;

g.    attorneys' fees and costs;

h.    a right to trial by jury on those claims where jury trial is permitted; and

i.    any such further relief as may be just and proper.

Dated: September 26, 2011
     New York, New York

                                                 GISKAN SOLOTAROFF
                                                 ANDERSON & STEWART LLP

Catherine E. Anderson (CA 5129)
canderson@gslawny.com
Darnley D. Stewart (DS 0835)
dstewart@gslawny.com
11 Broadway, Suite 2150
New York, New York 10004
(212) 847-8315

*Counsel for Plaintiffs*

26