USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-7-11

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

GAUTAM PATEL, JALAL BHUIYAN,
CONRAD DSOUZA, VICTOR MONTEIRO,
SIMON MALDONADO, MOHAMMED FARID
UDDIN, FAYSAL ABEDIN, ABDUL ALI,
JAVIER SOBERAN PEREZ, MOHAMMED
TAHER, RAJINDER SINGH, HARJINDER
SINGH, JESUS MALDONADO, SANTIAGO
REYES, ANWAR HUSSAN MALIK,
MOHAMMED JAHANGIR ALAM, NEVILLE
PEREIRA, and ALFREDO ("PABLO JUNIOR")
MALDONADO,

                      Plaintiffs,

    - against -

BALUCHI'S INDIAN RESTAURANT, KRAJ
FOODS, INC., d/b/a/ BALUCHI'S, PARAMOUNT
FOODS, INC., d/b/a/ BALUCHI'S, GATEWAY
FOODS, INC, d/b /a/ BALUCHI'S, DOES 1-10,
d/b/a/ BALUCHI'S, RAKESH AGGARWAL,

                      Defendants.

------------------------------------------------------------------X

Case No. 08 Civ. 9985 (RJS)

**STIPULATION OF**
**SETTLEMENT AND ORDER**
**OF DISCONTINUANCE**

      **THIS NEGOTIATED STIPULATION OF SETTLEMENT AND ORDER OF DISCONTINUANCE** ("Settlement Agreement"), by and between the named and opt-in Plaintiffs, Guatam Patel, Faysal Abedin, Marco Aguilar, Medardo Eversito Andreu, Mohammed Jahangir Alam, Abdul Ali, Bosco Alphonso, Jalal Bhuiyan, Conrad Dsouza, Ali Hossain, Anwar Hussan Malik, Alfredo Maldonado, Jesus Maldonado, Simon Maldonado, Leovardo Guzman Mejia, Victor Monteiro, Pablo Olivares, Wenceslao Olivares, Neville Pereira, Javier Soberan Perez, Santiago Reyes, Eladio Franco Rodriguez, Harjinder Singh, Rajinder Singh, Ved Prakash Sharma, Mohammed Taher, Mohammed Farid Uddin, and Jeet Singh Bolla (hereinafter "Plaintiffs"), by and through their counsel Giskan Solotaroff Anderson & Stewart LLP, and Kraj Foods Inc., d/b/a Baluchi's, Paramount Foods Inc., d/b/a Baluchi's, Gateway Foods Inc., d/b/a Baluchi's and Rakesh Aggarwal (hereinafter "Defendants"), by and through their counsel Thompson Wigdor LLP, is executed as of the 4th day of November, 2011, and effective as of the date of the Court's approval of the same ("Effective Date"). The term "Employer" used herein shall include all of the Defendants, together with their predecessors,

1

successors and assigns, both jointly and severally. Employer and Plaintiffs may sometimes be referred to herein singularly as a "Party" or collectively as the "Parties."

**WHEREAS**, Plaintiffs currently work or previously worked for Employer;

**WHEREAS**, a dispute arose between Plaintiffs and Employer regarding compensation;

**WHEREAS**, Plaintiffs claim they are owed compensation relating to overtime, tip compensation, deductions, and minimum wage allegedly owed pursuant to the Fair Labor Standards Act ("FLSA") and the New York State labor laws ("NYLL") and Defendants deny these claims;

**WHEREAS**, Plaintiffs initiated a lawsuit against Employer in the Southern District of New York, such case being styled Guatam Patel, et al. v. Baluchi's Indian Restaurant, et al., Civil Action Case No. 08 Civ. 9985 (RJS) (hereinafter the "Lawsuit" or "Litigation") and Defendants filed Answers to the Complaint, First Amended Complaint, Second Amended Complaint, and Third Amended Complaint denying the allegations in these pleadings; and,

**WHEREAS**, Plaintiffs and the Employer wish to compromise and settle all of their respective claims against the other, including those relating to the Lawsuit without any admission of liability and wrongdoing and solely to avoid the costs of litigation; and

**WHEREAS**, Plaintiffs and Defendants understand and agree that neither the making of this Settlement Agreement nor anything contained herein shall, in any way, be construed or considered to be an admission by Defendants of guilt or noncompliance with any federal, state, or local statute, constitution, public policy, wage-hour law, wage-payment law, tort law, contract, common law, or of any other wrongdoing, unlawful conduct, liability or breach of any duty whatsoever;

**WHEREAS**, the parties to this Settlement Agreement, with full advice of counsel, freely and voluntarily enter into this Settlement Agreement in exchange for the promises contained herein that pertain to the parties; and

**WHEREAS**, for and in consideration of the mutual releases, covenants and undertakings hereinafter set forth, and for other good and valuable consideration, each party acknowledges the terms and implications of this Settlement Agreement having been explained to the parties by their respective counsel; now

**THEREFORE**, in consideration of this Settlement Agreement, the mutual promises contained herein, and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Plaintiffs and Employer hereby agree as follows:

I. **PAYMENT AND CONSIDERATION:**

   A. *Amount*: In consideration of the release and other obligations entered into by the Parties pursuant to this Settlement Agreement, the Employer agrees to issue the following payments, totaling Eight Hundred and Eighty Eight Thousand Dollars ($888,000.00) in full and final settlement of any and all claims Plaintiffs had or may have against Employer,

2

Employer's agents, representatives, shareholders, attorneys, executives and assigns, and Rakesh Aggarwal from the beginning of time to the date of execution of this Settlement Agreement including without limitation, all penalties, interest, liquidated damages, punitive damages, attorneys' fees, costs and expenses ("Settlement Amount") as specified below:

1. To each Plaintiff, the gross amount listed below, less any applicable normal and appropriate payroll withholding deductions, as set forth further below:

    a. Faysal Abedin              $21,000
    b. Marco Aguilar              $31,000
    c. Medardo Eversito Andreu    $16,000
    d. Mohammed Jahangir Alam     $16,000
    e. Abdul Ali                  $16,000
    f. Bosco Alphonso             $21,000
    g. Jalal Bhuiyan              $21,000
    h. Conrad Dsouza              $31,000
    i. Ali Hossain                $11,000
    j. Anwar Hussan Malik         $21,000
    k. Alfredo Maldonado          $16,000
    l. Jesus Maldonado            $36,000
    m. Simon Maldonado            $51,000
    n. Leovardo Guzman Mejia      $16,000
    o. Victor Monteiro            $51,000
    p. Pablo Olivares             $36,000
    q. Wenceslao Olivares         $21,000
    r. Guatam Patel               $51,000
    s. Neville Pereira            $41,000
    t. Javier Soberan Perez       $21,000
    u. Santiago Reyes             $36,000

|    |                        |          |
|----|------------------------|----------|
| v. | Eladio Franco Rodriguez | $16,000 |
| w. | Harjinder Singh        | $11,000  |
| x. | Rajinder Singh         | $26,000  |
| y. | Ved Prakash Sharma     | $26,000  |
| z. | Mohammed Taher         | $31,000  |
| aa. | Mohammed Farid Uddin  | $16,000  |
| bb. | Jeet Singh Bolla      | $11,000  |

    2. As attorneys' fees and costs to the firm of Giskan Solotaroff Anderson & Stewart LLP, the amount of One Hundred and Seventy Thousand Dollars ($170,000.00); and

**B. *Timing.*** Plaintiffs and their attorneys will receive the sum total payment of the above amounts in five (5) installments, once every six months, commencing within six months of the Effective Date.

**C. *Apportionment.*** All distributions to Plaintiffs not apportioned as attorneys' fees will be allocated 50% to wages and 50% to alleged punitive and liquidated damages.

    1. The portions allocated as wages shall be subject to applicable payroll deductions for which Defendants will issue a W-2 to each Plaintiff for alleged back wages.

    2. Any amount apportioned and designated as attorneys' fees and costs, or allocated as alleged punitive and liquidated damages, shall be subject to a 1099.

**D.** In addition to the above, and in further consideration of this Settlement Agreement and the Parties' prior settlement agreement, which Plaintiffs acknowledge is good and valid consideration, Defendants agree to pay the reasonable costs of A.B. Data, LTD., for their prior service as class action administrator, which total to date no more than Thirty One Thousand Nine Hundred Twenty Six Dollars and Thirty Eight Cents ($31,926.38).

**E. *No Tax Representation.*** In issuing the above checks, Defendants and/or their counsel make no representation to Plaintiffs or any other person as to whether the above amounts are subject to either state, federal or other taxation.

**F. *Delivery.*** All checks shall be sent to: Giskan Solotaroff Anderson & Stewart LLP, 11 Broadway, Suite 2150, New York, NY 10004; Attn: Catherine E. Anderson.

## II. ADDITIONAL NON-ECONOMIC CONSIDERATION BY THE PARTIES:

A. *General Releases*- Plaintiffs agree to execute general releases in the form annexed hereto in return for the consideration provided in this Settlement Agreement, which consideration is acknowledged by each party to this Settlement Agreement as good and adequate.

B. *No Actions Pending*- In addition to waiving and releasing all claims covered by this Settlement Agreement, Plaintiffs affirm that they have not instituted any charge, complaint, suit, action, allegation, claim and/or proceeding against Defendant in any other form or forum that is currently pending other than the Lawsuit, including but not limited to, before the United States Equal Employment Opportunity Commission, New York State Division of Human Rights and/or New York City Commission on Human Rights.

C. *Costs*- Each party shall bear its own attorneys' fees, costs and disbursements, including the costs and attorneys' fees incurred in this litigation, and there shall be no application to any Court by any party or by his or its attorneys for attorneys' fees, costs and/or disbursements, except as previously paid or as provided for in this Settlement Agreement.

D. *No Solicitation of Litigation*- Plaintiffs agree never to induce, encourage, solicit, assist with and/or abet others to sue or bring a proceeding of any nature pursuant to the FLSA and/or NYLL against Defendants and/or any other Releasees (as defined below), unless specifically subpoenaed or otherwise required by a court or other forum of competent jurisdiction or other mandatory legal process to appear   To the extent any such action or proceeding may be brought with respect to any alleged acts or omissions prior to Plaintiffs' execution of this Agreement, Plaintiffs expressly waives any claim to any form of monetary or other damages or any other form of recovery or relief in connection with any such action or proceeding

E. The firm of Giskan Solotaroff Anderson & Stewart LLP and their partners acknowledge that they presently have no other clients employed or formerly employed by Defendants.

F. The Plaintiffs agree that they will not engage in any conduct or communications designed to disparage the Defendants.  Defendants also agree that they will not engage in any conduct or communications designed to disparage the Plaintiffs.

III. <u>DISMISSAL OF ACTION</u> - Plaintiffs agree to the dismissal of the Lawsuit with prejudice and without costs or attorneys' fees for either party as against the other, subject only to Defendants' satisfaction of all their obligations under this Settlement Agreement, for which the Court in which the Lawsuit was brought shall retain jurisdiction.

## IV. RELEASE

A. Upon the approval by the Court of this Stipulation of Settlement and Order of Discontinuance, and except as to such rights or claims as may be created by this Settlement Agreement, each Plaintiff, on his or her behalf, and on behalf of his or her respective current, former and future heirs, spouses, executors, administrators, agents, and attorneys, agrees and hereby irrevocably and unconditionally waives and forever discharges Defendants, including Rakesh Aggarwal, and Defendants' present and former parent companies, subsidiaries, related or affiliated companies, shareholders, officers, directors, employees, members, managers, co-joint venture, employees, fiduciaries, trustees, employee benefit plan administrators, agents, attorneys, insurers, successors and assigns, and all persons or entities acting by, through, under or in concert with any of them, and any individual or entity which could be jointly liable with any of them ("Releasees"), from any claims for unpaid wages, tips, compensation, overtime pay, failure to maintain and furnish employees with proper wage records and all other claims that were or could have been asserted in this Lawsuit, whether known or unknown, under state wage and hour laws, through the date this Settlement Agreement is executed, including all NYLL claims for misappropriated tips, unpaid wages, interest, liquidated damages, and attorneys' fees and costs related to such claims. In addition, Plaintiffs forever and fully release Releasees from all FLSA claims that were or could have been asserted in this Lawsuit, whether known or unknown, through the date this Settlement Agreement is executed, including all FLSA claims for unpaid minimum wages, liquidated damages, and attorneys' fees and costs related to such claims.

B. By executing this Settlement Agreement, all Plaintiffs also agree and hereby irrevocably and unconditionally waive and forever discharge Releasees from any and all claims, rights, demands, liabilities and causes of action of every nature and description, whether known or unknown, through the date this Settlement Agreement is executed, under federal, state or local law, statute, ordinance, regulation, the common law or other source of law, including, but not limited to, claims to enforce rights provided by the NYLL, the FLSA, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq., 42 U.S.C. § 1981, the Americans with Disabilities Act, 42 U.S.C. § 12101, the Family Medical Leave Act, 29 U.S.C. § 2601, the Employee Retirement Income Security Act,, 29 U.S.C. § 1001, et seq., the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq., the National Labor Relations Act, 29 U.S.C. § 151, et seq., and their implementing regulations, regardless of whether such claims sound in contract, tort, or statute, or seek legal or equitable relief.

C. Prior to the first payment, as set forth in paragraph I.B above, each Plaintiff shall execute a General Release in conformity with paragraphs IV.A and IV.B above.

D. If Plaintiffs or their attorneys or anyone else acting on behalf of Plaintiffs files or causes to be filed a claim, charge, or lawsuit against any of the Releasees with any governmental agency, court, or other forum concerning, in whole or in part, any claim that has been released herein, as of the date of this Settlement Agreement, Plaintiffs may be liable to that party for monetary damages. This Settlement Agreement shall be a complete defense to any such claim, charge, or lawsuit.

## V. MISCELLANEOUS:

A. *Governing Law & Jurisdiction.* This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York. The Southern District of New York shall maintain jurisdiction over this action for the duration of the payment period set forth in this Settlement Agreement and any subsequent collections efforts by Plaintiffs and/or their counsel should Defendants fail to make timely payments in accordance with this Settlement Agreement. In addition, should Defendants fail to make payment in accordance with this Settlement Agreement, Plaintiffs, at their option, may reinstate the action rather than proceed with collection efforts. Should Plaintiffs pursue collections after obtaining a default judgment, they are entitled to seek attorney's fees and 15% interest on any judgment in accordance with the New York Labor Law, Section 198.

B. In the event that one or more parties to this Settlement Agreement institutes a legal action or other proceeding against any other party or parties to enforce the provisions of this Settlement Agreement or to declare rights and/or obligations under Settlement Agreement, the successful party or parties shall be entitled to recover from the unsuccessful party or parties reasonable attorneys' fees, costs, and/or any other remedies permitted by law.

C. *Effective Date.* This Settlement Agreement shall be effective and enforceable upon the date that this Stipulation of Settlement and Order of Discontinuance is reviewed, approved, and "so ordered" by this Court. The parties acknowledge that upon execution of this Settlement Agreement by Plaintiffs and Employer, it will be binding upon the Plaintiffs and Employer and is irrevocable while the Court's approval is pending.

D. *Entire Agreement.* This writing is intended by the Parties as a final, complete, and exclusive statement of the terms of their understanding and shall supersede all prior negotiations, communications, agreements, or understandings of any nature whatsoever. If there is any conflicting language between this Settlement Agreement and any prior document, this document governs. This Settlement Agreement fully supersedes any prior agreements or understandings between Plaintiffs and Defendants. The parties acknowledge that they have not relied on any representations, promises or agreements of any kind made in connection with their decision to sign this Settlement Agreement, except for those set forth in this Settlement Agreement.

E. *Severability.* Each provision of this Settlement Agreement is intended to be severable. In the event a portion of this Settlement Agreement is held to be legally invalid by a competent court of law, the invalid portion shall be stricken and all other obligations shall remain valid and mutually binding on the parties and not be affected thereby.

7

F. *No Admission of Liability*. It is understood and agreed that this Settlement Agreement, any consideration given or accepted in connection with it, and the covenants made in it are all made, given, and accepted in settlement and compromise of disputed claims and are not an admission of wrongdoing or liability by any of the Defendants. Defendants make the above payments solely to avoid the continued costs and risks of litigation.

G. In the event that the Court does not approve and "so order" this Stipulation of Settlement and Order of Discontinuance, the Settlement Agreement shall be deemed null and void *ab initio*; shall be of no force or effect whatsoever; and shall not be referred to or utilized for any purpose whatsoever. The negotiation, terms and entry of the Settlement Agreement shall remain subject to the provisions of Federal Rule of Evidence 408 and any similar or analogous federal or state laws or rules. If the Settlement Agreement is deemed void or the Settlement Effective Date does not occur, Defendants do not waive, and expressly reserve, their rights to challenge any and all of the claims and allegations in this Lawsuit on any procedural, legal or factual grounds and to assert any potential defense or privilege.

H. *Right to Rescission*: In the event that the Court does not approve and "so order" the Stipulation of Settlement and Order of Discontinuance, and the basis for the Court's disapproval of the Settlement Agreement does not involve a material term of this Settlement Agreement, the Parties shall make good faith efforts to modify this Settlement Agreement so as to gain the Court's approval. In the event that the Court issues an order approving the Settlement in a form materially different from this Settlement Agreement, the Parties shall each have ten (10) days to withdraw from the Settlement, which may be exercised immediately upon submission of written notice to the other Party and filing with the Court. If either Party chooses to exercise the right to withdraw as set forth in this paragraph, the Settlement Agreement shall be null and void for all purposes, and the Parties shall be restored, without prejudice, to their respective pre-settlement litigation positions.

I. *Taxes*. Plaintiffs agree to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Plaintiffs further agree to indemnify and hold the Employer harmless from any claims, demands, deficiencies, levies, assessments, executions, judgments or recoveries by any government entity against the Employer for any amounts claimed due on account of this Settlement Agreement or pursuant to claims made under any federal or state tax laws, and any costs, expenses or damages sustained by the Employer by reason of any such claims, including any amounts paid by Employer as taxes, reasonable attorneys' fees, deficiencies, levies, assessments, fines, penalties, interest or otherwise. Plaintiffs agree that the signing of this Settlement Agreement confirms that they have received no tax advice from Defendants or their counsel regarding these payments or any other matter and that they should speak to their accountant regarding any tax advice they require relating to this Settlement Agreement and lawsuit.

J. *Knowing And Voluntary Waiver And Release*: The Parties hereto acknowledge that they are entering into this Settlement Agreement freely and voluntarily; that all Parties have read each page of this Settlement Agreement carefully before signing same; that all Parties have ascertained and weighed all the facts and circumstances likely to influence their judgment herein; that each Party has had the opportunity to be represented by its/his own counsel; that all the provisions hereof, as well as all questions pertaining thereto, have been fully and satisfactorily explained to each Party; that each Party has given due consideration to such provisions and finds them to be in their respective best interests; and, that each Party clearly understands and assents to all the provisions hereof.

K. *Representations*. As part of this consideration for the conditions of the settlement as set forth above, the signatories expressly warrant and represent that (a) they are legally competent to execute this Settlement Agreement; (b) they have full and complete authority to execute this Settlement Agreement; (c) each person executing this Settlement Agreement on behalf of a Party has been fully authorized to do so on behalf of such Party; and (d) such Party is bound by the signature of such representative.

L. *Modification*. This Settlement Agreement can only be modified in a writing signed by all Parties or their duly authorized agents in accordance with New York law.

M. *Interpretation*. Though one Party or its representatives may have drafted this Settlement Agreement, it shall be interpreted fairly, reasonably, and not more strongly against one Party than the other.

N. *Additional Documents and Responsibilities*. The Parties agree that they will at any time and from time to time as requested, execute and deliver all further instruments and documents without any charge whatsoever, and take all further action that may be necessary, to effectuate the intent of this Settlement Agreement and to dismiss the case in its entirety, with prejudice, and with each side bearing their own costs and attorneys' fees and to not recommence any lawsuit regarding wages, hours, alleged tip confiscation or other claims in this action, or commence any lawsuit regarding any claims waived and released pursuant to this Settlement Agreement, through the date of this Settlement Agreement; provided, however, that no such instruments or documents shall vary the terms of this Settlement Agreement, especially to impose any additional costs, expenses, or obligations on any party.

O. *Binding Agreement*. This Settlement Agreement shall inure to the benefit of and be binding upon each of the undersigned Parties and upon their respective successors, assigns, heirs, administrators, executors, representatives, and trustees.

P. *Counterparts and Facsimile Signatures*. This Settlement Agreement may be executed in multiple counterparts, each of which shall be deemed an original, and may be enforced as such. The Parties agree that a facsimile or scanned signature shall have the same force and effect as an original signature and that this Settlement Agreement may be executed in counterparts by facsimile or Adobe PDF attachments to emails.

**Q.** *Headings*. Headings used in this Settlement Agreement are for convenience only and shall not be used in connection with the interpretation of any provision hereof.

**R.** *Defined Terms*. Capitalized terms used in this Settlement Agreement shall have the meanings ascribed to them at the point where first defined, irrespective of where their use occurs, with the same effect as if the definitions of such terms were set forth in full and at length every time such terms are used.

**S.** *Pronouns*. Wherever appropriate in this Settlement Agreement, personal pronouns shall be deemed to include the other gender and the singular to include the plural.

**T.** PLAINTIFFS ARE HEREBY ADVISED IN WRITING THAT THEY ARE AFFORDED TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS SETTLEMENT AGREEMENT. PLAINTIFFS ARE ALSO ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EXECUTION OF THIS SETTLEMENT AGREEMENT, WHICH THEY AGREE THAT THEY HAVE DONE BY CONSULTING WITH THEIR ATTORNEYS AT GISKAN SOLOTAROFF ANDERSON & STEWART LLP.

A PLAINTIFF MAY REVOKE HIS OR HER AGREEMENT FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY HE OR SHE SIGNS THIS SETTLEMENT AGREEMENT. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO BASIL C. SITARAS, THOMPSON WIGDOR LLP, 85 FIFTH AVENUE, NEW YORK, NY 10003, AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR NEGOTIATED SETTLEMENT AGREEMENT AND GENERAL RELEASE." THE REVOCATION MUST BE PERSONALLY DELIVERED TO BASIL C. SITARAS OR MAILED TO BASIL C. SITARAS AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER PLAINTIFFS SIGN THIS SETTLEMENT AGREEMENT.

PLAINTIFFS AGREE THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS SETTLEMENT AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT, TO FULFILL THE PROMISES SET FORTH HEREIN THAT PERTAIN TO PLAINTIFFS, AND TO RECEIVE THEREBY THE CONSIDERATION SET FORTH HEREIN, PLAINTIFFS FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH THEIR ATTORNEYS AT GISKAN SOLOTAROFF ANDERSON & STEWART LLP, ENTER INTO THIS SETTLEMENT AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE OR SHE HAS OR MIGHT HAVE AGAINST RELEASEES.

Dated: New York, New York
November 4, 2011

GISKAN SOLOTAROFF ANDERSON & STEWART LLP

By: *Catherine Anderson*
Catherine Anderson
Darnley Stewart

11 Broadway, Suite 2150
New York, NY 10004
(212) 847-8315
canderson@gslawny.com
dstewart@gslawny.com

Attorneys for Plaintiffs

THOMPSON WIGDOR LLP

By: *Kenneth P. Thompson*
Kenneth P. Thompson
Basil C. Sitaras

85 Fifth Avenue, Fifth Floor
New York, NY 10003
212-257-6800
kthompson@thompsonwigdor.com
bsitaras@thompsonwigdor.com

Attorneys for Defendants

FOR DEFENDANTS
By: *Rakesh Aggarwal*
Rakesh Aggarwal

I have reviewed and find fair and reasonable the above settlement.

SO ORDERED: *signature*
Honorable Richard J. Sullivan, U.S.D.J.
12/7/11

11

# EXHIBIT A

## RELEASE OF THE OPT-IN PLAINTIFFS

In exchange for the sum of _____, as set forth in the Stipulation of Settlement and Order of Discontinuance ("Settlement Agreement"), dated November 4, 2011, and endorsed by the Court on _____, I hereby forever and fully release Defendants Baluchi's Indian Restaurant, Kraj Foods, Inc. d/b/a/ Baluchi's, Paramount Foods, Inc., d/b/a/ Baluchi's, Gateway Foods, Inc., d/b/a/ Baluchi's, Does 1-10, d/b/a/ Baluchi's and Rakesh Aggarwal, and all of their respective affiliates, successors and assigns, including without limitation any parents and subsidiaries, affiliated entities, predecessors and joint ventures, and any of their past or present officers, employees, partners, members, directors, principals, shareholders, attorneys, personal or legal representatives, and agents ("Releasees"), from any and all claims, actions, causes of action, rights or liabilities of every nature or description, whether known or unknown, arising or accruing at any time up to and including the date on which I sign this release, including but not limited to those brought in, based on, arising out of, or in any way relating or pertaining to the action *Patel, et al. v. Baluchi's Indian Restaurant, et al., 08 CIV 9985 (RJS)(THK)*.

I represent and warrant that (i) I have not filed any complaints, charges or claims against the Releasees in any other local, state or federal agency or court, or any other forum; (ii) I have not assigned my rights to any other person or entity and have complete capacity to fully and finally waive and release all of my rights above; and (iii) I have been advised by competent attorneys in connection with this release, fully understand its terms and content, and am signing it freely, voluntarily, without coercion and with an intent to be bound.

If I do not receive the full amount set forth herein pursuant to the payment plan, I may, at my option, declare my release null and void and continue to pursue all rights and remedies against Defendants at law and in equity.

Name: _____

Signature: _____

Dated: _____